Alan A. Ahdoot, Esq. (State Bar No. 238594)
Christopher B. Adamson, Esq. (State Bar No. 238500)
Federico C. Sayre, Esq. (State Bar No. 67420)
**ADAMSON AHDOOT LLP**
1150 S. Robertson Blvd.
Los Angeles, California 90035
T: (310) 888-0024
F: (888) 895-4665
E: alan@aa-llp.com
E: christopher@aa-llp.com
E: federico@aa-llp.com

Attorneys for Plaintiffs
JAZMINE LUCILLE MORENO, E.A.O., a minor, by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO, D.O. III, a minor, by and through his Guardian Ad Litem, JAZMINE LUCILLE MORENO, E.A.O., a minor, by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO, DAVID ORDAZ MORENO, EDELMIRA RAMIREZ, LEONEL ORDAZ, ROBERT ORDAZ, HILDA PEDROZA, GABRIELA HERNANDEZ, MARIA MADERA, JUAN PEDROZA JR., and THE ESTATE OF DAVID ORDAZ JR, by and through its successor-In-Interest, JAZMINE LUCILLE MORENO

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAZMINE LUCILLE MORENO, E.A.O., a minor, by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO, D.O. III, a minor, by and through his Guardian Ad Litem, JAZMINE LUCILLE MORENO, E.A.O., a minor, by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO, DAVID ORDAZ MORENO, EDELMIRA RAMIREZ, LEONEL ORDAZ, ROBERT ORDAZ, HILDA PEDROZA, GABRIELA HERNANDEZ, MARIA MADERA, JUAN PEDROZA JR., and THE ESTATE OF DAVID ORDAZ JR, by and through its successor in interest, JAZMINE LUCILLE MORENO<br><br>        Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity, REMIN PINEDA, an individual; EDWIN NAVARRETE, an individual; JAIME ROMERO, an individual; | Case No.: 2:21:CV-6062<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **NEGLIGENCE – WRONGFUL DEATH ACTION;**<br>2. **NEGLIGENCE – SURVIVAL ACTION;**<br>3. **NEGLIGENCE – INFLICTION OF EMOTIONAL DISTRESS ACTION;**<br>4. **VIOLATION OF TITLE 42 § 1983, 1988;**<br>5. **VIOLATION OF CALIFORNIA CIVIL CODE §51.7 "THE RALPH ACT"**<br><br>**PLAINTIFFS REQUESTS TRIAL BY JURY** |

NATHANIEL TRUJILLO; an individual;
and DOES 1 through 50, inclusive,

    Defendants.

**DEMAND IS ABOVE $75,000.00**

## JURISDICTION

1.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 (federal question) and § 1343(3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

## VENUE

2.    Plaintiff's claims herein arise out of an incident involving a Deputy Sheriff's of the county of Los Angeles, which incident occurred in the county of Los Angeles in the state of California and within this judicial district.

## PARTIES

3.    Plaintiffs, JAZMINE LUCILLE MORENO, E.A.O., a minor, by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO, D.O. III, a minor, by and through his Guardian Ad Litem, JAZMINE LUCILLE MORENO, E.A.O., a minor, by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO, DAVID ORDAZ MORENO, EDELMIRA RAMIREZ, LEONEL ORDAZ, ROBERT ORDAZ, HILDA PEDROZA, GABRIELA HERNANDEZ, MARIA MADERA, JUAN PEDROZA JR. and THE ESTATE OF DAVID ORDAZ JR, by and through its successor in interest, JAZMINE LUCILLE MORENO.

4.    Defendants COUNTY OF LOS ANGELES, a public entity, REMIN PINEDA, an individual; EDWIN NAVARRETE, an individual; JAIME ROMERO, an individual; NATHANIEL TRUJILLO.

## STATEMENT OF FACTS

5.    The claims set forth herein arise from the death of DAVID ORDAZ JR., (hereinafter "DECEDENT") which occurred on March 14, 2021, in Los

Angeles County within the Central district of the Federal District Court, State of California, (hereinafter referred to as the "SUBJECT INCIDENT").

6.      At all times mentioned herein, PLAINTIFFS were, and are, residing in the County of Los Angeles, California. PLAINTIFFS bring this lawsuit as the successor in interest and survivor of DAVID ORDAZ JR., deceased, under Code of Civil Procedure 377.30.

7.      DECEDENT'S death occurred in front of the family residence located at 168 N. Rowan, Los Angeles, California 90063, Los Angeles County within the Los Angeles Superior Court judicial district, and therefore the proper Court in which to bring this action, pursuant to 28 U.S.C. Sec 1391(b); 42 U.S.D. Sec 2000(e) - 5(4)(3).

8.      DEFENDANT LOS ANGELES at all times herein relevant, is a public entity duly organized and existing under and by virtue of laws of the State of California and authorized to do and is doing business in the State of California.

9.      PLAINTIFFS are informed, believe, and thereon allege, that each of the DEFENDANTS is a member of the Los Angeles County Sheriff Department who were involved in the shooting and wrongful death of David Ordaz Jr., Decedent.

10.      PLAINTIFFS are informed, believes, and thereon allege, that DEFENDANT PINEDA is the Sheriff of Los Angeles County who has a statutory duty and is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a).

11.      PLAINTIFFS are informed, believes, and thereon allege, that DEFENDANT NAVARRETE is a member of the Sheriff's Department of Los Angeles County who has a statutory duty and is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a).

12.      PLAINTIFFS are informed, believes, and thereon allege, that

DEFENDANT ROMERO is a member of the Sheriff's Department of Los Angeles County who has a statutory duty and is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a).

13.    PLAINTIFFS are informed, believes, and thereon allege, that DEFENDANT TRUJILLO is a member of the Sheriff's Department of Los Angeles County who has a statutory duty and is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a).

14.    PLAINTIFFS is informed, believes, and thereon alleges, that DEFENDANTS and/or DOES 1-50, and each of them, have a statutory duty and are statutorily liable for injury caused by their act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a).

