EXHIBIT A

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo (Bar No. 144074)
2  dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, California  91367
   Telephone:   (818) 347-3333
4  Facsimile:    (818) 347-4118

5  CARRILLO LAW FIRM LLP
   Luis A. Carrillo (Bar No. 70398)
6  lac4justice@gmail.com
   Michael S. Carrillo (Bar No. 258878)
7  mc@carrillofirm.com
   1499 Huntington Drive Suite 402
8  South Pasadena, CA 91030
   Telephone:  (626) 799-9375
9  Fax:          (626) 799-9380

10              **UNITED STATES DISTRICT COURT**

11         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12  EMILY ORDAZ; D.O. III, a minor, by
    and through his Guardian Ad Litem,
13  Monica Moreno; E.A.O., a minor, by and
    through her Guardian Ad Litem, Monica
14  Moreno; DAVID ORDAZ, SR.;
    EDELMIRA RAMIREZ; LEONEL
15  ORDAZ; ROBERT ORDAZ; HILDA
    PEDROZA; GABRIELA HERNANDEZ;
16  JUAN PEDROZA, JR.

17         Plaintiffs,

18  vs.

19  COUNTY OF LOS ANGELES, a public
    entity, REMIN PINEDA, an individual;
20  EDWIN NAVARRETE, an individual;
    JAIME ROMERO, an individual;
21  NATHANIEL TRUJILLO; an individual;
    and DOES 1 through 10, inclusive,
22
23         Defendants.

|   |   |
|---|---|
| **SECOND AMENDED COMPLAINT FOR DAMAGES** | |
| Case No.: 2:21:CV-6062 | |
| 1. | Negligence (wrongful death and survival) |
| 2. | Negligent Infliction of Emotional Distress |
| 3. | Battery (wrongful death and survival) |
| 4. | Excessive Force (42 U.S.C. § 1983 and the Fourth Amendment) |
| 5. | Substantive Due Process, Interference with Familial Relationship (42 U.S.C. § 1983 and the Fourteenth Amendment) |
| 6. | Unconstitutional Custom (42 U.S.C. § 1983 and *Monell*) |
| 7. | Violation of California Civil Code §52.1 (Bane Act) |

24
25
26
27
28

---
-1-

SECOND AMENDED COMPLAINT FOR DAMAGES

## JURISDICTION

1.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 (federal question) and § 1343(3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

## VENUE

2.      Plaintiffs' claims herein arise out of the fatal shooting of David Ordaz, Jr. ("DECEDENT") and other uses of force against him on March 14, 2021, by deputy sheriffs working for the County of Los Angeles. The incident occurred in the county of Los Angeles in the state of California and within this judicial district. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

3.      At all relevant times, DAVID ORDAZ, JR. ("DECEDENT") was a resident of the County of Los Angeles, State of California.

4.      Plaintiff EMILY ORDAZ ("EMILY") was a resident of the County of Los Angeles, State of California, at all relevant times.  EMILY sues in her individual capacity as the daughter of DECEDENT and also as a successor in interest to DECEDENT.  EMILY seeks both survival and wrongful death damages under federal and state law.

5.      Plaintiff E.A.O., a minor, by and through her Guardian ad Litem, Monica Moreno, was a resident of the County of Los Angeles, State of California, at all relevant times. E.A.O. sues in her individual capacity as the minor daughter of DECEDENT and also as a successor in interest to DECEDENT.  E.A.O. seeks both survival and wrongful death damages under federal and state law.

6.      Plaintiff D.O., III, a minor, by and through his Guardian ad Litem, Monica Moreno, was a resident of the County of Los Angeles, State of California, at all relevant times. D.O., III sues in his individual capacity as the minor son of

DECEDENT and also as a successor in interest to DECEDENT.  D.O., III seeks both survival and wrongful death damages under federal and state law.

7.     Plaintiffs D.O. III, E.A.O., and EMILY are DECEDENT'S successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT'S interest in this action as the natural domestic partner and children, respectively, of DECEDENT.

8.     Plaintiff DAVID ORDAZ SR. ("ORDAZ SR.") was a resident of the County of Los Angeles, State of California, at all relevant times. ORDAZ SR. sues in his individual capacity as the father of DECEDENT.  ORDAZ SR. seeks wrongful death damages under federal law.  ORDAZ SR. also seeks compensatory damages under his Negligent Infliction of Emotional Distress ("NIED") claim.