15.    The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1-50, inclusive, are unknown to PLAINTIFFS, who therefore sue said DEFENDANTS by such fictitious names. The full extent of the facts linking such fictitiously sued DEFENDANTS are unknown to PLAINTIFFS. PLAINTIFFS is informed, believes, and thereon alleges that each of the DEFENDANTS designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the described injuries and damages to DECEDENT. PLAINTIFFS will seek leave of the Court to amend this Complaint to show the DEFENDANTS' true names and capacities after the same have been ascertained.

16.    PLAINTIFFS are informed, believes, and thereon allege that at all times relevant and mentioned herein, DEFENDANTS and/or DOES 1-50, and each of them, were the agents, servants, employees, and/or successors in interest, and/or joint venturers of their co-defendants, and each of them was acting within the course,

scope, and authority of said agency, employment, and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other defendant as an agent, employee and/or joint venturer. Further, that each said defendant, while acting as a principal, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by their co-defendants, as alleged. PLAINTIFF is informed, believes, and thereon alleges that said fictitiously named DEFENDANTS and/or DOES 1-50, and each of them, engaged in the same or similar conduct as DEFENDANTS and/or DOES 1-50, thereby proximately causing DECEDENT'S fatal injuries and damages as set forth herein, either through the said fictitious DEFENDANTS' own negligent conduct or through the conduct of agents, servants, or employees, or due to their ownership, rental, use, or maintenance of the property operated by DEFENDANT LOS ANGELES.

17.    PLAINTIFFS are informed and believe, and thereon allege, that pursuant to California Government Code §§ 815.2, 815.4, and 820(a), DEFENDANTS and/or DOES 1-50, and each of them, are vicariously liable for the action and omissions of their employees, agents, and/or independent contractors.

18.    On March 14, 2021, the DECEDENT, DAVID ORDAZ JR., was confronted by DEFENDANTS who used unnecessary and lethal force to unjustifiably kill DAVID ORDAZ JR., DECEDENT. The Sheriffs deputies alleged the reason they used lethal force was because DECEDENT, DAVID ORDAZ JR., launched at them with a knife; however, the video shows that DECEDENT, DAVID ORDAZ JR., after being hit with non-lethal rounds turned to flee down the sidewalk and did not launch at the Sheriff's Deputies. In fact, the coroners report shows that all of the bullets except two, struck him on the back and on the side and the final bullet as visualized in the video shows a helpless DAVID ORDAZ JR., looking up from the pavement without any weapon, and the killing shot was fired into his chest.

19.    On March 14, 2021, DAVID ORDAZ JR., DECEDENT, was not in his

right mind and required special attention and handling to avoid injury. Such special attention and handling were not provided by DEFENDANTS, and instead DEFENDANTS used unjustifiable lethal force causing the death of DAVID ORDAZ JR., DECEDENT.

20.     At said time and place, DEFENDANTS and/or DOES 1-50, and each of them, had a duty to exercise reasonable care in the apprehension and detention of DECEDENT DAVID ORDAZ JR., who was not in his right mind. Despite these duties, DEFENDANTS, and/or DOES 1-50, and each of them, negligently, recklessly, and carelessly managed, maintained, operated, controlled, and supervised the apprehension of DAVID ORDAZ JR., DECEDENT, so as to directly and proximately cause the death of the DECEDENT DAVID ORDAZ JR., and PLAINTIFFS damages alleged herein.

21.     PLAINTIFFS are informed, believe, and thereon allege, that at all times herein relevant, DEFENDANT PINEDA was employed by DEFENDANTS and/or DOES 1-50, and was, at all times herein relevant, acting within the scope of his duties for DEFENDANTS. PLAINTIFFS are informed, believe, and thereon allege, that DEFENDANT PINEDA failed in his duty to apprehend DECEDENT safely without using unjustifiable lethal force.

22.     PLAINTIFFS are informed, believe, and thereon allege, that at all times herein relevant, DEFENDANT NAVARRETE was employed by DEFENDANTS and/or DOES 1-50, and was, at all times herein relevant, acting within the scope of his duties for DEFENDANTS. PLAINTIFFS are informed, believe, and thereon allege, that DEFENDANT NAVARRETE failed in his duty to apprehend DECEDENT safely without using unjustifiable lethal force.

23.     PLAINTIFFS are informed, believe, and thereon allege, that at all times herein relevant, DEFENDANT ROMERO was employed by DEFENDANTS and/or DOES 1-50, and was, at all times herein relevant, acting within the scope of his duties for DEFENDANTS. PLAINTIFFS are informed, believe, and thereon allege,

that DEFENDANT ROMERO failed in his duty to apprehend DECEDENT safely without using unjustifiable lethal force.

24.     PLAINTIFFS are informed, believe, and thereon allege, that at all times herein relevant, DEFENDANT TRUJILLO was employed by DEFENDANTS and/or DOES 1-50, and was, at all times herein relevant, acting within the scope of his duties for DEFENDANTS.  PLAINTIFFS are informed, believe, and thereon allege, that DEFENDANT TRUJILLO failed in his duty to apprehend DECEDENT safely without using unjustifiable lethal force.

25.     As a result of the SUBJECT INCIDENT, DECEDENT suffered severe, traumatic, debilitating, and ultimately fatal injuries that necessitated significant medical care and resulted in his death.

26.     On or about April 15, 2021, prior to the filing of this Complaint, and pursuant to the provisions of Government Code section 910, et seq., PLAINTIFFS timely, properly, and duly submitted to DEFENDANT LOS ANGELES a claim for the injuries and damages set forth herein on account of the events described herein. Attached as Exhibit "A" is a true and correct copy of PLAINTIFFS' claim form. On June 9, 2021, DEFENDANT LOS ANGELES sent correspondence rejecting PLAINTIFFS' claim. Attached as Exhibit "B" is a true and correct copy of DEFENDANT LOS ANGELES' correspondence.