9.     Plaintiff EDELMIRA RAMIREZ ("RAMIREZ") was a resident of the County of Los Angeles, State of California, at all relevant times. RAMIREZ sues in her individual capacity as the mother of DECEDENT. RAMIREZ seeks wrongful death damages under federal law.  RAMIREZ also seeks compensatory damages for her NIED claim.

10.     Plaintiff LEONEL ORDAZ ("LEONEL") was a resident of the County of Los Angeles, State of California, at all relevant times. LEONEL is the brother of DECEDENT and sues in his individual capacity. LEONEL seeks compensatory damages for his NIED claim.

11.     Plaintiff ROBERT ORDAZ ("ROBERT") was a resident of the County of Los Angeles, State of California, at all relevant times. ROBERT is the brother of DECEDENT and sues in his individual capacity. ROBERT seeks compensatory damages for his NIED claim.

12.     Plaintiff HILDA PEDROZA ("HILDA") was a resident of the County of Los Angeles, State of California, at all relevant times. HILDA is the sister of DECEDENT and sues in her individual capacity. HILDA seeks compensatory

damages for her NIED claim.

13.   Plaintiff GABRIELA HERNANDEZ ("HERNANDEZ") was a resident of the County of Los Angeles, State of California, at all relevant times. HERNANDEZ is the sister of DECEDENT and sues in her individual capacity. HERNANDEZ seeks compensatory damages for her NIED claim.

14.   Plaintiff JUAN PEDROZA, JR. ("JUAN") was a resident of the County of Los Angeles, State of California, at all relevant times. JUAN is the nephew of DECEDENT and sues in his individual capacity. JUAN seeks compensatory damages for his NIED claim.

15.   Defendant COUNTY OF LOS ANGELES ("COUNTY"), a public entity, is and was a municipal corporation existing under the laws of the State of California.  COUNTY is a chartered subdivision of the State of California with the capacity to be sued.  COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles County Sheriff's Department and its agents and employees.  At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Los Angeles County Sheriff's Department and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, COUNTY was the employer of Defendants PINEDA, NAVARRETE, ROMERO, and TRUJILLO.

16.   Defendant REMIN PINEDA ("PINEDA"), an individual, is a sheriff's deputy working for the Los Angeles County Sheriff's Department.  At all relevant times, PINEDA was acting under color of law within the course and scope of his duties as sheriff's deputy for the COUNTY Sheriff's Department.  At all relevant times, PINEDA was acting with the complete authority and ratification of his principal, Defendant COUNTY.  PINEDA is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided

by Government Code Section 820(a).

17.    Defendant EDWIN NAVARRETE ("NAVARRETE"), an individual, an individual, is a sheriff's deputy working for the Los Angeles County Sheriff's Department.  At all relevant times, NAVARRETE was acting under color of law within the course and scope of his duties as sheriff's deputy for the COUNTY Sheriff's Department.  At all relevant times, NAVARRETE was acting with the complete authority and ratification of his principal, Defendant COUNTY. NAVARRETE is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a).

18.    Defendant JAIME ROMERO ("ROMERO"), an individual, an individual, is a sheriff's deputy working for the Los Angeles County Sheriff's Department.  At all relevant times, ROMERO was acting under color of law within the course and scope of his duties as sheriff's deputy for the COUNTY Sheriff's Department.  At all relevant times, ROMERO was acting with the complete authority and ratification of his principal, Defendant COUNTY. ROMERO is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a).

19.    Defendant NATHANIEL TRUJILLO ("TRUJILLO"), an individual, an individual, is a sheriff's deputy working for the Los Angeles County Sheriff's Department.  At all relevant times, TRUJILLO was acting under color of law within the course and scope of his duties as sheriff's deputy for the COUNTY Sheriff's Department.  At all relevant times, TRUJILLO was acting with the complete authority and ratification of his principal, Defendant COUNTY. TRUJILLO is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a).

20.    In doing the acts and failing and omitting to act as hereinafter described, PINEDA, ROMERO, NAVARRETE, and TRUJILLO ("DEPUTY DEFENDANTS") were acting on the implied and actual permission and consent of the COUNTY.