27.     On or about May 24, 2021, prior to the filing of this Complaint, and pursuant to the provisions of Government Code section 910, et seq., PLAINTIFFS timely, properly, and duly submitted to DEFENDANT LOS ANGELES an amended claim for the injuries and damages set forth herein on account of the events described herein. Attached as Exhibit "C" is a true and correct copy of PLAINTIFFS' claim form. On June 7, 2021, DEFENDANT LOS ANGELES sent correspondence rejecting PLAINTIFFS' claim. Attached as Exhibit "D" is a true and correct copy of DEFENDANT LOS ANGELES' correspondence.

## FIRST CAUSE OF ACTION

## **NEGLIGENCE – WRONGFUL DEATH**

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-50)

28.     PLAINTIFFS re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

29.     PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned, DEFENDANT PINEDA was an employee and/or agent acting within the scope of that agency or employment or servility of DEFENDANTS and/or DOES 1-50.

30.     PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned, DEFENDANT NAVARRETE was an employee and/or agent acting within the scope of that agency or employment or servility of DEFENDANTS and/or DOES 1-50.

31.     PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned, DEFENDANT ROMERO was an employee and/or agent acting within the scope of that agency or employment or servility of DEFENDANTS and/or DOES 1-50.

32.     PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned, DEFENDANT TRUJILLO was an employee and/or agent acting within the scope of that agency or employment or servility of DEFENDANTS and/or DOES 1-50.

33.     PLAINTIFFS are informed and believe, and thereon allege, that on and prior to March 14, 2021, DEFENDANTS and/or DOES 1-50, and each of them, owed a duty of reasonable care to DECEDENT, and DEFENDANTS and/or DOES 1-50, breached that duty when they failed to act in an adequate and reasonable manner.

34.     PLAINTIFFS are informed, believe, and thereon allege that, at all times relevant and mentioned herein, DEFENDANTS and/or DOES 1-50, and each of them, owed a duty of care to all reasonably foreseeable people, including

DECEDENT, to apprehend DECEDENT without unjustifiable lethal force.

35.    PLAINTIFFS are informed, believe, and thereon allege that, at all times relevant and mentioned herein, DEFENDANTS and/or DOES 1-50, and each of them, carelessly and negligently managed, the apprehension of DECEDENT, so as to legally, directly, and proximately cause the SUBJECT INCIDENT.

36.    PLAINTIFFS are informed, believe, and thereon allege that DEFENDANTS and/or DOES 1-50, and each of them, breached their duty to control and apprehend DECEDENT, thereby causing DECEDENT'S death and damages to PLAINTIFFFS.

37.    PLAINTIFFS are informed, believe, and thereon allege, that DEFENDANTS and/or DOES 1-50, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

38.    PLAINTIFFS is informed, believe, and thereon allege, that at all times mentioned herein, DEFENDANTS and/or DOES 1-50, and each of them, carelessly and negligently managed, controlled, and apprehended DECEDENT with unjustifiable lethal force so as to legally and proximately causing DECEDENT'S untimely death and damages to PLAINTIFFS.

39.    More specifically, PLAINTIFF is informed, believes, and thereon alleges that, at all times relevant and mentioned herein, DEFENDANT PINEDA carelessly and negligently apprehended DECEDENT with unjustifiable lethal force.

40.    More specifically, PLAINTIFF is informed, believes, and thereon alleges that, at all times relevant and mentioned herein, DEFENDANT NAVARRETE carelessly and negligently apprehended DECEDENT with unjustifiable lethal force.

41.    More specifically, PLAINTIFF is informed, believes, and thereon alleges that, at all times relevant and mentioned herein, DEFENDANT ROMERO carelessly and negligently apprehended DECEDENT with unjustifiable lethal force.

42.    More specifically, PLAINTIFF is informed, believes, and thereon alleges that, at all times relevant and mentioned herein, DEFENDANT TRUJILLO carelessly and negligently apprehended DECEDENT with unjustifiable lethal force.

43.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered severe, traumatic, irreparable injuries to his body, nervous system, and person, all of which said injuries ultimately caused DECEDENT'S death on March 14, 2021.

44.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JAZMINE LUCILLE MORENO lost the life of her domestic partner and sustained damages in an amount that will be stated according to proof.

45.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EMILY ALYSSA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of her father and sustained damages in an amount that will be stated according to proof.

46.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF ERIAL ANDREA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of her father and sustained damages in an amount that will be stated according to proof.

47.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ III by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of his father and sustained damages in an amount that will

be stated according to proof.

48.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ MORENO lost the life of his son and sustained damages in an amount that will be stated according to proof.

49.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EDELMIRA RAMIREZ lost the life of her son and sustained damages in an amount that will be stated according to proof.

50.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF LEONEL ORDAZ lost the life of his brother and sustained damages in an amount that will be stated according to proof.

51.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF ROBER ORDAZ lost the life of his brother and sustained damages in an amount that will be stated according to proof.

52.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF HILDA PEDROZA lost the life of her brother and sustained damages in an amount that will be stated according to proof.

53.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF GABRIELA HERNANDEZ lost the life of her brother and sustained damages in an amount that will be stated according to proof.

54.    As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JUAN PEDROZA JR., lost the life of his uncle and sustained damages in an amount that

will be stated according to proof.

55.     As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFFS have sustained and are entitled to recover damages pursuant to California Code of Civil Procedure Section 377.60 et seq. and based upon all other applicable statutes and case law, including but not limited to pecuniary losses, losses of support, services, parental and filial training, education, love, assistance, protection, care, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

56.     PLAINTIFFS have been deprived of, among many others, (1) the value of lost financial and other support that DECEDENT would have contributed to his family and estate during his lifetime, (2) the value of the gifts and benefits that he would have bestowed upon PLAINTIFFS and that PLAINTIFFS reasonably expected to receive from him, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

## SECOND CAUSE OF ACTION

## NEGLIGENCE – SURVIVAL ACTION

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-50)

57.     PLAINTIFFS re-allege and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

58.     As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT was required to and did employ physicians and surgeons for medical examinations, treatment, and care of his injuries and did incur medical and incidental expenses in an amount to be ascertained.