21.    Defendants DOES 1-5 ("SUPERVISOR DOES") are managerial, supervisorial, and policymaking employees of the Los Angeles County Sheriff's Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Los Angeles County Sheriff's Department.  SUPERVISOR DOES were acting with the complete authority and ratification of their principal, Defendant COUNTY

22.    In doing the acts and failing and omitting to act as hereinafter described, DEPUTY DEFENDANTS and all "Doe" Defendants were acting on the implied and actual permission and consent of the COUNTY.

23.    The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1-10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants are unknown to Plaintiffs. Plaintiffs are informed, believe, and thereon allege that each of the Defendants designated herein as a "Doe" was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the described injuries and damages to DECEDENT.  Plaintiffs will seek leave of the Court to amend this Complaint to show the "Doe Defendants'" true names and capacities after the same has been ascertained.

24.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

25.    All of the acts complained of herein by Plaintiffs against Defendants

were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

26.    DOES 1-10 are sued in their individual capacity.

27.    On or about April 15, 2021, prior to the filing of this Complaint, and pursuant to the provisions of Government Code section 910, et seq., Plaintiffs timely, properly, and duly submitted to COUNTY claims for the injuries and damages set forth herein on account of the events described herein. On June 9, 2021, COUNTY sent correspondence rejecting Plaintiffs' claims.

28.    On or about May 24, 2021, prior to the filing of this Complaint, and pursuant to the provisions of Government Code section 910, et seq., Plaintiffs timely, properly, and duly submitted to COUNTY an amended claim for the injuries and damages set forth herein on account of the events described herein. On June 7, 2021, COUNTY sent correspondence rejecting Plaintiffs' amended claims.

29.    Prior to filing the instant Second Amended Complaint, Plaintiffs timely filed their initial Complaint on July 27, 2021.

## **STATEMENT OF FACTS**

30.    On March 14, 2021, the four DEPUTY DEFENDANTS each fired lethal shots at DECEDENT, killing him.  The shooting and other uses of force took place in front of the family residence located at 168 N. Rowan, Los Angeles, California 90063.

31.    Prior to the shooting, other deputies working for the COUNTY deployed less-lethal force against DECEDENT, escalating the situation.

32.    The shooting and other uses of force against DECEDENT were excessive, unreasonable, unnecessary and unjustified. At the time of the uses of

force against him, DECEDENT posed no immediate threat of death or serious bodily injury to any person.

33.     DEPUTY DEFENDANTS did not give DECEDENT a verbal warning that deadly force would be used.

34.     The DEPUTY DEFENDANTS fired shots at DECEDENT as DECEDENT was going to the ground.  After DECEDENT had already been struck by lethal shots and was lying on the ground, ROMERO, TRUJILLO, and PINEDA continued to fire lethal shots at DECEDENT.  After ROMERO and TRUJILLO stopped firing, PINEDA fired additional lethal rounds at the injured and unarmed DECEDENT.

35.     The shooting violated DEPUTY DEFENDANTS' training and basic police training. DEPUTY DEFENDANTS had other reasonable alternative measures to shooting, including giving a verbal warning that deadly force would be used, waiting for DECEDENT to comply with the less-lethal deployments, and deploying further less-lethal weapons if that were necessary.

36.     At the time of the shooting, the DEPUTY DEFENDANTS knew or should have known that DECEDENT was experiencing a mental health crisis, and should have employed their training with respect to handling situations involving a person who is mentally ill or experiencing a mental health crisis.  On information and belief, the shooting by DEPUTY DEFENDANTS violated their training and basic police training.

37.     DEPUTY DEFENDANTS had a duty to exercise reasonable care in the apprehension and detention of DECEDENT, who was mentally ill or experiencing a mental health crisis at the time of the uses of force against him. Despite these duties, DEPUTY DEFENDANTS and SUPERVISOR DOES negligently, recklessly, and carelessly managed, maintained, operated, controlled, and supervised the apprehension of DECEDENT, so as to directly and proximately cause the death of the DECEDENT, as well as causing Plaintiffs' damages alleged

herein.