59.     As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT was unable to attend to his usual occupation and has been damaged in a sum to be

determined.

60.    As a result of the foregoing, PLAINTIFFS, as the heirs of DECEDENT and as his successors in interest, hereby assert a survivors' claims on behalf of him, the deceased, pursuant to California Code of Civil Procedure Sections 377.10, 377.20, 377.30, et seq., and based upon all other applicable statutes and case law and succeed to causes of action that might have been brought by DECEDENT. PLAINTIFFS will file a declaration under penalty of perjury as required by Code of Civil Procedure Section 377.32 concurrently herewith this Complaint.

61.    As such, PLAINTIFFS are entitled to compensation for DECEDENT'S medical expenses, loss of earnings and earning capacity.

## THIRD CAUSE OF ACTION

### NEGLIGENCE – INFLICTION OF EMOTIONAL DISTRESS

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-50)

62.    PLAINTIFFS re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

63.    At all times herein, PLAINTIFFS DAVID ORDAZ MORENO AND EDELMIRA RAMIREZ were the parents of DECEDENT DAVID ORDAZ JR., and had a loving relationship with their son.

64.    On March 14, 2021, PLAINTIFFS DAVID ORDAZ MORENO AND EDELMIRA RAMIREZ were contemporaneously present in the front yard of their home at the time the DECEDENT was standing in front home and was killed by DEFENDANTS.  PLAINTIFFS DAVID ORDAZ MORENO and EDELMIRA RAMIREZ contemporaneously observed his death.

65.    As a result of their contemporaneous observation of DECEDENT's death, PLAINTIFFS DAVID ORDAZ MORENO and EDELMIRA RAMIREZ suffered severe emotional distress caused by DEFENDANTS who shot DECEDENT to death in front of their family.

66.    At all times herein, PLAINTIFFS HILDA PEDROZA, and

GABRIELA HERNANDEZ, were the sisters of DECEDENT DAVID ORDAZ JR., and had a long loving relationship with their brother.

67.    On March 14, 2021, PLAINTIFFS HILDA PEDROZA and GABRIELA HERNANDEZ were physically present in the front yard of the family home and contemporaneously observed their brother DECEDENT DAVID ORDAZ JR., killed before their eyes by DEFENDANTS.

68.    As a result of their contemporaneous observation of their brother, DECEDENT's death, PLAINTIFFS HILDA PEDROZA and GABRIELA HERNANDEZ suffered severe emotional distress caused by DEFENDANTS who shot DECEDENT to death in front of their family.

69.    At all times herein, PLAINTIFFS LEONEL ORDAZ and ROBERT ORDAZ, were the brothers of DECEDENT DAVID ORDAZ JR., and had a long loving relationship with their brother.

70.    On March 14, 2021, PLAINTIFFS LEONEL ORDAZ and ROBERT ORDAZ were physically present in the front yard of the family home and contemporaneously observed their brother DECEDENT DAVID ORDAZ JR., killed before their eyes by DEFENDANTS.

71.    As a result of their contemporaneous observation of their brother, DECEDENT's death, PLAINTIFFS LEONEL ORDAZ and ROBERT ORDAZ suffered severe emotional distress caused by DEFENDANTS who shot DECEDENT to death in front of their family.

72.    At all times herein, PLAINTIFF JUAN PEDROZA JR., was the nephew of DECEDENT DAVID ORDAZ JR., and had a long loving relationship with his uncle.

73.    On March 14, 2021, PLAINTIFFS JUAN PEDROZA JR., was physically present in the front yard of the family home and contemporaneously observed his uncle DECEDENT DAVID ORDAZ JR., killed before his eyes by DEFENDANTS.

74.   As a result of his contemporaneous observation of his uncle, DECEDENT's death, PLAINTIFFS JUAN PEDROZA JR., suffered severe emotional distress caused by DEFENDANTS who shot DECEDENT to death in front of the family.

75.   At all times herein, PLAINTIFF MARIA MADERA, was the mother of DECEDENT DAVID ORDAZ JR., nephews and had a long loving relationship with DECEDENT.

76.   On March 14, 2021, PLAINTIFF MARIA MADERA was physically present in the front yard of the family home and contemporaneously observed the uncle of her children DECEDENT DAVID ORDAZ JR., killed before her eyes by DEFENDANTS.

77.   As a result of their contemporaneous observation of the uncle of her children, DECEDENT's death, PLAINTIFF MARIA MADERA suffered severe emotional distress caused by DEFENDANTS who shot DECEDENT to death in front of the family.

78.   Each and every one of the PLAINTIFFS above alleged in this cause of action suffered severe and long-lasting emotional distress and each one of them will need to consult a psychiatrist or psychologist because of the infliction of emotional distress caused by the actions of DEFENDANTS.

## FOURTH CAUSE OF ACTION
## VIOLATION OF TITLE 42 § 1983

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-50)

79.   PLAINTIFFS re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

80.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive

PLAINTIFF JAZMINE LUCILLE MORENO of her right to a relationship with her domestic partner.

81.    At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF EMILY ALYSSA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO of her right to a relationship with her father.

82.    At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF ERIAL ANDREA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO of her right to a relationship with her father.

83.    At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF DAVID ORDAZ III by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO of his right to a relationship with his father.

84.    At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF DAVID ORDAZ MORENO his right to a relationship with his son.

85.    At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution,

including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF EDELMIRA RAMIREZ her right to a relationship with his son.

86.     At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF LEONEL ORDAZ his right to a relationship with his brother.