## FIRST CLAIM FOR RELIEF

## NEGLIGENCE – WRONGFUL DEATH AND SURVIVAL

(By Plaintiffs EMILY, E.A.O., and D.O. III, against Defendants COUNTY, PINEDA, ROMERO, TRUJILLO, and NAVARRETE)

38.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

39.    Law enforcement officers, including DEPUTY DEFENDANTS, have a duty to use reasonable care to prevent harm or injury to others. This duty includes only making lawful detentions and arrests, using appropriate tactics, giving appropriate commands, giving warnings, not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

40.    DEPUTY DEFENDANTS breached this duty of care, including but not limited to when they: failed to act in an adequate and reasonable manner; used lethal force against DECEDENT when there was no immediate threat of death or serious bodily injury; failed to apprehend DECEDENT without using unjustifiable and unreasonable lethal force; carelessly and negligently managed the apprehension of DECEDENT so as to legally, directly, and proximately cause the fatal shooting; escalated the situation where they knew or should have known that DECEDENT was experiencing a mental crisis; engaged in pre-shooting negligent tactics.

41.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pre-death pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered emotional distress and mental anguish.  Plaintiffs have also has been deprived of

the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

42.    At all relevant times, DEPUTY DEFENDANTS were working as sheriff's deputies for the COUNTY and were acting within the course and scope of their duties as sheriff's deputies for the COUNTY.

43.    Defendant COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

44.    Plaintiffs EMILY, E.A.O., and D.O. III are DECEDENT'S successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT'S interest in this action as the natural children of DECEDENT.

45.    Plaintiffs EMILY, E.A.O., and D.O. III bring this claim individually and as successors in interest to DECEDENT, and in each case seek both wrongful death and survival damages under this claim.

46.    As a legal, direct, and proximate result of the aforementioned conduct of Defendants, Plaintiffs EMILY, E.A.O., and D.O. III have sustained damages and are entitled to recover damages pursuant to California Code of Civil Procedure Section 377.60 et seq. and based upon all other applicable statutes and case law, including but not limited to pecuniary losses, losses of support, services, parental and filial training, education, love, assistance, protection, care, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

47.    As to wrongful death damages, Plaintiffs EMILY, E.A.O., and D.O. III  have been deprived of, among many other losses: (1) the value of lost financial

and other support that DECEDENT would have contributed to his family during his lifetime; (2) the value of the gifts and benefits that he would have bestowed upon Plaintiffs EMILY, E.A.O., and D.O. III and that Plaintiffs EMILY, E.A.O., and D.O. III  reasonably expected to receive from him; (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

48.    As a legal, direct, and proximate result of the aforementioned conduct of Defendants, DECEDENT was required to and did employ physicians and surgeons for medical examinations, treatment, and care of his injuries and did incur medical and incidental expenses in an amount to be ascertained.  Also as a legal, direct, and proximate result of the aforementioned conduct of Defendants, DECEDENT was unable to attend to his usual occupation and has been damaged in a sum to be determined. As such, Plaintiffs EMILY, E.A.O., and D.O. III are also entitled to compensation for DECEDENT'S medical expenses, loss of earnings and earning capacity, as a component of the survival damages.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(By Plaintiffs ORDAZ SR., RAMIREZ, LEONEL, ROBERT, HILDA, HERNANDEZ, JUAN, against Defendants COUNTY, PINEDA, ROMERO, TRUJILLO, NAVARRETE)

49.    Plaintiffs reallege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

50.    At all times herein, Plaintiffs ORDAZ SR. and RAMIREZ were the parents of DECEDENT, and had a close, loving relationship with their son, DECEDENT. At the time of the incident, RAMIREZ and ORDAZ SR. lived in the same household with DECEDENT, along with JUAN, LEONEL, ROBERT, and HILDA.

51. At all times herein, Plaintiffs HILDA and HERNANDEZ were the sisters of DECEDENT, and had a close, loving relationship with their brother, DECEDENT. At all relevant times, HILDA shared a household with DECEDENT.

52. At all times herein, Plaintiffs LEONEL and ROBERT were the brothers of DECEDENT, and had a close, loving relationship with their brother, DECEDENT. LEONEL and ROBERT lived in the same household as DECEDENT at the time of the incident, along with JUAN, RAMIREZ, ORDAZ SR., and HILDA.

53. At all times herein, Plaintiff JUAN was the nephew of DECEDENT, and had a long loving relationship with his uncle, DECEDENT. He had a close bond with DECEDENT, and he lived in the same household with him. In the same household was ORDAZ SR., RAMIREZ, LEONEL, and HILDA.