87.     At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF ROBERT ORDAZ his right to a relationship with his brother.

88.     At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF HILDA PEDROZA her right to a relationship with her brother.

89.     At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF GABRIELA HERNANDEZ her right to a relationship with her brother.

90.     At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF JUAN PEDROZA JR., his right to a relationship with his uncle.

91.     DEFENDANTS DOES 1 through 50, and each of them deprived

DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF JAZMINE LUCILLE MORENO of her rights to have a relationship with her domestic partner.

92.     DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO of her rights to have a relationship with her father.

93.     DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO of her rights to have a relationship with her father.

94.     DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF DAVID ORDAZ III, a minor by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO of his rights to have a relationship with his father.

95.     DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF DAVID ORDAZ MORENO of his rights to have a relationship with his son.

96.     DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF EDELMIRA RAMIREZ of her rights to have a relationship with her son.

97.     DEFENDANTS DOES 1 through 50, and each of them deprived

DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF LEONEL ORDAZ of his rights to have a relationship with his brother.

98.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF ROBERT ORDAZ of his rights to have a relationship with his brother.

99.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF HILDA PEDROZA of her rights to have a relationship with her brother.

100.  DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF GABRIELA HERNANDEZ of her rights to have a relationship with her brother.

101.  DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF JUAN PEDROZA of his rights to have a relationship with his uncle.

102.  While engaged in the aforementioned conduct, DEFENDANTS and/or DOES 1-50, and each of them, were acting under the color of law of a statute, ordinance, regulation, custom, or practice that regulates or governs DEFENDANTS and their employees.

103.  As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS.

104.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS.

105.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS.

106.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS.

107.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the United States Constitution.

108.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the United States Constitution.

109.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S field conduct, behavior,

activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the United States Constitution.

110. DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the United States Constitution.

111. DEFENDANTS' breach resulted in a direct violation of DECEDENTS' constitutional rights to be free from fear of bodily harm, assault, and mental and emotional distress.

112. DEFENDANTS failings amounted to a deliberate indifference to DECEDENTS' Constitutional rights because DEFENDANTS had actual or constructive notice that its failures were substantially certain to result in a violation of DECEDENTS' constitutional rights, but it consciously and deliberately choose to disregard the substantial risk of harm.

113. PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT PINEDA'S violations of DECEDENTS' constitutional rights under the Fourteenth Amendment. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S field conduct, behavior, activities, and psychological profile with public citizens.

114. PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S field conduct, behavior, activities, and

psychological profiles were not limited to DEFENDANT NAVARRETE'S violations of DECEDENTS' constitutional rights under the Fourteenth Amendment. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S field conduct, behavior, activities, and psychological profile with public citizens.

115.   PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT ROMERO'S violations of DECEDENTS' constitutional rights under the Fourteenth Amendment. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S field conduct, behavior, activities, and psychological profile with public citizens.

116.   PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT TRUJILLO'S violations of DECEDENTS' constitutional rights under the Fourteenth Amendment. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S field conduct, behavior, activities, and psychological profile with public citizens.

117.   As a direct and proximate result of DEFENDANTS' conduct set forth

herein, including but not limited to prior paragraphs, DECEDENT sustained severe physical injuries, which resulted in his death.

118.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a relationship with her domestic partner.

119.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a relationship with her father.

120.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a relationship with her father.

121.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO suffered a violation of his civil rights in having a relationship with his father.

122.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF DAVID ORDAZ MORENO suffered a violation of his civil rights in having a relationship with his son.

123.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF EDELMIRA RAMIREZ suffered a violation of her civil rights in having a relationship with her son.

124.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF LEONEL ORDAZ suffered a violation of his civil rights in having a relationship with his brother.

125.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF ROBERT ORDAZ suffered a violation of his civil rights in having a relationship with his brother.

126.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF HILDA PEDROZA suffered a violation of her civil rights in having a relationship with her brother.

127.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF GABRIELA HERNANDEZ suffered a violation of her civil rights in having a relationship with her brother.

128.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF JUAN PEDROZA JR., suffered a violation of his civil rights in having a relationship with his uncle.

129.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JAZMINE LUCILLE MORENO lost the life of her domestic partner and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

130.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EMILY ALYSSA ORDAZ,  a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of her father and sustained damages in an amount

that will be stated according to proof.

131.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF ERIAL ANDREA ORDAZ,  a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of her father and sustained damages in an amount that will be stated according to proof.

132.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of his father and sustained damages in an amount that will be stated according to proof.

133.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ MORENO lost the life of his son and sustained damages in an amount that will be stated according to proof.

134.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EDELMIRA RAMIREZ lost the life of her son and sustained damages in an amount that will be stated according to proof.

135.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF LEONEL ORDAZ lost the life of his brother and sustained damages in an amount that will be stated according to proof.

136.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF ROBERT ORDAZ lost the life of his brother and sustained damages in an amount that will be stated according to proof.

137.   As a legal, direct, and proximate result of the aforementioned conduct

of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF HILDA PEDROZA lost the life of her brother and sustained damages in an amount that will be stated according to proof.

138.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF GABRIELA HERNANDEZ lost the life of her brother and sustained damages in an amount that will be stated according to proof.

139.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JUAN PEDROZA JR., lost the life of his uncle and sustained damages in an amount that will be stated according to proof.

140.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF has sustained and is entitled to recover damages pursuant to California Code of Civil Procedure Section 377.60 et seq. and based upon all other applicable statutes and case law, including but not limited to pecuniary losses, losses of support, services, parental and filial training, education, love, assistance, protection, care, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

141.   PLAINTIFFS have been deprived of, among many others, (1) the value of lost financial and other support that DECEDENT would have contributed to his family and estate during his lifetime, (2) the value of the gifts and benefits that he would have bestowed upon her and that they reasonably expected to receive from him, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

142.   PLAINTIFFS are entitled to an award of attorney's fees, costs, and expenses under 42 U.S.C. § 1988, due to DEFENDANT officers and employees named as DOES violations of DECEDENT and PLAINTIFFS' civil rights.

143. PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT PINEDA who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT PINEDA was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

144. PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT NAVARRETE who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT NAVARRETE was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

145. PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT ROMERO who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50,

acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT ROMERO was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

146.   PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT TRUJILLO who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT TRUJILLO was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

147.   As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF JAZMINE LUCILLE MORENO may recover:

      a.   Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

      b.   Loss of the life of her domestic partner, DAVID ORDAZ JR., including the value of his life to himself; and

      c.   Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

148.   As a direct and proximate result of the conduct of DEFENDANTS

and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:

    a.  Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

    b.  Loss of the life of her father, DAVID ORDAZ JR., including the value of his life to himself; and

    c.  Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

149. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:

    a.  Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

    b.  Loss of the life of her father, DAVID ORDAZ JR., including the value of his life to himself; and

    c.  Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

150. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:

    a.  Violation of DECEDENT'S constitutional rights under the Fourteenth

Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

b. Loss of the life of his father, DAVID ORDAZ JR., including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

151. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF DAVID ORDAZ MORENO may recover:

a. Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

b. Loss of the life of his son, DAVID ORDAZ JR., including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

152. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF EDELMIRA RAMIREZ may recover:

d. Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

e. Loss of the life of her son, DAVID ORDAZ JR., including the value of his life to himself; and

f. Conscious physical pain, suffering and emotional trauma from the

time of the incident to the time of his death.

153. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF LEONEL ORDAZ may recover:

     a. Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

     b. Loss of the life of his brother, DAVID ORDAZ JR., including the value of his life to himself; and

     c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

154. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF ROBERT ORDAZ may recover:

     a. Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

     b. Loss of the life of his brother, DAVID ORDAZ JR., including the value of his life to himself; and

     c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

155. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF HILDA PEDROZA may recover:

     a. Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from

unreasonable injury and death of his person, and the deprivation of life and liberty;

b. Loss of the life of her brother, DAVID ORDAZ JR., including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

156. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF GABRIELA HERNANDEZ may recover:

a. Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

b. Loss of the life of her brother, DAVID ORDAZ JR., including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

157. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF JUAN PEDROZA, JR., may recover:

a. Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

b. Loss of the life of his uncle, DAVID ORDAZ JR., including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

158.   As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JAZMINE LUCILLE MORENO suffered the following injuries, including but not limited to:

    a.   Loss of love, aide, comfort, and society due to the death of her son, DECEDENT; and

    b.   Loss of economic support from her domestic partner, DECEDENT.

159.   As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered the following injuries, including but not limited to:

    a.   Loss of love, aide, comfort, and society due to the death of her father, DECEDENT; and

    b.   Loss of economic support from her father, DECEDENT.

160.   As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered the following injuries, including but not limited to:

    a.   Loss of love, aide, comfort, and society due to the death of her father, DECEDENT; and

    b.   Loss of economic support from her father, DECEDENT.

161.   As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO suffered the following injuries, including but not limited to:

    a.   Loss of love, aide, comfort, and society due to the death of his father, DECEDENT; and

    b.   Loss of economic support from his father, DECEDENT.

162.   As a direct and proximate result of the actions of DEFENDANTS

and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ MORENO suffered the following injuries, including but not limited to:

      a.  Loss of love, aide, comfort, and society due to the death of his son, DECEDENT; and

      b.  Loss of economic support from his son, DECEDENT.

163.   As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EDELMIRA RAMIREZ suffered the following injuries, including but not limited to:

      a.  Loss of love, aide, comfort, and society due to the death of her son, DECEDENT; and

      b.  Loss of economic support from her son, DECEDENT.

164.   The conduct of DEFENDANT'S officers and employees, names as DOES 1 through 50, was reckless and they acted with callous indifference to the federally protected rights of DECEDENT and PLAINTIFFS'. DEFENDANTS, its officers, and employees, and DOES 1 through 50, and each of them, engaged in despicable conduct by deliberate indifference and were malicious in their reckless and conscious disregard for the rights and individual safety of DECEDENT and PLAINTIFFS.

165.  PLAINTIFFS are entitled to punitive damages in accord with statutorily permitted limits to punish and make an example of the individual DEFENDANT officers and employees.

166.  PLAINTIFFS are entitled to an award of attorneys' fees, costs, and expense under 42 U.S.C. section1988 due to DEFENDANTS' officer's and employee's, named as DOES 1 through 50, violations of DECEDENT'S and PLAINTIFFS' Civil Rights.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE § 51.7 "THE RALPH ACT"

### (By PLAINTIFFS against DEFENDANTS and/or DOES 1-50)

167.   PLAINTIFFS re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

168.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF JAZMINE LUCILLE MORENO of her right to a relationship with her domestic partner.

169.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF EMILY ALYSSA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO of her right to a relationship with her father.

170.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF ERIAL ANDREA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO of her right to a relationship with her father.

171.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF DAVID ORDAZ III by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO of his

right to a relationship with his father.

172.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF DAVID ORDAZ MORENO his right to a relationship with his son.

173.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF EDELMIRA RAMIREZ her right to a relationship with his son.

174.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF LEONEL ORDAZ his right to a relationship with his brother.

175.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF ROBERT ORDAZ his right to a relationship with his brother.

176.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section

51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF HILDA PEDROZA her right to a relationship with her brother.

177.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF GABRIELA HERNANDEZ her right to a relationship with her brother.

178.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF JUAN PEDROZA JR., his right to a relationship with his uncle.

179.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his right there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF JAZMINE LUCILLE MORENO of her rights to have a relationship with her domestic partner.

180.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO of her rights to have a relationship with her father.

181.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF

ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO of her rights to have a relationship with her father.

182. DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF DAVID ORDAZ III, a minor by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO of his rights to have a relationship with his father.

183. DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF DAVID ORDAZ MORENO of his rights to have a relationship with his son.

184. DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF EDELMIRA RAMIREZ of her rights to have a relationship with her son.

185. DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF LEONEL ORDAZ of his rights to have a relationship with his brother.

186. DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF ROBERT ORDAZ of his rights to have a relationship with his brother.

187. DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF HILDA PEDROZA of her rights to have a relationship with her brother.

188. DEFENDANTS DOES 1 through 50, and each of them deprived

DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF GABRIELA HERNANDEZ of her rights to have a relationship with her brother.

189.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF JUAN PEDROZA of his rights to have a relationship with his uncle.

190.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF MARIA MADERA of her rights to have a relationship with the uncle of her children.

191.   While engaged in the aforementioned conduct, DEFENDANTS and/or DOES 1-50, and each of them, were acting under the color of law of a statute, ordinance, regulation, custom, or practice that regulates or governs DEFENDANTS and their employees who were engaging in acts of violence because of DECEDENT'S race and national origin.

192.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS and engaging in violent acts because of DECEDENT'S race and national origin.

193.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS and engaging in violent acts because of DECEDENT'S race and national origin.

194.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS and engaging in violent acts because of DECEDENT'S race and national origin.

195.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS and engaging in violent acts because of DECEDENT'S race and national origin.

196.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the California Constitution.

197.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the California Constitution.

198.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the California Constitution.

199.   DEFENDANTS and/or DOES 1-50, and each of them, breached their

duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the California Constitution.

200. DEFENDANTS' breach resulted in a direct violation of DECEDENTS' constitutional rights to be free from fear of bodily harm, assault, and mental and emotional distress, and free from violent acts because of his race and national origin.

201. DEFENDANTS failings amounted to a deliberate indifference to DECEDENTS' Constitutional rights because DEFENDANTS had actual or constructive notice that its failures were substantially certain to result in a violation of DECEDENTS' constitutional rights, but it consciously and deliberately chooses to disregard the substantial risk of harm.

202. PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT PINEDA'S violations of DECEDENTS' constitutional rights under California Civil Code Section 51.7 "The Ralph Act" and the California Constitution. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S field conduct, behavior, activities, and psychological profile with public citizens.

203. PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT NAVARRETE'S

violations of DECEDENTS' constitutional rights under California Civil Code Section 51.7 "The Ralph Act" and the California Constitution. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S field conduct, behavior, activities, and psychological profile with public citizens.

204.   PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT ROMERO'S violations of DECEDENTS' constitutional rights under California Civil Code Section 51.7 "The Ralph Act" and the California Constitution. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S field conduct, behavior, activities, and psychological profile with public citizens.

205.   PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT TRUJILLO'S violations of DECEDENTS' constitutional rights under California Civil Code Section 51.7 "The Ralph Act" and the California Constitution. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S field conduct, behavior,

activities, and psychological profile with public citizens.

206.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, DECEDENT sustained severe physical injuries, which resulted in his death.

207.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a relationship with her domestic partner.

208.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a relationship with her father.

209.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a relationship with her father.

210.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO suffered a violation of his civil rights in having a relationship with his father.

211.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF DAVID ORDAZ MORENO suffered a violation of his civil rights in having a relationship with his son.

212.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF EDELMIRA

RAMIREZ suffered a violation of her civil rights in having a relationship with her son.

213.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF LEONEL ORDAZ suffered a violation of his civil rights in having a relationship with his brother.

214.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF ROBERT ORDAZ suffered a violation of his civil rights in having a relationship with his brother.

215.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF HILDA PEDROZA suffered a violation of her civil rights in having a relationship with her brother.

216.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF GABRIELA HERNANDEZ suffered a violation of her civil rights in having a relationship with her brother.

217.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF JUAN PEDROZA JR., suffered a violation of his civil rights in having a relationship with his uncle.

218.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JAZMINE LUCILLE MORENO lost the life of her domestic partner and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

219.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EMILY

ALYSSA ORDAZ,  a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of her father and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

220.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF ERIAL ANDREA ORDAZ,  a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of her father and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

221.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of his father and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

222.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ MORENO lost the life of his son and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

223.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EDELMIRA RAMIREZ lost the life of her son and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

224.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF LEONEL

ORDAZ lost the life of his brother and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

225.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF ROBERT ORDAZ lost the life of his brother and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

226.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF HILDA PEDROZA lost the life of her brother and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

227.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF GABRIELA HERNANDEZ lost the life of her brother and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

228.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JUAN PEDROZA JR., lost the life of his uncle and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

229.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF has sustained and is entitled to recover damages pursuant to California Civil Code Section 51.7, and based upon all other applicable statutes and case law, including but not limited to pecuniary losses, losses of support, services, parental and filial

training, education, love, assistance, protection, care, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

230.   PLAINTIFFS have been deprived of, among many others, (1) the value of lost financial and other support that DECEDENT would have contributed to his family and estate during his lifetime, (2) the value of the gifts and benefits that he would have bestowed upon her and that they reasonably expected to receive from him, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

231.   PLAINTIFFS are entitled to an award of attorney's fees, costs, and expenses under California Civil Code Section. § 51.7, et seq., due to DEFENDANT officers and employees named as DOES violations of DECEDENT and PLAINTIFFS' civil rights.

232. PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT PINEDA who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT PINEDA was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

233.   PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT NAVARRETE who was employed, managed,

supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT NAVARRETE was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

234. PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT ROMERO who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT ROMERO was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

235. PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT TRUJILLO who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT TRUJILLO was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

236.   As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF JAZMINE LUCILLE MORENO may recover:

  a.   Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

  b.   Loss of the life of her domestic partner, DAVID ORDAZ JR., including the value of his life to himself; and

  c.   Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

237.   As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:

  a.   Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

  b.   Loss of the life of her father, DAVID ORDAZ JR., including the value of his life to himself; and

  c.   Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

238.   As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:

  a.   Violation of DECEDENT'S constitutional rights the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b. Loss of the life of her father, DAVID ORDAZ JR., including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

239. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:

a. Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b. Loss of the life of his father, DAVID ORDAZ JR., including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

240. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF DAVID ORDAZ MORENO may recover:

a. Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b. Loss of the life of his son, DAVID ORDAZ JR., including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

241. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF EDELMIRA RAMIREZ may recover:

a. Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b. Loss of the life of her son, DAVID ORDAZ JR., including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

242. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF LEONEL ORDAZ may recover:

a. Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b. Loss of the life of his brother, DAVID ORDAZ JR., including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

243. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF ROBERT ORDAZ may recover:

a. Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b. Loss of the life of his brother, DAVID ORDAZ JR., including the value of his life to himself; and

c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

244. As a direct and proximate result of the conduct of DEFENDANTS

and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF HILDA PEDROZA may recover:

    a. Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

    b. Loss of the life of her brother, DAVID ORDAZ JR., including the value of his life to himself; and

    c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

245. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF GABRIELA HERNANDEZ may recover:

    a. Violation of DECEDENT'S constitutional rights the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

    b. Loss of the life of her brother, DAVID ORDAZ JR., including the value of his life to himself; and

    c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

246. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF JUAN PEDROZA, JR., may recover:

    a. Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

    b. Loss of the life of his uncle, DAVID ORDAZ JR., including the value of his life to himself; and

    c. Conscious physical pain, suffering and emotional trauma from the

time of the incident to the time of his death.

247.   As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JAZMINE LUCILLE MORENO suffered the following injuries, including but not limited to:

    a.   Actual damages sufficient to reasonably compensate PLAINTIFF JAZMINE LUCILLE MORENO.

    b.   A civil penalty of $25,000.

    c.   Punitive damages.

248.   As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered the following injuries, including but not limited to:

    a.   Actual damages sufficient to reasonably compensate PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO

    b.   A civil penalty of $25,000.

    c.   Punitive damages.

249.   As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered the following injuries, including but not limited to:

    a.   Actual damages sufficient to reasonably compensate PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO

    b.   A civil penalty of $25,000

    c.   Punitive damages.

250.   As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ III, a minor by

and through his Guardian Ad Litem JAZMINE LUCILLE MORENO suffered the following injuries, including but not limited to:

    a. Actual damages sufficient to reasonably compensate PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO

    b. A civil penalty of $25,000.

    c. Punitive damages.

251. As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ MORENO suffered the following injuries, including but not limited to:

    a. Actual damages sufficient to reasonably compensate PLAINTIFF DAVID ORDAZ MORENO.

    b. A civil penalty of $25,000.

    c. Punitive damages.

252. As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EDELMIRA RAMIREZ suffered the following injuries, including but not limited to:

    a. Actual damages sufficient to reasonably compensate PLAINTIFF EDELMIRA RAMIREZ.

    b. A civil penalty of $25,000.

    c. Punitive damages.

253. The conduct of DEFENDANT'S officers and employees, names as DOES 1 through 50, was reckless and they acted with callous indifference to the federally protected rights of DECEDENT and PLAINTIFFS'. DEFENDANTS, its officers, and employees, and DOES 1 through 50, and each of them, engaged in despicable conduct by deliberate indifference and were malicious in their reckless and conscious disregard for the civil rights and individual safety of DECEDENT and PLAINTIFFS.

254. PLAINTIFFS are entitled to punitive damages in accord with statutorily permitted limits to punish and make an example of the individual DEFENDANT officers and employees.

255. PLAINTIFFS are entitled to an award of attorneys' fees, costs, and expense under California Civil Code Section 51.7, and 52 et seq., due to DEFENDANTS' officer's and employee's, named as DOES 1 through 50, violations of DECEDENT'S and PLAINTIFFS' Civil Rights.

## PRAYER FOR DAMAGES

WHEREFORE, PLAINTIFFS as the successor in interest of DECEDENT, hereby prays for judgment against DEFENDANTS and/or DOES 1-50, and each of them, as follows:

1.      General damages for PLAINTIFFS, for conscious physical pain, suffering and emotional trauma during the incident of March 14, 2021, through DECEDENT'S death in an amount according to proof;

2.      The loss of the value of DECEDENT'S life to himself, recoverable by PLAINTIFFS;

3.      For PLAINTIFFS, Loss of love, aid, comfort, and society due to the death of DECEDENT, according to proof;

4.      For PLAINTIFFS, Loss of economic support from DECEDENT in an amount according to proof at the time of trial;

5.      For PLAINTIFFS, Funeral, and burial expenses according to proof;

6.      For PLAINTIFFS, DECEDENT'S medical bills incurred attempting to save his life;

7.      Punitive damages to punish and make an example of the DOE officers and employees, in an amount according to proof at the time of trial;

8.      For other general damages in an amount according to proof at trial;

9.      For other special damages in an amount according to proof at trial;

10.     For pre-judgment and post-judgment interest;

11.     For legal/attorneys, expenses, and costs under 42 U.S.C. section 1988;

12.     For injunctive relief;

13.     For actual damages;

14.     A civil penalty of $25,000 to all PLAINTIFFS under California Civil Code Section         51.7 and 52, et seq.;

15.     For Punitive damages, and

16.     For such other and further relief as the Court may deem just proper.

Dated: July 27, 2021

ADAMSON AHDOOT LLP


By: /s/ CHRISTOPHER B. ADAMSON
     CHRISTOPHER B. ADAMSON, Esq.
     Attorneys for Plaintiffs



**DEMAND FOR TRIAL BY JURY**

PLAINTIFFS hereby demand a trial by jury as to all causes of action.

Dated: July 27, 2021                              ADAMSON AHDOOT LLP


By: /s/ CHRISTOPHER B. ADAMSON
     CHRISTOPHER B. ADAMSON, Esq.
     Attorneys for Plaintiffs