54. On March 14, 2021, at the time of the INCIDENT, Plaintiffs ORDAZ SR., RAMIREZ, LEONEL, ROBERT, HILDA, HERNANDEZ, and JUAN were present in the front yard of their home (the scene of the INCIDENT) at the time the DECEDENT was standing in front of the home and was killed by DEPUTY DEFENDANTS. Plaintiffs ORDAZ SR., RAMIREZ, LEONEL, ROBERT, HILDA, HERNANDEZ, and JUAN contemporaneously observed DECEDENT'S injuries and death.

55. As a result of their contemporaneous observation of DECEDENT'S injury and death, Plaintiffs ORDAZ SR., RAMIREZ, LEONEL, ROBERT, HILDA, HERNANDEZ, and JUAN suffered severe and long-lasting emotional distress caused by DEPUTY DEFENDANTS, who fatally shot DECEDENT in front of his family. The shooting was an unreasonable use of force. Plaintiffs ORDAZ SR., RAMIREZ, LEONEL, ROBERT, HILDA, HERNANDEZ, and JUAN seek compensatory damages for their severe and long-lasting emotional distress on this claim.

56. At all relevant times, DEPUTY DEFENDANTS were working as

sheriff's deputies for the COUNTY and were acting within the course and scope of their duties as sheriff's deputies for the COUNTY.

57.     Defendant COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**THIRD CLAIM FOR RELIEF**

**Battery (wrongful death and survival claim)**

(By Plaintiffs EMILY, E.A.O., and D.O. III, against Defendants COUNTY,

PINEDA, ROMERO, TRUJILLO, and NAVARRETE)

58.     On March 14, 2021, the four DEPUTY DEFENDANTS each fired lethal shots at DECEDENT, killing him.

59.     Prior to the shooting, other deputies working for the COUNTY deployed less-lethal force against DECEDENT, escalating the situation.

60.     The fatal shooting of DECEDENT was excessive, unreasonable, unnecessary and unjustified.  At the time of the shooting, DECEDENT posed no immediate threat of death or serious bodily injury to any person.

61.     DEPUTY DEFENDANTS did not give DECEDENT a verbal warning that deadly force would be used.

62.     After DECEDENT had already been struck by lethal shots and was lying on the ground, ROMERO, TRUJILLO, and PINEDA continued to fire lethal shots at DECEDENT.  After ROMERO and TRUJILLO stopped firing, PINEDA fired four additional lethal rounds at the injured and unarmed DECEDENT.

63.     The shooting violated DEPUTY DEFENDANTS' training and basic police training. DEPUTY DEFENDANTS had other reasonable alternative measures to shooting, including giving a verbal warning that deadly force would

-13-

SECOND AMENDED COMPLAINT FOR DAMAGES

be used, waiting for DECEDENT to comply with the less-lethal deployments, and deploying further less-lethal weapons if that were necessary.

64.     At the time of the shooting, the DEPUTY DEFENDANTS knew or should have known that DECEDENT was experiencing a mental health crisis, and should have employed their training with respect to handling situations involving a person who is mentally ill or experiencing a mental health crisis.

65.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pre-death pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered emotional distress and mental anguish.  Plaintiffs have also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

66.     The conduct of DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to DEPUTY DEFENDANTS.

67.     At all relevant times, DEPUTY DEFENDANTS were working as sheriff's deputies for the COUNTY and were acting within the course and scope of their duties as sheriff's deputies for the COUNTY.

68.     Defendant COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

69.     Plaintiffs EMILY, E.A.O., and D.O. III are DECEDENT'S successors in interest as defined in Section 377.11 of the California Code of Civil Procedure

and succeed to DECEDENT'S interest in this action as the natural children of DECEDENT.

70.    Plaintiffs EMILY, E.A.O., and D.O. III bring this claim individually and as successors in interest to DECEDENT, and in each case seek both wrongful death and survival damages under this claim.

## FOURTH CLAIM FOR RELIEF
## FOURTH AMENDMENT – EXCESSIVE FORCE (42 U.S.C. § 1983)
(By Plaintiffs EMILY, E.A.O., and D.O. III, against Defendants PINEDA, ROMERO, TRUJILLO, NAVARRETE)

71.    Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

72.    On March 14, 2021, the four DEPUTY DEFENDANTS each fired lethal shots at DECEDENT, killing him.

73.    Prior to the shooting, other deputies working for the COUNTY deployed less-lethal force against DECEDENT, escalating the situation.

74.    The fatal shooting of DECEDENT was excessive, unreasonable, unnecessary and unjustified, including because at the time of the shooting, DECEDENT posed no immediate threat of death or serious bodily injury to any person.

75.    DEPUTY DEFENDANTS did not give DECEDENT a verbal warning that deadly force would be used.

76.    After DECEDENT had already been struck by lethal shots and was lying on the ground, ROMERO, TRUJILLO, and PINEDA continued to fire lethal shots at DECEDENT.  After ROMERO and TRUJILLO stopped firing, PINEDA fired four additional lethal rounds at the injured and unarmed DECEDENT.

77.    The shooting violated DEPUTY DEFENDANTS' training and basic police training. DEPUTY DEFENDANTS had other reasonable alternative

measures to shooting, including giving a verbal warning that deadly force would be used, waiting for DECEDENT to comply with the less-lethal deployments, and deploying further less-lethal weapons if that were necessary.

78.     At the time of the shooting, the DEPUTY DEFENDANTS knew or should have known that DECEDENT was experiencing a mental health crisis, and should have employed their training with respect to handling situations involving a person who is mentally ill or experiencing a mental health crisis. DEPUTY DEFENDANTS' unjustified shooting and other uses of force against DECEDENT deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

79.     At all relevant times, DEPUTY DEFENDANTS were acting under color of law and in the performance of their official duties as COUNTY employees and COUNTY sheriff's deputies.

80.     As a result of their misconduct, including the shooting, DEPUTY DEFENDANTS are liable for DECEDENT'S injuries and death.

81.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, and he ultimately lost his enjoyment of life, his life, and his earning capacity.

82.     The conduct of DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to DEPUTY DEFENDANTS.

83.     Plaintiffs EMILY, E.A.O., and D.O. III bring this claim in each case as a successor-in-interest to DECEDENT, and seek survival damages under this claim.  Plaintiffs further seek attorney's fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

## SUBSTANTIVE DUE PROCESS – INTERFERENCE WITH FAMILIAL RELATIONSHIP (42 U.S.C. § 1983, FOURTEENTH AMENDMENT)

(By Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, and ORDAZ SR. against Defendants PINEDA, ROMERO, TRUJILLO, NAVARRETE)

84.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

85.    Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, and ORDAZ SR. (DECEDENT'S children and parents) had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with DECEDENT.

86.    The actions of DEPUTY DEFENDANTS, as discussed herein, including DEPUTY DEFENDANTS shooting DECEDENT, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective. This includes, but is not limited to, shooting DECEDENT when he posed no immediate threat of death or serious bodily injury to any person.

87.    DEPUTY DEFENDANTS had time to deliberate before shooting DECEDENT and did deliberate before shooting him. There was no legitimate law enforcement purpose in shooting him.

88.    DEPUTY DEFENDANTS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT, their son, father, and domestic partner.

89.     As a direct and proximate cause of the acts of DEPUTY DEFENDANTS, including shooting DECEDENT, Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

90.     The conduct of DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to DEPUTY DEFENDANTS.

91.     Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, and ORDAZ SR. bring this claim in each case individually and seek wrongful death damages under this claim for the interference with Plaintiffs' familial relationship with DECEDENT.  Plaintiffs also seek attorney's fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY – UNCONSTITUTIONAL CUSTOM OR POLICY (42 U.S.C. § 1983)

(By Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, and ORDAZ SR. against Defendants COUNTY and SUPERVISOR DOES)

92.     Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of their Complaint with the same force and effect as if fully set forth herein.

93.     Defendants DEPUTY DEFENDANTS acted under color of law.

94.     When DEPUTY DEFENDANTS fatally shot DECEDENT, and engaged in other conduct alleged herein, DEPUTY DEFENDANTS acted pursuant to an expressly adopted official policy that was unconstitutional or a longstanding unconstitutional practice or custom of the Defendant COUNTY and

SUPERVISOR DOES. This claim is based on Plaintiffs' claims for excessive force under the Fourth Amendment and interference with familial relationship under the Fourteenth Amendment.

95.    On information and belief, COUNTY and SUPERVISOR DOES had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor COUNTY deputies, including DEPUTY DEFENDANTS' field conduct, behavior, activities, and psychological profiles.

96.    As employers and supervisors, SUPERVISOR DOES owed DECEDENT and Plaintiffs a duty to manage, supervise, review, investigate and monitor DEPUTY DEFENDANTS' conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of their duties and employment as deputies for the COUNTY.

97.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

98.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, SUPERVISOR DOES acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT'S and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and SUPERVISOR DOES were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

99.    On information and belief, DEPUTY DEFENDANTS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT'S death.

100.   Accordingly, Defendants COUNTY and SUPERVISOR DOES each are liable to Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, and ORDAZ SR. for compensatory damages under 42 U.S.C. § 1983.

101.   Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, and ORDAZ, SR. bring this claim individually and seek wrongful death damages under this claim. Plaintiffs EMILY, E.A.O., and D.O. III also bring this claim in each case as a successor-in-interest to DECEDENT, and also seek survival damages under this claim.  Plaintiffs also seek attorney's fees and costs under this claim.

## SEVENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(By Plaintiffs EMILY, E.A.O., and D.O. III, against Defendants COUNTY, PINEDA, ROMERO, TRUJILLO, and NAVARRETE)

102.   Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

103.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights.  When they engaged in the conduct alleged herein, including shooting DECEDENT, DEPUTY DEFENDANTS intended to interfere with DECEDENT'S constitutional rights, did successfully interfere with DECEDENT'S constitutional rights, and also acted with reckless disregard for DECEDENT'S constitutional rights.

104.   DEPUTY DEFENDANTS intentionally committed and attempted to commit acts of violence against DECEDENT.  DEPUTY DEFENDANTS violently coerced and threatened DECEDENT when they pointed their weapons at DECEDENT, and shot DECEDENT without warning, justification or excuse,.

These actions by DEPUTY DEFENDANTS interfered with DECEDENT'S civil rights to be free from unreasonable searches and seizures, free from excessive force, the right to due process, to equal protection of the laws, and to be free from state actions that shock the conscience, and to life, liberty, and property.

105.   On information and belief, DEPUTY DEFENDANTS intentionally committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which she was fully entitled to enjoy.

106.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by DEPUTY DEFENDANTS were intended to discourage him from exercising his constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

107.   The conduct of DEPUTY DEFENDANTS was a substantial factor in causing DECEDENT'S and Plaintiffs' harms, losses, injuries, and damages.

108.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pre-death pain and suffering and ultimately died.

109.   The conduct of DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to DEPUTY DEFENDANTS.

110.   At all relevant times, DEPUTY DEFENDANTS were working as sheriff's deputies for the COUNTY and were acting within the course and scope of their duties as sheriff's deputies for the COUNTY.

111.   Defendant COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act

would subject him or her to liability

112. Plaintiffs EMILY, E.A.O., and D.O. III are DECEDENT'S successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT'S interest in this action as the natural children of DECEDENT

113. Plaintiffs EMILY, E.A.O., and D.O. III bring this claim as successors in interest to DECEDENT, and in each case seek survival damages under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

- A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;
- B. For funeral and burial expenses, and loss of financial support;
- C. For punitive damages against the individual defendants in an amount to be proven at trial;
- D. For interest;
- E. For reasonable attorneys' fees, including litigation expenses;
- F. For costs of suit;
- G. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: December 21, 2023     LAW OFFICES OF DALE K. GALIPO
                            /s/ Dale K. Galipo
                            Dale K. Galipo
                            *Attorneys for Plaintiffs*

DATED: December 21, 2023       CARRILLO LAW FIRM LLP
/s/ Luis Carrillo
Luis Carrillo
Michael Carrillo
*Attorneys for Plaintiffs*

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs hereby demand a trial by jury as to all causes of action.

DATED: December 21, 2023          LAW OFFICES OF DALE K. GALIPO
                                  /s/ Dale K. Galipo
                                  _____
                                  Dale K. Galipo
                                  *Attorneys for Plaintiffs*

DATED: December 21, 2023          CARRILLO LAW FIRM LLP
                                  /s/ Luis Carrillo
                                  _____
                                  Luis Carrillo
                                  Michael Carrillo
                                  *Attorneys for Plaintiffs*