# EXHIBIT B

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo (Bar No. 144074)
2  dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, California  91367
   Telephone:    (818) 347-3333
4  Facsimile:     (818) 347-4118

5  CARRILLO LAW FIRM LLP
   Luis A. Carrillo (Bar No. 70398)
6  lac4justice@gmail.com
   Michael S. Carrillo (Bar No. 258878)
7  mc@carrillofirm.com
   1499 Huntington Drive Suite 402
8  South Pasadena, CA 91030
   Telephone:  (626) 799-9375
9  Fax:            (626) 799-9380
   ~~Alan A. Ahdoot, Esq. (State Bar No. 238594)~~
10 ~~Christopher B. Adamson, Esq. (State Bar No. 238500)~~
   ~~Federico C. Sayre, Esq. (State Bar No. 67420)~~
11 ~~**ADAMSON AHDOOT LLP**~~
   ~~1150 S. Robertson Blvd.~~
12 ~~Los Angeles, California 90035~~
   ~~T: (310) 888-0024~~
13 ~~F: (888) 895-4665~~
   ~~E: alan@aa-llp.com~~
14 ~~E: christopher@aa-llp.com~~
   ~~E: federico@aa-llp.com~~
15
   ~~Attorneys for Plaintiffs~~
16 ~~JAZMINE LUCILLE MORENO, E.A.O., a minor, by and through her Guardian~~
   ~~Ad Litem, JAZMINE LUCILLE MORENO, D.O. III, a minor, by and through his~~
17 ~~Guardian Ad Litem, JAZMINE LUCILLE MORENO, E.A.O., a minor, by and~~
   ~~through her Guardian Ad Litem, JAZMINE LUCILLE MORENO, DAVID~~
18 ~~ORDAZ MORENO, EDELMIRA RAMIREZ, LEONEL ORDAZ, ROBERT~~
   ~~ORDAZ, HILDA PEDROZA, GABRIELA HERNANDEZ,  MARIA MADERA,~~
19 ~~JUAN PEDROZA JR., and THE ESTATE OF DAVID ORDAZ JR, by and~~
   ~~through its successor-In-Interest, JAZMINE LUCILLE MORENO~~
20

21                 **UNITED STATES DISTRICT COURT**

22           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

23 ~~JAZMINE LUCILLE MORENO, E.A.O.,~~    **SECOND AMENDED**
24 ~~a minor, by and through her Guardian Ad~~    **COMPLAINT FOR DAMAGES**
   ~~Litem, JAZMINE LUCILLE~~
25 ~~MORENO~~EMILY ORDAZ~~;~~, D.O. III, a    Case No.: 2:21:CV-6062
   minor, by and through his Guardian Ad
26 Litem, ~~JAZMINE LUCILLE~~ Monica    **~~FIRST AMENDED COMPLAINT~~**
   Moreno~~MORENO~~~~;~~, E.A.O., a minor, by    **~~FOR DAMAGES FOR:~~**
27 and through her Guardian Ad Litem,
   ~~JAZMINE LUCILLE MORENO~~Monica
28 Moreno~~;~~, DAVID ORDAZ, SR.

---
                              -1-

~~MORENO;~~ EDELMIRA RAMIREZ~~;,~~
LEONEL ORDAZ~~;,~~ ROBERT ORDAZ~~;,~~
HILDA PEDROZA~~;,~~ GABRIELA
HERNANDEZ~~;,~~ ~~MARIA MADERA,~~
JUAN PEDROZA, JR~~., and THE~~
~~ESTATE OF DAVID ORDAZ JR, by and~~
~~through its successor in interest,~~
~~JAZMINE LUCILLE MORENO~~

Plaintiffs,

vs.

COUNTY OF LOS ANGELES, a public
entity, REMIN PINEDA, an individual;
EDWIN NAVARRETE, an individual;
JAIME ROMERO, an individual;
NATHANIEL TRUJILLO; an individual;
and DOES 1 through 1~~5~~0, inclusive,

Defendants.

1.   ~~NEGLIGENCE –~~
     ~~WRONGFUL DEATH~~
     ~~ACTION;~~Negligence
     (Wrongful Death and Survival)

2.   ~~NEGLIGENCE – SURVIVAL~~
     ~~ACTION;~~

2.   ~~NEGLIGENCE –~~
     ~~INFLICTION OF~~
     ~~EMOTIONAL DISTRESS~~
     ~~ACTION;~~Negligent Infliction
     of Emotional Distress

3.   Battery (wrongful death and
     survival)

4.   ~~VIOLATION OF~~
     ~~TITLE~~Excessive Force (42
     U.S.C. § 1983 and the Fourth
     Amendment~~, 1988~~)~~;~~

5.   Substantive Due Process,
     Interference with Familial
     Relationship (42 U.S.C. § 1983
     and the Fourteenth
     Amendment)

6.   Unconstitutional Custom (42
     U.S.C. § 1983 and *Monell*)

~~4.~~

~~5.~~   ~~VIOLATION OF~~
     ~~CALIFORNIA CIVIL~~
     ~~CODE~~Violation of California
     Civil Code §52.1~~1.7~~ (Bane
     Act)~~"THE RALPH ACT"~~

~~7.~~
~~PLAINTIFFS REQUESTS TRIAL~~
~~BY JURY~~

~~DEMAND IS ABOVE $75,000.00~~

## **JURISDICTION**

1.   Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 (federal

question) and § 1343(3) (civil rights). The state law claims for relief are within the

~~FIRST~~ SECOND AMENDED COMPLAINT FOR DAMAGES

supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

## **VENUE**

2.      Plaintiff~~'s~~' claims herein arise out of the fatal shooting of David Ordaz, Jr. ("DECEDENT") and other uses of force against him on March 14, 2021, by ~~an incident involving d~~a Deputy ~~s~~Sheriff~~s~~ working for ~~'s of~~ the ~~C~~county of Los Angeles. The incident ~~, which incident~~ occurred in the county of Los Angeles in the state of California and within this judicial district. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## **PARTIES**

3.      At all relevant times, DAVID ORDAZ, JR. ("DECEDENT") was a resident of the County of Los Angeles, State of California.

4.      ~~Plaintiffs, JAZMINE LUCILLE MORENO~~Plaintiff ~~, E.A.O., a minor, by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO~~EMILY ORDAZ ("EMILY") was a resident of the County of Los Angeles, State of California, at all relevant times.  EMILY sues in her individual capacity as the ~~minor~~ daughter of DECEDENT and also as a successor in interest to DECEDENT.  EMILY seeks both survival and wrongful death damages under federal and state law.

5.      Plaintiff E.A.O., a minor, by and through her Guardian ad Litem, ~~JAZMINE~~Monica Moreno, was a resident of the County of Los Angeles, State of California, at all relevant times. E.A.O. sues in her individual capacity as the minor daughter of DECEDENT and also as a successor in interest to DECEDENT.  E.A.O. seeks both survival and wrongful death damages under federal and state law.

6.      Plaintiff ~~,~~ D.O., III, a minor, by and through his Guardian ~~a~~Ad Litem, ~~JAZMINE,~~Monica Moreno, ~~LUCILLE MORENO~~was a resident of the County of

~~FIRST~~ SECOND AMENDED COMPLAINT FOR DAMAGES

Los Angeles, State of California, at all relevant times. D.O., III sues in his individual capacity as the minor son of DECEDENT and also as a successor in interest to DECEDENT. D.O., II seeks both survival and wrongful death damages under federal and state law.

7.     Plaintiffs JAZMINE, D.O. III, E.A.O., and EMILY are DECEDENT'S successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT'S interest in this action as the natural domestic partner and children, respectively, of DECEDENT.

8.     Plaintiff ~~, E.A.O., a minor, by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO,~~ DAVID ORDAZ ~~MORENO~~SR. ("~~MORENO~~ORDAZ SR.") was a resident of the County of Los Angeles, State of California, at all relevant times. ~~MORENO~~ORDAZ SR. sues in his individual capacity as the father of DECEDENT. ~~MORENO~~ORDAZ SR. seeks wrongful death damages under federal law. ~~MORENO~~ORDAZ SR. also seeks compensatory damages under his Ralph Act claim and Negligent Infliction of Emotional Distress ("NIED") claim.

9.     Plaintiff ~~,~~ EDELMIRA RAMIREZ ("RAMIREZ") was a resident of the County of Los Angeles, State of California, at all relevant times. RAMIREZ sues in her individual capacity as the mother of DECEDENT. RAMIREZ seeks wrongful death damages under federal law. RAMIREZ also seeks compensatory damages for her NIED claim.

10.    Plaintiff ~~,~~ LEONEL ORDAZ ("LEONEL") was a resident of the County of Los Angeles, State of California, at all relevant times. LEONEL is the brother of DECEDENT and sues in his individual capacity. LEONEL seeks compensatory damages for NIED claim.

11.    Plaintiff ~~,~~ ROBERT ORDAZ ("ROBERT") was a resident of the County of Los Angeles, State of California, at all relevant times. ROBERT is the brother of DECEDENT and sues in his individual capacity. ROBERT seeks

compensatory damages for his NIED claim.

12.    Plaintiff , HILDA PEDROZA ("HILDA") was a resident of the County of Los Angeles, State of California, at all relevant times. HILDA is the sister of DECEDENT and sues in her individual capacity. HILDA seeks compensatory damages for her NIED claim.

13.    Plaintiff , GABRIELA HERNANDEZ ("HERNANDEZ") was a resident of the County of Los Angeles, State of California, at all relevant times. HERNANDEZ is the sister of DECEDENT and sues in her individual capacity. HERNANDEZ seeks compensatory damages for her NIED claim.

14.    , MARIA MADERA Plaintiff , JUAN PEDROZA, JR. ("JUAN") was a resident of the County of Los Angeles, State of California, at all relevant times. JUAN is the nephew of DECEDENT and sues in his individual capacity. JUAN seeks compensatory damages for his NIED claim.

3.    and THE ESTATE OF DAVID ORDAZ JR, by and through its successor in interest, JAZMINE LUCILLE MORENO.

15.    Defendant s COUNTY OF LOS ANGELES ("COUNTY"), a public entity, is and was a municipal corporation existing under the laws of the State of California.  COUNTY is a chartered subdivision of the State of California with the capacity to be sued.  COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles County Sheriff's Department and its agents and employees.  At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Los Angeles County Sheriff's Department and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, COUNTY was the employer of Defendants PINEDA, NAVARRETE, ROMERO, and TRUJILLO.

16.    Defendant REMIN PINEDA ("PINEDA"), an individual, is a sheriff's

deputy working for the Los Angeles County Sheriff's Department.  At all relevant times, PINEDA was acting under color of law within the course and scope of his duties as sheriff's deputy for the COUNTY Sheriff's Department.  At all relevant times, PINEDA was acting with the complete authority and ratification of his principal, Defendant COUNTY.  PINEDA is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a).

17.    Defendant ; EDWIN NAVARRETE ("NAVARRETE"), an individual, an individual, is a sheriff's deputy working for the Los Angeles County Sheriff's Department.  At all relevant times, NAVARRETE was acting under color of law within the course and scope of his duties as sheriff's deputy for the COUNTY Sheriff's Department.  At all relevant times, NAVARRETE was acting with the complete authority and ratification of his principal, Defendant COUNTY.  NAVARRETE is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a)

18.    Defendant ; JAIME ROMERO ("ROMERO"), an individual, an individual, is a sheriff's deputy working for the Los Angeles County Sheriff's Department.  At all relevant times, ROMERO was acting under color of law within the course and scope of his duties as sheriff's deputy for the COUNTY Sheriff's Department.  At all relevant times, ROMERO was acting with the complete authority and ratification of his principal, Defendant COUNTY.  ROMERO is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a);

19.    Defendant NATHANIEL TRUJILLO ("TRUJILLO"), an individual, an individual, is a sheriff's deputy working for the Los Angeles County Sheriff's Department.  At all relevant times, TRUJILLO was acting under color of law

within the course and scope of his duties as sheriff's deputy for the COUNTY

Sheriff's Department.  At all relevant times, TRUJILLO was acting with the

complete authority and ratification of his principal, Defendant COUNTY. .

TRUJILLO is statutorily liable for injury caused by his act or omission to the

same extent as a private person would be, as provided by Government Code

Section 820(a)

20.    In doing the acts and failing and omitting to act as hereinafter

described, PINEDA, ROMERO, NAVARRETE, and TRUJILLO ("DEPUTY

DEFENDANTS") were acting on the implied and actual permission and consent

of the COUNTY.

21.    Defendants DOES 1-5 ("SUPERVISOR DOES") are managerial,

supervisorial, and policymaking employees of the Los Angeles County Sheriff's

Department, who were acting under color of law within the course and scope of

their duties as managerial, supervisorial, and policymaking employees for the Los

Angeles County Sheriff's Department.  SUPERVISOR DOES were acting with

the complete authority and ratification of their principal, Defendant COUNTY

22.    In doing the acts and failing and omitting to act as hereinafter

described, DEPUTY DEFENDANTS and all "Doe" Defendants were acting on

the implied and actual permission and consent of the COUNTY.

~~PLAINTIFFS is informed, believes, and thereon alleges, that~~
~~DEFENDANTS and/or DOES 1-50, and each of them, have a statutory duty and~~
~~are statutorily liable for injury caused by their act or omission to the same extent~~
~~as a private person would be, as provided by Government Code Section 820(a).~~

23.    The true names and capacities, whether individual, plural, corporate,

partnership, associate, or otherwise, of DOES 1-1~~5~~0, inclusive, are unknown to

~~PLAINTIFFS~~Plaintiffs, who therefore sue said ~~DEFENDANTS~~efendants by such

fictitious names. The full extent of the facts linking such fictitiously sued

~~DEFENDANTS~~efendants are unknown to ~~PLAINTIFFS~~laintiffs.

1  PLAINTIFFlaintiffsS isare informed, believes, and thereon alleges that each of the
2  DEFENDANTSefendants designated herein as a DOE"Doe" was, and is,
3  negligent, or in some other actionable manner, responsible for the events and
4  happenings hereinafter referred to, and thereby negligently, or in some other
5  actionable manner, legally and proximately caused the described injuries and
6  damages to DECEDENT.  PLAINTIFFSPlaintiffs will seek leave of the Court to
7  amend this Complaint to show the "Doe DEFENDANTS'Defendants'" true names
8  and capacities after the same hasve been ascertained.

9      24.    At all times mentioned herein, each and every defendant was the agent
10 of each and every other defendant and had the legal duty to oversee and supervise
11 the hiring, conduct, and employment of each and every defendant.

12     25.    All of the acts complained of herein by Plaintiffs against Defendants
13 were done and performed by said Defendants by and through their authorized
14 agents, servants, and/or employees, all of whom at all relevant times herein were
15 acting within the course, purpose, and scope of said agency, service, and/or
16 employment capacity.  Moreover, Defendants and their agents ratified all of the
17 acts complained of herein.

18     26.    DOES 1-10 are sued in their individual capacity.

19 ══

20     PLAINTIFFS are informed, believes, and thereon allege that at all
21 times relevant and mentioned herein, DEFENDANTS and/or DOES 1-50, and each
22 of them, were the agents, servants, employees, and/or successors in interest, and/or
23 joint venturers of their co-defendants, and each of them was acting within the
24 course, scope, and authority of said agency, employment, and/or venture, and that
25 each and every defendant, as aforesaid, when acting as a principal, was negligent
26 in the selection and hiring, retention, training and supervision of each and every
27 other defendant as an agent, employee and/or joint venturer. Further, that each said
28 defendant, while acting as a principal, expressly directed, consented to, approved,

1  affirmed, and ratified each and every action taken by their co-defendants, as

2  alleged. PLAINTIFF is informed, believes, and thereon alleges that said fictitiously

3  named DEFENDANTS and/or DOES 1-50, and each of them, engaged in the same

4  or similar conduct as DEFENDANTS and/or DOES 1-50, thereby proximately

5  causing DECEDENT'S fatal injuries and damages as set forth herein, either

6  through the said fictitious DEFENDANTS' own negligent conduct or through the

7  conduct of agents, servants, or employees, or due to their ownership, rental, use, or

8  maintenance of the property operated by DEFENDANT LOS ANGELES.

9       27.    PLAINTIFFS are informed and believe, and thereon allege, that

10  pursuant to California Government Code §§ 815.2, 815.4, and 820(a),

11  DEFENDANTS and/or DOES 1-50, and each of them, are vicariously liable for

12  the action and omissions of their employees, agents, and/or independent

13  contractors. On or about April 15, 2021, prior to the filing of this Complaint, and

14  pursuant to the provisions of Government Code section 910, et seq., Plaintiffs

15  timely, properly, and duly submitted to COUNTY claims for the injuries and

16  damages set forth herein on account of the events described herein. On June 9,

17  2021, COUNTY sent correspondence rejecting Plaintiffs' claims.

18       28.    On or about May 24, 2021, prior to the filing of this Complaint, and

19  pursuant to the provisions of Government Code section 910, et seq., Plaintiffs

20  timely, properly, and duly submitted to COUNTY an amended claim for the

21  injuries and damages set forth herein on account of the events described herein. On

22  June 7, 2021, COUNTY sent correspondence rejecting Plaintiffs' amended claims.

23       29.    Prior to filing the instant Second Amended Complaint, Plaintiffs

24  timely filed their initial Complaint on July 27, 2021.

25       ═══

26  4.

27                    **STATEMENT OF FACTS**

28  23.    The claims set forth herein arise from the death of DAVID ORDAZ JR.,

(hereinafter "DECEDENT") which occurred on March 14, 2021, in Los Angeles County within the Central district of the Federal District Court, State of California, (hereinafter referred to as the "SUBJECT INCIDENT").

4      24.     At all times mentioned herein, PLAINTIFFS were, and are, residing in the County of Los Angeles, California. PLAINTIFFS bring this lawsuit as the successor in interest and survivor of DAVID ORDAZ JR., deceased, under Code of Civil Procedure 377.30.

8      25.     DECEDENT'S death occurred in front of the family residence located at 168 N. Rowan, Los Angeles, California 90063, Los Angeles County within the Los Angeles Superior Court judicial district, and therefore the proper Court in which to bring this action, pursuant to 28 U.S.C. Sec 1391(b); 42 U.S.D. Sec 2000(e) - 5(4)(3).

13      26.     DEFENDANT LOS ANGELES at all times herein relevant, is a public entity duly organized and existing under and by virtue of laws of the State of California and authorized to do and is doing business in the State of California.

16      27.     PLAINTIFFS are informed, believe, and thereon allege, that each of the DEFENDANTS is a member of the Los Angeles County Sheriff Department who were involved in the shooting and wrongful death of David Ordaz Jr., Decedent.

20      28.     PLAINTIFFS are informed, believes, and thereon allege, that DEFENDANT PINEDA is the Sheriff of Los Angeles County who has a statutory duty and is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided by Government Code Section 820(a).

25      29.     PLAINTIFFS are informed, believes, and thereon allege, that DEFENDANT NAVARRETE is a member of the Sheriff's Department of Los Angeles County who has a statutory duty and is statutorily liable for injury caused by his act or omission to the same extent as a private person would be, as provided

1  by Government Code Section 820(a).

2          30.    PLAINTIFFS are informed, believes, and thereon allege, that

3  DEFENDANT ROMERO is a member of the Sheriff's Department of Los Angeles

4  County who has a statutory duty and is statutorily liable for injury caused by his

5  act or omission to the same extent as a private person would be, as provided by

6  Government Code Section 820(a).

7          31.    PLAINTIFFS are informed, believes, and thereon allege, that

8  DEFENDANT TRUJILLO is a member of the Sheriff's Department of Los

9  Angeles County who has a statutory duty and is statutorily liable for injury caused

10  by his act or omission to the same extent as a private person would be, as provided

11  by Government Code Section 820(a).

12          32.23.PLAINTIFFS is informed, believes, and thereon alleges, that

13  DEFENDANTS and/or DOES 1-50, and each of them, have a statutory duty and

14  are statutorily liable for injury caused by their act or omission to the same extent as

15  a private person would be, as provided by Government Code Section 820(a).

16          33.23.The true names and capacities, whether individual, plural, corporate,

17  partnership, associate, or otherwise, of DOES 1-50, inclusive, are unknown to

18  PLAINTIFFS, who therefore sue said DEFENDANTS by such fictitious names.

19  The full extent of the facts linking such fictitiously sued DEFENDANTS are

20  unknown to PLAINTIFFS. PLAINTIFFS is informed, believes, and thereon

21  alleges that each of the DEFENDANTS designated herein as a DOE was, and is,

22  negligent, or in some other actionable manner, responsible for the events and

23  happenings hereinafter referred to, and thereby negligently, or in some other

24  actionable manner, legally and proximately caused the described injuries and

25  damages to DECEDENT. PLAINTIFFS will seek leave of the Court to amend this

26  Complaint to show the DEFENDANTS' true names and capacities after the same

27  have been ascertained.

28          34.23.PLAINTIFFS are informed, believes, and thereon allege that at all

-11-

1    ~~times relevant and mentioned herein, DEFENDANTS and/or DOES 1-50, and each~~

2    ~~of them, were the agents, servants, employees, and/or successors in interest, and/or~~

3    ~~joint venturers of their co-defendants, and each of them was acting within the~~

4    ~~course, scope, and authority of said agency, employment, and/or venture, and that~~

5    ~~each and every defendant, as aforesaid, when acting as a principal, was negligent~~

6    ~~in the selection and hiring, retention, training and supervision of each and every~~

7    ~~other defendant as an agent, employee and/or joint venturer. Further, that each said~~

8    ~~defendant, while acting as a principal, expressly directed, consented to, approved,~~

9    ~~affirmed, and ratified each and every action taken by their co-defendants, as~~

10   ~~alleged. PLAINTIFF is informed, believes, and thereon alleges that said fictitiously~~

11   ~~named DEFENDANTS and/or DOES 1-50, and each of them, engaged in the same~~

12   ~~or similar conduct as DEFENDANTS and/or DOES 1-50, thereby proximately~~

13   ~~causing DECEDENT'S fatal injuries and damages as set forth herein, either~~

14   ~~through the said fictitious DEFENDANTS' own negligent conduct or through the~~

15   ~~conduct of agents, servants, or employees, or due to their ownership, rental, use, or~~

16   ~~maintenance of the property operated by DEFENDANT LOS ANGELES.~~

17          ~~35.~~23. ~~PLAINTIFFS are informed and believe, and thereon allege, that~~

18   ~~pursuant to California Government Code §§ 815.2, 815.4, and 820(a),~~

19   ~~DEFENDANTS and/or DOES 1-50, and each of them, are vicariously liable for~~

20   ~~the action and omissions of their employees, agents, and/or independent~~

21   ~~contractors.~~

22          30.    On March 14, 2021, the four DEPUTY DEFENDANTS each fired

23   lethal shots at DECEDENT, killing him.  The shooting and other uses of force took

24   place in front of the family residence located at 168 N. Rowan, Los Angeles,

25   California 90063.

26          31.    Prior to the shooting, other deputies working for the COUNTY

27   deployed less-lethal force against DECEDENT, escalating the situation.

28          32.    the ~~DECEDENT, DAVID ORDAZ JR.,~~The shooting and other uses of

force against DECEDENT were excessive, unreasonable, was confronted by DEFENDANTS who used unnecessary and lethal force to unjustifiably kill DAVID ORDAZ JR., DECEDENTand unjustified. At the time of the uses of force against him, DECEDENT posed no immediate threat of death or serious bodily injury to any person.

33.    DEPUTY DEFENDANTS did not give DECEDENT a verbal warning that deadly force would be used.

34.    The DEPUTY DEFENDANTS fired shots at DECEDENT as DECEDENT was going to the ground.  After DECEDENT had already been struck by lethal shots and was lying on the ground, ROMERO, TRUJILLO, and PINEDA continued to fire lethal shots at DECEDENT.  After ROMERO and TRUJILLO stopped firing, PINEDA fired additional lethal rounds at the injured and unarmed DECEDENT.

35.    The shooting violated DEPUTY DEFENDANTS' training and basic police training. DEPUTY DEFENDANTS had other reasonable alternative measures to shooting, including giving a verbal warning that deadly force would be used, waiting for DECEDENT to comply with the less-lethal deployments, and deploying further less-lethal weapons if that were necessary.

36.    At the time of the shooting, the DEPUTY DEFENDANTS knew or should have known that DECEDENT was experiencing a mental health crisis, and should have employed their training with respect to handling situations involving a person who is mentally ill or experiencing a mental health crisis.  On information and belief, the shooting by DEPUTY DEFENDANTS violated their training and basic police training. The Sheriffs deputies alleged the reason they used lethal force was because DECEDENT, DAVID ORDAZ JR., launched at them with a knife; however, the video shows that DECEDENT, DAVID ORDAZ JR., after being hit with non-lethal rounds turned to flee down the sidewalk and did not launch at the Sheriff's Deputies. In fact, the coroners report shows that all of the

bullets except two, struck him on the back and on the side and the final bullet as visualized in the video shows a helpless DAVID ORDAZ JR., looking up from the pavement without any weapon, and the killing shot was fired into his chest.

37.   On March 14, 2021, DAVID ORDAZ JR., DECEDENT, was not in his right mind and required special attention and handling to avoid injury.  Such special attention and handling were not provided by DEFENDANTS, and instead DEFENDANTS used unjustifiable lethal force causing the death of DAVID ORDAZ JR., DECEDENT.

38.37. DEPUTY DEFENDANTS At said time and place, DEFENDANTS and/or DOES 1-50, and each of them, had a duty to exercise reasonable care in the apprehension and detention of DECEDENT DAVID ORDAZ JR., who was not in his right mindmentally ill or experiencing a mental health crisis at the time of the uses of force against him.  Despite these duties, DEPUTY DEFENDANTS and SUPERVISOR DOES , and/or DOES 1-50, and each of them, negligently, recklessly, and carelessly managed, maintained, operated, controlled, and supervised the apprehension of DAVID ORDAZ JR., DECEDENT, so as to directly and proximately cause the death of the DECEDENT DAVID ORDAZ JR., as well as causing and PLAINTIFFS Plaintiffs' damages alleged herein.

39.   PLAINTIFFS are informed, believe, and thereon allege, that at all times herein relevant, DEFENDANT PINEDA was employed by DEFENDANTS and/or DOES 1-50, and was, at all times herein relevant, acting within the scope of his duties for DEFENDANTS.  PLAINTIFFS are informed, believe, and thereon allege, that DEFENDANT PINEDA failed in his duty to apprehend DECEDENT safely without using unjustifiable lethal force.

40.   PLAINTIFFS are informed, believe, and thereon allege, that at all times herein relevant, DEFENDANT NAVARRETE was employed by DEFENDANTS and/or DOES 1-50, and was, at all times herein relevant, acting within the scope of his duties for DEFENDANTS.  PLAINTIFFS are informed, believe, and thereon

allege, that DEFENDANT NAVARRETE failed in his duty to apprehend DECEDENT safely without using unjustifiable lethal force.

41. PLAINTIFFS are informed, believe, and thereon allege, that at all times herein relevant, DEFENDANT ROMERO was employed by DEFENDANTS and/or DOES 1-50, and was, at all times herein relevant, acting within the scope of his duties for DEFENDANTS. PLAINTIFFS are informed, believe, and thereon allege, that DEFENDANT ROMERO failed in his duty to apprehend DECEDENT safely without using unjustifiable lethal force.

42. PLAINTIFFS are informed, believe, and thereon allege, that at all times herein relevant, DEFENDANT TRUJILLO was employed by DEFENDANTS and/or DOES 1-50, and was, at all times herein relevant, acting within the scope of his duties for DEFENDANTS. PLAINTIFFS are informed, believe, and thereon allege, that DEFENDANT TRUJILLO failed in his duty to apprehend DECEDENT safely without using unjustifiable lethal force.

43. As a result of the SUBJECT INCIDENT, DECEDENT suffered severe, traumatic, debilitating, and ultimately fatal injuries that necessitated significant medical care and resulted in his death.

44. On or about April 15, 2021, prior to the filing of this Complaint, and pursuant to the provisions of Government Code section 910, et seq., PLAINTIFFS timely, properly, and duly submitted to DEFENDANT LOS ANGELES a claim for the injuries and damages set forth herein on account of the events described herein. Attached as Exhibit "A" is a true and correct copy of PLAINTIFFS' claim form. On June 9, 2021, DEFENDANT LOS ANGELES sent correspondence rejecting PLAINTIFFS' claim. Attached as Exhibit "B" is a true and correct copy of DEFENDANT LOS ANGELES' correspondence.

45. On or about May 24, 2021, prior to the filing of this Complaint, and pursuant to the provisions of Government Code section 910, et seq., PLAINTIFFS timely, properly, and duly submitted to DEFENDANT LOS ANGELES an amended

1  ~~claim for the injuries and damages set forth herein on account of the events described~~
2  ~~herein. Attached as Exhibit "C" is a true and correct copy of PLAINTIFFS' claim~~
3  ~~form. On June 7, 2021, DEFENDANT LOS ANGELES sent correspondence~~
4  ~~rejecting PLAINTIFFS' claim. Attached as Exhibit "D" is a true and correct copy of~~
5  ~~DEFENDANT LOS ANGELES' correspondence.~~
6  ~~///~~

### FIRST ~~CAUSE OF ACTION~~ CLAIM FOR RELIEF

### NEGLIGENCE – WRONGFUL DEATH AND SURVIVAL

(By P~~LAINTIFFS~~laintiffs JAZMINE, EMILY, E.A.O., and D.O. III, against ~~DEFENDANTS~~ Defendants ~~and/or DOES 1-50~~ COUNTY, PINEDA, ROMERO, TRUJILLO, and NAVARRETE)

38.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

39.    Law enforcement officers, including DEPUTY DEFENDANTS, have a duty to use reasonable care to prevent harm or injury to others. This duty includes only making lawful detentions and arrests, using appropriate tactics, giving appropriate commands, giving warnings, not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

40.    DEPUTY DEFENDANTS breached this duty of care, including but not limited to when they: failed to act in an adequate and reasonable manner; failed to apprehend DECEDENT without using unjustifiable lethal force; carelessly and negligently managed the apprehension of DECEDENT so as to legally, directly, and proximately cause the fatal shooting; escalated the situation where they knew or should have known that DECEDENT was experiencing a mental crisis; engaged in pre-shooting negligent tactics.

41.    As a direct and proximate result of Defendants' conduct as alleged

above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pre-death pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered emotional distress and mental anguish.  Plaintiffs have also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

42.    At all relevant times, DEPUTY DEFENDANTS were working as sheriff's deputies for the COUNTY and were acting within the course and scope of their duties as sheriff's deputies for the COUNTY.

43.    Defendant COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

44.    Plaintiffs EMILY, E.A.O., D.O. III, and JAZMINE are DECEDENT'S successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT'S interest in this action as the natural children and domestic partner, respectively, of DECEDENT.

45.    Plaintiffs EMILY, E.A.O., D.O. III, and JAZMINE bring this claim individually and as successors in interest to DECEDENT, and in each case seek both wrongful death and survival damages under this claim.

46.    PLAINTIFFS JAZMINE LUCILLE MORENO, E.A.O.., a minor, by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO, D.O. III, a minor, by and through his Guardian Ad Litem, JAZMINE LUCILLE MORENO, E.A.O., a minor, by and through her Guardian Ad Litem, and THE ESTATE OF DAVID ORDAZ JR, by and through its successor in interest, JAZMINE LUCILLE MORENO re-alleges and incorporates herein by reference each and

-17-
FIRST SECOND AMENDED COMPLAINT FOR DAMAGES
17

every allegation and statement contained in the prior paragraphs.

47.   PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned, DEFENDANT PINEDA was an employee and/or agent acting within the scope of that agency or employment or servility of DEFENDANTS and/or DOES 1-50.

48.   PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned, DEFENDANT NAVARRETE was an employee and/or agent acting within the scope of that agency or employment or servility of DEFENDANTS and/or DOES 1-50.

49.   PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned, DEFENDANT ROMERO was an employee and/or agent acting within the scope of that agency or employment or servility of DEFENDANTS and/or DOES 1-50.

50.   PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned, DEFENDANT TRUJILLO was an employee and/or agent acting within the scope of that agency or employment or servility of DEFENDANTS and/or DOES 1-50.

51.   PLAINTIFFS are informed and believe, and thereon allege, that on and prior to March 14, 2021, DEFENDANTS and/or DOES 1-50, and each of them, owed a duty of reasonable care to DECEDENT, and DEFENDANTS and/or DOES 1-50, breached that duty when they failed to act in an adequate and reasonable manner. PLAINTIFFS are informed, believe, and thereon allege that, at all times relevant and mentioned herein, DEFENDANTS and/or DOES 1-50, and each of them, owed a duty of care to all reasonably foreseeable people, including DECEDENT, to apprehend DECEDENT without unjustifiable lethal force.

52.   PLAINTIFFS are informed, believe, and thereon allege that, at all times relevant and mentioned herein, DEFENDANTS and/or DOES 1-50, and each of them, carelessly and negligently managed, the apprehension of DECEDENT, so as

-18-

1  to legally, directly, and proximately cause the SUBJECT INCIDENT.

2  53.    PLAINTIFFS are informed, believe, and thereon allege that DEFENDANTS

3  and/or DOES 1-50, and each of them, breached their duty to control and apprehend

4  DECEDENT, thereby causing DECEDENT'S death and damages to

5  PLAINTIFFFS.

6  54.    PLAINTIFFS are informed, believe, and thereon allege, that

7  DEFENDANTS and/or DOES 1-50, and each of them, were agents, servants,

8  employees, successors in interest, and/or joint venturers of their co-defendants, and

9  were, as such, acting within the course, scope, and authority of said agency,

10 employment and/or venture, and that each and every defendant, as aforesaid, when

11 acting as a principal, was negligent in the selection of each and every other

12 defendant as an agent, servant, employee, successor in interest, and/or joint

13 venturer.

14 55.    PLAINTIFFS is informed, believe, and thereon allege, that at all times

15 mentioned herein, DEFENDANTS and/or DOES 1-50, and each of them,

16 carelessly and negligently managed, controlled, and apprehended DECEDENT

17 with unjustifiable lethal force so as to legally and proximately causing

18 DECEDENT'S untimely death and damages to PLAINTIFFS.

19 56.    More specifically, PLAINTIFF is informed, believes, and thereon

20 alleges that, at all times relevant and mentioned herein, DEFENDANT PINEDA

21 carelessly and negligently apprehended DECEDENT with unjustifiable lethal

22 force.

23 57.    More specifically, PLAINTIFF is informed, believes, and thereon

24 alleges that, at all times relevant and mentioned herein, DEFENDANT

25 NAVARRETE carelessly and negligently apprehended DECEDENT with

26 unjustifiable lethal force.

27 58.    More specifically, PLAINTIFF is informed, believes, and thereon

28 alleges that, at all times relevant and mentioned herein, DEFENDANT ROMERO

1  carelessly and negligently apprehended DECEDENT with unjustifiable lethal
2  force.

3         59.    More specifically, PLAINTIFF is informed, believes, and thereon
4  alleges that, at all times relevant and mentioned herein, DEFENDANT TRUJILLO
5  carelessly and negligently apprehended DECEDENT with unjustifiable lethal
6  force.

7         60.    As a legal, direct, and proximate result of the aforementioned conduct
8  of the DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT
9  suffered severe, traumatic, irreparable injuries to his body, nervous system, and
10 person, all of which said injuries ultimately caused DECEDENT'S death on March
11 14, 2021.

12        61.    As a legal, direct, and proximate result of the aforementioned conduct
13 of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF
14 JAZMINE LUCILLE MORENO lost the life of her domestic partner and sustained
15 damages in an amount that will be stated according to proof.

16        62.    As a legal, direct, and proximate result of the aforementioned conduct
17 of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EMILY
18 ALYSSA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE
19 MORENO lost the life of her father and sustained damages in an amount that will
20 be stated according to proof.

21        63.    As a legal, direct, and proximate result of the aforementioned conduct
22 of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF ERIAL
23 ANDREA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE
24 MORENO lost the life of her father and sustained damages in an amount that will
25 be stated according to proof.

26        64.    As a legal, direct, and proximate result of the aforementioned conduct
27 of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID
28 ORDAZ III by and through her Guardian Ad Litem JAZMINE LUCILLE

FIRST SECOND AMENDED COMPLAINT FOR DAMAGES

MORENO lost the life of his father and sustained damages in an amount that will be stated according to proof.

65.46. As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50 Defendants, Plaintiffs EMILY, E.A.O., and D.O. III and each of them, PLAINTIFFS have sustained damages and are entitled to recover damages pursuant to California Code of Civil Procedure Section 377.60 et seq. and based upon all other applicable statutes and case law, including but not limited to pecuniary losses, losses of support, services, parental and filial training, education, love, assistance, protection, care, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

47.    As to wrongful death damages, Plaintiffs EMILY, E.A.O., and D.O. III  PLAINTIFFS have been deprived of, among many other lossess:, (1) the value of lost financial and other support that DECEDENT would have contributed to his family and estate during his lifetime:, (2) the value of the gifts and benefits that he would have bestowed upon Plaintiffs EMILY, E.A.O., and D.O. III PLAINTIFFS and that PPlaintiffs EMILY, E.A.O., and D.O. III LAINTIFFS reasonably expected to receive from him:, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

66.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE – SURVIVAL ACTION**

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-50)

67.    PLAINTIFFS JAZMINE LUCILLE MORENO, E.A.O., a minor, by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO, D.O. III, a minor, by and through his Guardian Ad Litem, JAZMINE LUCILLE MORENO, E.A.O., a minor, by and through her Guardian Ad Litem, and THE ESTATE OF DAVID ORDAZ JR, by and through its successor in interest, JAZMINE

1 | LUCILLE MORENO, re-allege and incorporates herein by reference each and
2 | every allegation and statement contained in the prior paragraphs.

3 | 68.   As a legal, direct, and proximate result of the aforementioned conduct
4 | of the DEFENDANTS and/or DOES 1-50, and each of themDefendants,
5 | DECEDENT was required to and did employ physicians and surgeons for medical
6 | examinations, treatment, and care of his injuries and did incur medical and
7 | incidental expenses in an amount to be ascertained.

8 | 69.   Also as a legal, direct, and proximate result of the aforementioned conduct
9 | of the DEFENDANTS and/or DOES 1-50, and each of themDefendants,
10 | DECEDENT was unable to attend to his usual occupation and has been damaged
11 | in a sum to be determined.

12 | 70.   As a result of the foregoing, PLAINTIFFS, as the heirs of DECEDENT and
13 | as his successors in interest, hereby assert a survivors' claims on behalf of him, the
14 | deceased, pursuant to California Code of Civil Procedure Sections 377.10, 377.20,
15 | 377.30, et seq., and based upon all other applicable statutes and case law and
16 | succeed to causes of action that might have been brought by DECEDENT.
17 | PLAINTIFFS will file a declaration under penalty of perjury as required by Code
18 | of Civil Procedure Section 377.32 concurrently herewith this Complaint.

19 | 48.   As such, Plaintiffs EMILY, E.A.O., and D.O. III PLAINTIFFS are
20 | also entitled to compensation for DECEDENT'S medical expenses, loss of
21 | earnings and earning capacity, as a component of the survival damages.

22 |
23 | //
24 | 71.

25 | **THIRD CAUSE OF ACTIONSECOND CLAIM FOR RELIEF**
26 | **NEGLIGENT CE INFLICTION OF EMOTIONAL DISTRESS**
27 | (By Plaintiffs MORENOORDAZ SR., RAMIREZ, LEONEL, ROBERT, HILDA,
28 | HERNANDEZ, JUAN LAINTIFFS against DEFENDANTS and/or DOES 1-

50Defendants COUNTY, PINEDA, ROMERO, TRUJILLO, NAVARRETE)

72.49. PLAINTIFFS DAVID ORDAZ MORENO, EDELMIRA RAMIREZ, LEONEL ORDAZ, ROBERT ORDAZ, HILDA PEDROZA, GABRIELA HERNANDEZ, MARIA MADERA, and JUAN PEDROZA, JR., re-allegesPlaintiffs reallege and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

73.50.At all times herein, PLAINTIFFS Plaintiffs MORENOORDAZ SR.DAVID and ORDAZ MORENO AND EDELMIRA RAMIREZ were the parents of DECEDENT DAVID ORDAZ JR., and had a loving relationship with their son, DECEDENT.

51.   At all times herein, PLAINTIFFSlaintiffs HILDA and PEDROZA, and GABRIELA HERNANDEZ, were the sisters of DECEDENT, DAVID ORDAZ JR., and had a long loving relationship with their brother, DECEDENT.

52.   At all times herein, Plaintiffs LEONEL and ROBERT were the brothers of DECEDENT, and had a long loving relationship with their brother, DECEDENT.

53.   At all times herein, Plaintiff JUAN was the nephew of DECEDENT, and had a long loving relationship with his uncle, DECEDENT.  He had a close bond with DECEDENT, and he lived in the same household with him. In the same household was MORENOORDAZ SR., RAMIREZ, LEONEL, and HILDA.

74.   ORDAZ SR.On March 14, 2021, at the time of the INCIDENT, PLAINTIFFS Plaintiffs MORENOORDAZ SR.DAVID, ORDAZ MORENO AND EDELMIRA RAMIREZ, LEONEL, ROBERT, HILDA, HERNANDEZ, JUAN were contemporaneously present in the front yard of their home (the scene of the INCIDENT) at the time the DECEDENT was standing in front home and was killed by DEFENDANTS DEPUTY DEFENDANTS.  Plaintiffs MORENOORDAZ SR., RAMIREZ, LEONEL, ROBERT, HILDA, HERNANDEZ, and JUAN PLAINTIFFS DAVID ORDAZ MORENO and

-23-

1    EDELMIRA RAMIREZ contemporaneously observed his DECEDENT'S death.

2         54.

3         75.   As a result of their contemporaneous observation of DECEDENT'Ss

4    injury and death, Plaintiffs MORENOORDAZ SR., RAMIREZ, LEONEL,

5    ROBERT, HILDA, HERNANDEZ, and JUAN PLAINTIFFS DAVID ORDAZ

6    MORENO and EDELMIRA RAMIREZ suffered severe emotional distress caused

7    by DEPUTY DEFENDANTS, who shot DECEDENT to death in front of their his

8    family.

9         55.   Plaintiffs seek compensatory damages for their severe emotional

10   distress on this claim.

11        56.   At all relevant times, DEPUTY DEFENDANTS were working as

12   sheriff's deputies for the COUNTY and were acting within the course and scope of

13   their duties as sheriff's deputies for the COUNTY.

14        57.   Defendant COUNTY is vicariously liable for the wrongful acts of

15   DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California

16   Government Code, which provides that a public entity is liable for the injuries

17   caused by its employees within the scope of the employment if the employee's act

18   would subject him or her to liability.

19        At all times herein, PLAINTIFFS HILDA PEDROZA, and GABRIELA

20   HERNANDEZ, were the sisters of DECEDENT DAVID ORDAZ JR., and

21   had a long loving relationship with their brother.

22        76.   On March 14, 2021, PLAINTIFFS HILDA PEDROZA and

23   GABRIELA HERNANDEZ were physically present in the front yard of the

24   family home and contemporaneously observed their brother DECEDENT

25   DAVID ORDAZ JR., killed before their eyes by DEFENDANTS.

26        77.   As a result of their contemporaneous observation of their brother,

27   DECEDENT's death, PLAINTIFFS HILDA PEDROZA and GABRIELA

28   HERNANDEZ suffered severe emotional distress caused by DEFENDANTS

-24-

1    who shot DECEDENT to death in front of their family.

2    78.   At all times herein, PLAINTIFFS LEONEL ORDAZ and

3 ROBERT ORDAZ, were the brothers of DECEDENT DAVID ORDAZ JR.,

4 and had a long loving relationship with their brother.

5    79.   On March 14, 2021, PLAINTIFFS LEONEL ORDAZ and

6 ROBERT ORDAZ were physically present in the front yard of the family home

7 and contemporaneously observed their brother DECEDENT DAVID ORDAZ

8 JR., killed before their eyes by DEFENDANTS.

9    80.   As a result of their contemporaneous observation of their brother,

10 DECEDENT's death, PLAINTIFFS LEONEL ORDAZ and ROBERT

11 ORDAZ suffered severe emotional distress caused by DEFENDANTS who shot

12 DECEDENT to death in front of their family.

13    81.   At all times herein, PLAINTIFF JUAN PEDROZA JR., was the

14 nephew of DECEDENT DAVID ORDAZ JR., and had a long loving

15 relationship with his uncle. He had a close bond with his DAVID ORDAZ, JR.,

16 decedent, and he lived in the same household with him, including his parents

17 EDELMIRA RAMIREZ and DAVID ORDAZ MORENO. In the same

18 household was MARIA MADERA and her children and his uncle LEONEL

19 ORDAZ and his mother HILDA PEDROZA.

20    82.   On March 14, 2021, PLAINTIFFS JUAN PEDROZA JR., was

21 physically present in the front yard of the family home and contemporaneously

22 observed his uncle DECEDENT DAVID ORDAZ JR., killed before his eyes by

23 DEFENDANTS.

24    83.   As a result of his contemporaneous observation of his uncle,

25 DECEDENT's death, PLAINTIFFS JUAN PEDROZA JR., suffered severe

26 emotional distress caused by DEFENDANTS who shot DECEDENT to death

27 in front of the family.

28    84.   At all times herein, PLAINTIFF MARIA MADERA, was the

mother of DECEDENT DAVID ORDAZ JR., nephews.  She was closely related to DAVID ORDAZ, JR., deceased.  She had a close bond with him and lived in the same household along with JUAN PEDROZA, parents of DAVID ORDAZ, JR., decedent, ELDELMIRA RAMIREZ and DAVID ORDAZ MORENO, her children JUAN PEDROZA, HILDA PEREZ PEDROZA and LEONEL PEDROZA, father of MARIA MADERA'S children.

85.   On March 14, 2021, PLAINTIFF MARIA MADERA was physically present in the front yard of the family home and contemporaneously observed the uncle of her children DECEDENT DAVID ORDAZ JR., killed before her eyes by DEFENDANTS.

86.   As a result of their contemporaneous observation of the uncle of her children, DECEDENT's death, PLAINTIFF MARIA MADERA suffered severe emotional distress caused by DEFENDANTS who shot DECEDENT to death in front of the family.

87.   Each and every one of the PLAINTIFFS above alleged in this cause of action suffered severe and long-lasting emotional distress and each one of them will need to consult a psychiatrist or psychologist because of the infliction of emotional distress caused by the actions of DEFENDANTS.

## THIRD CLAIM FOR RELIEF

## Battery (wrongful death and survival claim)

(By Plaintiffs EMILY, E.A.O., and D.O. III, against Defendants COUNTY, PINEDA, ROMERO, TRUJILLO, and NAVARRETE)

58.   On March 14, 2021, the four DEPUTY DEFENDANTS each fired lethal shots at DECEDENT, killing him.

59.   Prior to the shooting, other deputies working for the COUNTY deployed less-lethal force against DECEDENT, escalating the situation.

60.   The fatal shooting of DECEDENT was excessive, unreasonable, unnecessary and unjustified.  At the time of the shooting, DECEDENT posed no

immediate threat of death or serious bodily injury to any person.

61.   DEPUTY DEFENDANTS did not give DECEDENT a verbal warning that deadly force would be used.

62.   After DECEDENT had already been struck by lethal shots and was lying on the ground, ROMERO, TRUJILLO, and PINEDA continued to fire lethal shots at DECEDENT.  After ROMERO and TRUJILLO stopped firing, PINEDA fired four additional lethal rounds at the injured and unarmed DECEDENT.

63.   The shooting violated DEPUTY DEFENDANTS' training and basic police training. DEPUTY DEFENDANTS had other reasonable alternative measures to shooting, including giving a verbal warning that deadly force would be used, waiting for DECEDENT to comply with the less-lethal deployments, and deploying further less-lethal weapons if that were necessary.

64.   At the time of the shooting, the DEPUTY DEFENDANTS knew or should have known that DECEDENT was experiencing a mental health crisis, and should have employed their training with respect to handling situations involving a person who is mentally ill or experiencing a mental health crisis.

65.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pre-death pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered emotional distress and mental anguish.  Plaintiffs have also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

66.   The conduct of DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to DEPUTY DEFENDANTS.

67.     At all relevant times, DEPUTY DEFENDANTS were working as sheriff's deputies for the COUNTY and were acting within the course and scope of their duties as sheriff's deputies for the COUNTY.

68.     Defendant COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

69.     Plaintiffs EMILY, E.A.O., and D.O. III are DECEDENT'S successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT'S interest in this action as the natural children of DECEDENT.

70.     Plaintiffs EMILY, E.A.O., and D.O. III bring this claim individually and as successors in interest to DECEDENT, and in each case seek both wrongful death and survival damages under this claim.

**~~FOURTH CAUSE OF ACTION~~FOURTH CLAIM FOR RELIEF**

**FOURTH AMENDMENT – EXCESSIVE FORCE (42 U.S.C. § 1983)**

**~~VIOLATION OF TITLE 42 § 1983~~**

(By Plaintiffs EMILY, E.A.O., and D.O. III, against Defendants PINEDA, ROMERO, TRUJILLO, NAVARRETE~~By PLAINTIFFS against DEFENDANTS and/or DOES 1-50~~)

71.     Plaintiffs  ~~LAINTIFFSJAZMINE LUCILLE MORENO, E.A.O.., a minor, by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO, D.O. III, a minor, by and through his Guardian Ad Litem, JAZMINE LUCILLE MORENO, E.A.O., a minor, by and through her Guardian Ad Litem, THE ESTATE OF DAVID ORDAZ JR, by and through its successor in interest, JAZMINE LUCILLE MORENO, EDELMIRA RAMIREZ and DAVID ORDAZ MORENO~~

re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

72.    On March 14, 2021, the four DEPUTY DEFENDANTS each fired lethal shots at DECEDENT, killing him.

73.    Prior to the shooting, other deputies working for the COUNTY deployed less-lethal force against DECEDENT, escalating the situation.

74.    The fatal shooting of DECEDENT was unnecessary and unjustified. At the time of the shooting, DECEDENT posed no immediate threat of death or serious bodily injury to any person.

75.    DEPUTY DEFENDANTS did not give DECEDENT a verbal warning that deadly force would be used.

76.    After DECEDENT had already been struck by lethal shots and was lying on the ground, ROMERO, TRUJILLO, and PINEDA continued to fire lethal shots at DECEDENT.  After ROMERO and TRUJILLO stopped firing, PINEDA fired four additional lethal rounds at the injured and unarmed DECEDENT.

77.    The shooting violated DEPUTY DEFENDANTS' training and basic police training. DEPUTY DEFENDANTS had other reasonable alternative measures to shooting, including giving a verbal warning that deadly force would be used, waiting for DECEDENT to comply with the less-lethal deployments, and deploying further less-lethal weapons if that were necessary.

78.    At the time of the shooting, the DEPUTY DEFENDANTS knew or should have known that DECEDENT was experiencing a mental health crisis, and should have employed their training with respect to handling situations involving a person who is mentally ill or experiencing a mental health crisis. DEPUTY DEFENDANTS' unjustified shooting and other uses of force against DECEDENT deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth

Amendment.

79.     At all relevant times, DEPUTY DEFENDANTS were acting under color of law and in the performance of their official duties as COUNTY employees and COUNTY sheriff's deputies.

80.     As a result of their misconduct, including the shooting, DEPUTY DEFENDANTS are liable for DECEDENT'S injuries and death.

81.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, and he ultimately lost his enjoyment of life, his life, and his earning capacity.

82.     The conduct of DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to DEPUTY DEFENDANTS.

83.     Plaintiffs EMILY, E.A.O., and D.O. III bring this claim in each case as a successor-in-interest to DECEDENT, and seek survival damages under this claim.  Plaintiffs further seek attorney's fees and costs under this claim.

**FIFTH CLAIM FOR RELIEF**

**SUBSTANTIVE DUE PROCESS – INTERFERENCE WITH FAMILIAL RELATIONSHIP (42 U.S.C. § 1983, FOURTEENTH AMENDMENT)**

~~88.~~     (By Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, ~~MORENO~~ORDAZ SR. against Defendants PINEDA, ROMERO, TRUJILLO, NAVARRETE)

~~At~~

84.     Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of their Complaint with the same force and effect as if fully set forth herein.

85.     Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, and ~~MORENO~~ORDAZ SR. (DECEDENT'S children and parents) had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with DECEDENT.

86.     The actions of DEPUTY DEFENDANTS, as discussed herein, including DEPUTY DEFENDANTS shooting DECEDENT, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective. This includes, but is not limited to, shooting DECEDENT when he posed no immediate threat of death or serious bodily injury to any person.

87.     DEPUTY DEFENDANTS had time to deliberate before shooting DECEDENT and did deliberate before shooting him. There was no legitimate law enforcement purpose in shooting him.

88.     DEPUTY DEFENDANTS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT, their son, father, and domestic partner.

89.     As a direct and proximate cause of the acts of DEPUTY DEFENDANTS, including shooting DECEDENT, Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

90.     The conduct of DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of

DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to DEPUTY DEFENDANTS.

91.     Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, and MORENO ORDAZ SR. bring this claim in each case individually and seek wrongful death damages under this claim for the interference with Plaintiffs' familial relationship with DECEDENT.  Plaintiffs also seek attorney's fees and costs under this claim.

//

### SIXTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY – UNCONSTITUTIONAL CUSTOM OR POLICY (42 U.S.C. § 1983)

### (By Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, and MORENO ORDAZ SR. against Defendants COUNTY and SUPERVISOR DOES)

92.     Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of their Complaint with the same force and effect as if fully set forth herein.

93.     Defendants DEPUTY DEFENDANTS acted under color of law.

94.     When DEPUTY DEFENDANTS fatally shot DECEDENT, and engaged in other conduct alleged herein, DEPUTY DEFENDANTS acted pursuant to an expressly adopted official policy that was unconstitutional or a longstanding unconstitutional practice or custom of the Defendant COUNTY and SUPERVISOR DOES. This claim is based on Plaintiffs' claims for excessive force under the Fourth Amendment and interference with familial relationship under the Fourteenth Amendment.

95.     On information and belief, COUNTY and SUPERVISOR DOES had a long-standing custom or practice of consistently and repeatedly failing to

manage, supervise, review, investigate and monitor COUNTY deputies, including DEPUTY DEFENDANTS' field conduct, behavior, activities, and psychological profiles.

96.    As employers and supervisors, SUPERVISOR DOES owed DECEDENT and Plaintiffs a duty to manage, supervise, review, investigate and monitor DEPUTY DEFENDANTS' conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of their duties and employment as deputies for the COUNTY.

97.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

98.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, SUPERVISOR DOES acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT'S and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and SUPERVISOR DOES were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

99.    On information and belief, DEPUTY DEFENDANTS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT'S death.

100.   Accordingly, Defendants COUNTY and SUPERVISOR DOES each are liable to Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, and MORENOORDAZ SR. for compensatory damages under 42 U.S.C. § 1983.

101.   Plaintiffs EMILY, E.A.O., D.O. III, RAMIREZ, and MORENOORDAZ, SR. bring this claim individually and seek wrongful death

damages under this claim.  Plaintiffs EMILY, E.A.O., and D.O. III also bring this claim in each case as a successor-in-interest to DECEDENT, and also seek survival damages under this claim.  Plaintiffs also seek attorney's fees and costs under this claim.

all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF JAZMINE LUCILLE MORENO of her right to a relationship with her domestic partner.

### SEVENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

#### (By Plaintiffs EMILY, E.A.O., and D.O. III, against Defendants COUNTY, PINEDA, ROMERO, TRUJILLO, and NAVARRETE)

102.   Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

103.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights.  When they engaged in the conduct alleged herein, including shooting DECEDENT, DEPUTY DEFENDANTS intended to interfere with DECEDENT'S constitutional rights, did successfully interfere with DECEDENT'S constitutional rights, and also acted with reckless disregard for DECEDENT'S constitutional rights.

104.   DEPUTY DEFENDANTS intentionally committed and attempted to commit acts of violence against DECEDENT.  DEPUTY DEFENDANTS violently coerced and threatened DECEDENT when they pointed their weapons at

DECEDENT, and shot DECEDENT without warning, justification or excuse,. These actions by DEPUTY DEFENDANTS interfered with DECEDENT'S civil rights to be free from unreasonable searches and seizures, free from excessive force, the right to due process, to equal protection of the laws, and to be free from state actions that shock the conscience, and to life, liberty, and property.

105.   On information and belief, DEPUTY DEFENDANTS intentionally committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which she was fully entitled to enjoy.

106.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by DEPUTY DEFENDANTS were intended to discourage him from exercising his constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

107.   The conduct of DEPUTY DEFENDANTS was a substantial factor in causing DECEDENT'S and Plaintiffs' harms, losses, injuries, and damages.

108.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pre-death pain and suffering and ultimately died.

109.   The conduct of DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to DEPUTY DEFENDANTS.

110.   At all relevant times, DEPUTY DEFENDANTS were working as sheriff's deputies for the COUNTY and were acting within the course and scope of their duties as sheriff's deputies for the COUNTY.

111.   Defendant COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries

caused by its employees within the scope of the employment if the employee's act would subject him or her to liability

112.   Plaintiffs EMILY, E.A.O., and D.O. III are DECEDENT'S successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT'S interest in this action as the natural children of DECEDENT

113.   Plaintiffs EMILY, E.A.O., and D.O. III bring this claim as successors in interest to DECEDENT, and in each case seek survival damages under this claim.

89.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF EMILY ALYSSA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO of her right to a relationship with her father.

90.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF ERIAL ANDREA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO of her right to a relationship with her father.

91.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and

death and not to deprive PLAINTIFF DAVID ORDAZ III by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO of his right to a relationship with his father.

92.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF DAVID ORDAZ MORENO his right to a relationship with his son.

93.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his right to life as afforded to him under the Fourteenth Amendment of the United States Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF EDELMIRA RAMIREZ her right to a relationship with his son.

94.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF JAZMINE LUCILLE MORENO of her rights to have a relationship with her domestic partner.

95.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO of her rights to have a relationship with her father.

96.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in

the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO of her rights to have a relationship with her father.

97.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF DAVID ORDAZ III, a minor by and through her Guardian Ad Litem, JAZMINE LUCILLE MORENO of his rights to have a relationship with his father.

98.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF DAVID ORDAZ MORENO of his rights to have a relationship with his son.

99.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF EDELMIRA RAMIREZ of her rights to have a relationship with her son.

100.   While engaged in the aforementioned conduct, DEFENDANTS and/or DOES 1-50, and each of them, were acting under the color of law of a statute, ordinance, regulation, custom, or practice that regulates or governs DEFENDANTS and their employees.

101.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or

in the course and scope of his duties for DEFENDANTS.

102.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS.

103.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS.

104.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS.

105.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the United States Constitution.

106.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the United States Constitution.

107. DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the United States Constitution.

108. DEFENDANTS and/or DOES 1-50, and each of them, breached their duty of care owed to DECEDENT by failing to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S field conduct, behavior, activities, and psychological profile. DEFENDANTS failings were in direct violation of DECEDENTS' substantive rights under the United States Constitution.

109. DEFENDANTS' breach resulted in a direct violation of DECEDENTS' constitutional rights to be free from fear of bodily harm, assault, and mental and emotional distress.

110. DEFENDANTS failings amounted to a deliberate indifference to DECEDENTS' Constitutional rights because DEFENDANTS had actual or constructive notice that its failures were substantially certain to result in a violation of DECEDENTS' constitutional rights, but it consciously and deliberately choose to disregard the substantial risk of harm.

111. PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT PINEDA'S violations of DECEDENTS' constitutional rights under the Fourteenth Amendment. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and

1   repeatedly failing to manage, supervise, review, investigate and monitor

2   DEFENDANT PINEDA'S field conduct, behavior, activities, and

3   psychological profile with public citizens.

4   112.   PLAINTIFFS are informed and believe, and on such information

5   and belief allege that DEFENDANTS failure to manage, supervise, review,

6   investigate and monitor DEFENDANT NAVARRETE'S field conduct,

7   behavior, activities, and psychological profiles were not limited to

8   DEFENDANT NAVARRETE'S violations of DECEDENTS' constitutional

9   rights under the Fourteenth Amendment. Rather, PLAINTIFFS are informed

10  and believe, and on such information and belief allege that DEFENDANTS

11  and/or DOES 1-50, and each of them, had a long-standing custom or practice

12  of consistently and repeatedly failing to manage, supervise, review, investigate

13  and monitor DEFENDANT NAVARRETE'S field conduct, behavior,

14  activities, and psychological profile with public citizens.

15  113.   PLAINTIFFS are informed and believe, and on such information

16  and belief allege that DEFENDANTS failure to manage, supervise, review,

17  investigate and monitor DEFENDANT ROMERO'S field conduct, behavior,

18  activities, and psychological profiles were not limited to DEFENDANT

19  ROMERO'S violations of DECEDENTS' constitutional rights under the

20  Fourteenth Amendment. Rather, PLAINTIFFS are informed and believe, and

21  on such information and belief allege that DEFENDANTS and/or DOES 1-50,

22  and each of them, had a long-standing custom or practice of consistently and

23  repeatedly failing to manage, supervise, review, investigate and monitor

24  DEFENDANT ROMERO'S field conduct, behavior, activities, and

25  psychological profile with public citizens.

26  114.   PLAINTIFFS are informed and believe, and on such information

27  and belief allege that DEFENDANTS failure to manage, supervise, review,

28  investigate and monitor DEFENDANT TRUJILLO'S field conduct, behavior,

-41-

activities, and psychological profiles were not limited to DEFENDANT TRUJILLO'S violations of DECEDENTS' constitutional rights under the Fourteenth Amendment. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S field conduct, behavior, activities, and psychological profile with public citizens.

115.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, DECEDENT sustained severe physical injuries, which resulted in his death.

116.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a relationship with her domestic partner.

117.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a relationship with her father.

118.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a relationship with her father.

119.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem

1   JAZMINE LUCILLE MORENO suffered a violation of his civil rights in

2   having a relationship with his father.

3   120.   As a direct and proximate result of DEFENDANTS' conduct set

4   forth herein, including but not limited to prior paragraphs, PLAINTIFF

5   DAVID ORDAZ MORENO suffered a violation of his civil rights in having a

6   relationship with his son.

7   121.   As a direct and proximate result of DEFENDANTS' conduct set

8   forth herein, including but not limited to prior paragraphs, PLAINTIFF

9   EDELMIRA RAMIREZ suffered a violation of her civil rights in having a

10   relationship with her son.

11   122.   As a legal, direct, and proximate result of the aforementioned

12   conduct of the DEFENDANTS and/or DOES 1-50, and each of them,

13   PLAINTIFF JAZMINE LUCILLE MORENO lost the life of her domestic

14   partner and sustained damages in an amount that will be stated according to

15   proof, pursuant to California Code of Civil Procedure section 425.10.

16   123.   As a legal, direct, and proximate result of the aforementioned

17   conduct of the DEFENDANTS and/or DOES 1-50, and each of them,

18   PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her

19   Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of her

20   father and sustained damages in an amount that will be stated according to

21   proof.

22   124.   As a legal, direct, and proximate result of the aforementioned

23   conduct of the DEFENDANTS and/or DOES 1-50, and each of them,

24   PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her

25   Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of her

26   father and sustained damages in an amount that will be stated according to

27   proof.

28   125.   As a legal, direct, and proximate result of the aforementioned

-43-

conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of his father and sustained damages in an amount that will be stated according to proof.

126.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ MORENO lost the life of his son and sustained damages in an amount that will be stated according to proof.

127.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EDELMIRA RAMIREZ lost the life of her son and sustained damages in an amount that will be stated according to proof.

128.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF has sustained and is entitled to recover damages pursuant to California Code of Civil Procedure Section 377.60 et seq. and based upon all other applicable statutes and case law, including but not limited to pecuniary losses, losses of support, services, parental and filial training, education, love, assistance, protection, care, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

129.   PLAINTIFFS have been deprived of, among many others, (1) the value of lost financial and other support that DECEDENT would have contributed to his family and estate during his lifetime, (2) the value of the gifts and benefits that he would have bestowed upon her and that they reasonably expected to receive from him, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

130.   PLAINTIFFS are entitled to an award of attorney's fees, costs,

and expenses under 42 U.S.C. § 1988, due to DEFENDANT officers and
employees named as DOES violations of DECEDENT and PLAINTIFFS' civil
rights.

131. PLAINTIFFS are informed and believe, and thereon allege,
DEFENDANTS and/or DOES 1-50, and each of them, engaged in said
conduct with a conscious disregard of the dangers such conduct would and
did create for the rights and safety of DECEDENT. PLAINTIFFS are further
informed and believes, and thereon alleges that DEFENDANT PINEDA who
was employed, managed, supervised, trained, retained, and contracted by
DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in
despicable conduct and in conscious disregard of the rights, safety, and
welfare of DECEDENT. Said conduct of DEFENDANT PINEDA was
oppressive, despicable, highly reprehensible, and done in the conscious
disregard for the rights and safety of DECEDENT, and as such, warrants
imposition of punitive damages against DEFENDANTS.

132. PLAINTIFFS are informed and believe, and thereon allege,
DEFENDANTS and/or DOES 1-50, and each of them, engaged in said
conduct with a conscious disregard of the dangers such conduct would and
did create for the rights and safety of DECEDENT. PLAINTIFFS are further
informed and believes, and thereon alleges that DEFENDANT NAVARRETE
who was employed, managed, supervised, trained, retained, and contracted by
DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in
despicable conduct and in conscious disregard of the rights, safety, and
welfare of DECEDENT. Said conduct of DEFENDANT NAVARRETE was
oppressive, despicable, highly reprehensible, and done in the conscious
disregard for the rights and safety of DECEDENT, and as such, warrants
imposition of punitive damages against DEFENDANTS.

133. PLAINTIFFS are informed and believe, and thereon allege,

DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT ROMERO who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT ROMERO was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

134.   PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT TRUJILLO who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT TRUJILLO was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

135.   As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF JAZMINE LUCILLE MORENO may recover:

a.   Violation of DECEDENT'S constitutional rights under the

~~Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;~~

~~b. Loss of the life of her domestic partner, DAVID ORDAZ JR., including the value of his life to himself; and~~

~~c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.~~

~~136. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:~~

~~a. Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;~~

~~b. Loss of the life of her father, DAVID ORDAZ JR., including the value of his life to himself; and~~

~~c. Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.~~

~~137. As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:~~

~~a. Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the~~

deprivation of life and liberty;

b.   Loss of the life of her father, DAVID ORDAZ JR., including the value of his life to himself; and

c.   Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

138.   As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:

a.   Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

b.   Loss of the life of his father, DAVID ORDAZ JR., including the value of his life to himself; and

c.   Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

139.   As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF DAVID ORDAZ MORENO may recover:

a.   Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;

b.   Loss of the life of his son, DAVID ORDAZ JR., including the value of his life to himself; and

c. ~~Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.~~

~~140.   As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF EDELMIRA RAMIREZ may recover:~~

d. ~~Violation of DECEDENT'S constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from unreasonable injury and death of his person, and the deprivation of life and liberty;~~

e. ~~Loss of the life of her son, DAVID ORDAZ JR., including the value of his life to himself; and~~

f. ~~Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.~~

~~141.   As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JAZMINE LUCILLE MORENO suffered the following injuries, including but not limited to:~~

a. ~~Loss of love, aide, comfort, and society due to the death of her son, DECEDENT; and~~

b. ~~Loss of economic support from her domestic partner, DECEDENT.~~

~~142.   As a direct and proximate result of the actions of DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered the following injuries, including but not limited to:~~

a. ~~Loss of love, aide, comfort, and society due to the death of her father, DECEDENT; and~~

1    b. Loss of economic support from her father, DECEDENT.

2    143. As a direct and proximate result of the actions of DEFENDANTS

3    and/or DOES 1-50, and each of them, PLAINTIFF ERIAL ANDREA

4    ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE

5    LUCILLE MORENO suffered the following injuries, including but not

6    limited to:

7    a. Loss of love, aide, comfort, and society due to the death of her

8    father, DECEDENT; and

9    b. Loss of economic support from her father, DECEDENT.

10   144. As a direct and proximate result of the actions of DEFENDANTS

11   and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ III, a

12   minor by and through his Guardian Ad Litem JAZMINE LUCILLE

13   MORENO suffered the following injuries, including but not limited to:

14   a. Loss of love, aide, comfort, and society due to the death of his

15   father, DECEDENT; and

16   b. Loss of economic support from his father, DECEDENT.

17   145. As a direct and proximate result of the actions of DEFENDANTS

18   and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ

19   MORENO suffered the following injuries, including but not limited to:

20   a. Loss of love, aide, comfort, and society due to the death of his son,

21   DECEDENT; and

22   b. Loss of economic support from his son, DECEDENT.

23   146. As a direct and proximate result of the actions of DEFENDANTS

24   and/or DOES 1-50, and each of them, PLAINTIFF EDELMIRA RAMIREZ

25   suffered the following injuries, including but not limited to:

26   a. Loss of love, aide, comfort, and society due to the death of her son,

27   DECEDENT; and

28   b. Loss of economic support from her son, DECEDENT.

147.   The conduct of DEFENDANT'S officers and employees, names as DOES 1 through 50, was reckless and they acted with callous indifference to the federally protected rights of DECEDENT and PLAINTIFFS'. DEFENDANTS, its officers, and employees, and DOES 1 through 50, and each of them, engaged in despicable conduct by deliberate indifference and were malicious in their reckless and conscious disregard for the rights and individual safety of DECEDENT and PLAINTIFFS.

148.   PLAINTIFFS are entitled to punitive damages in accord with statutorily permitted limits to punish and make an example of the individual DEFENDANT officers and employees.

149.   PLAINTIFFS are entitled to an award of attorneys' fees, costs, and expense under 42 U.S.C. section1988 due to DEFENDANTS' officer's and employee's, named as DOES 1 through 50, violations of DECEDENT'S and PLAINTIFFS' Civil Rights.

//

//

**FIFTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CIVIL CODE § 51.7 "THE RALPH ACT"**

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-50)

150.   PLAINTIFFS re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

151.   Prior to the incident in question DAVID ORDAZ, JR. had two prior occasions where he was acting out in public, and the sheriff's department had been called on both of those occasions. The sheriff's department took him into custody and took him to a mental health facility. Because of the two prior occasions, the sheriff's department in this area knew that DAVID ORDAZ, JR, was Hispanic, knew that his family was Hispanic and that they came from a Hispanic area. The evidence will show that on multiple occasions similarly situated Caucasian

individuals were treated differently in that they were not killed by lethal force being exerted against them.  This occurred because DAVID ORDAZ, JR., his family was Hispanic and came from a Hispanic background.

152.   In addition to the foregoing, although the sheriff's deputies knew DAVID ORDAZ, JR. was Hispanic and his family was Hispanic, failed to call MET, which was the emergency medical team that would be called to deescalate situations for people who were physically in trouble.  They failed to call MET him because of DAVID ORDAZ, JR.'s national origin and race.  The evidence show that in other times that team was called by the sheriff's department for Caucasian individuals that were in the situation and that they were able to successfully deescalate the situation without lethal force being applied.

153.   Finally, the deputies in this situation knowing DAVID ORDAZ, JR.'s origins from a Hispanic family did not wait before using on lethal force to see its effects on DAVID ORDAZ, JR. and arrest him, but rather almost immediately fired lethal force and arrest without the use of lethal force, but rather killed him, putting a final shot when he was laying on the ground.

154.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF JAZMINE LUCILLE MORENO of her right to a relationship with her domestic partnerORDAZ, SR..

155.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF EMILY

ALYSSA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO of her right to a relationship with her father.

156.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF ERIAL ANDREA ORDAZ by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO of her right to a relationship with her father.

157.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF DAVID ORDAZ III by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO of his right to a relationship with his father.

158.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF DAVID ORDAZ MORENO his right to a relationship with his son.

159.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF EDELMIRA RAMIREZ her right to a relationship with his son.

160.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF LEONEL ORDAZ his right to a relationship with his brother.

161.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF ROBERT ORDAZ his right to a relationship with his brother.

162.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF HILDA PEDROZA her right to a relationship with her brother.

163.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not limited to, serious bodily harm and death and not to deprive PLAINTIFF GABRIELA HERNANDEZ her right to a relationship with her brother.

164.   At all times mentioned herein DEFENDANTS and/or DOES 1-50, and each of them, were under a duty not to deprive DECEDENT of his life by acts of violence because of his race and national origin under California Civil Code Section 51.7 "The Ralph Act" part of the California Constitution, including but not

1   ~~limited to, serious bodily harm and death and not to deprive PLAINTIFF JUAN~~

2   ~~PEDROZA JR., his right to a relationship with his uncle.~~

3   ~~165.   DEFENDANTS DOES 1 through 50, and each of them deprived~~

4   ~~DECEDENT of his right there under by engaging in conduct, as set forth in the~~

5   ~~prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF~~

6   ~~JAZMINE LUCILLE MORENO of her rights to have a relationship with her~~

7   ~~domestic partner.~~

8   ~~166.   DEFENDANTS DOES 1 through 50, and each of them deprived~~

9   ~~DECEDENT of his rights there under by engaging in conduct, as set forth in the~~

10  ~~prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF~~

11  ~~EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem,~~

12  ~~JAZMINE LUCILLE MORENO of her rights to have a relationship with her~~

13  ~~father.~~

14  ~~167.   DEFENDANTS DOES 1 through 50, and each of them deprived~~

15  ~~DECEDENT of his rights there under by engaging in conduct, as set forth in the~~

16  ~~prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF~~

17  ~~ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem,~~

18  ~~JAZMINE LUCILLE MORENO of her rights to have a relationship with her~~

19  ~~father.~~

20  ~~168.   DEFENDANTS DOES 1 through 50, and each of them deprived~~

21  ~~DECEDENT of his rights there under by engaging in conduct, as set forth in the~~

22  ~~prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF~~

23  ~~DAVID ORDAZ III, a minor by and through her Guardian Ad Litem, JAZMINE~~

24  ~~LUCILLE MORENO of his rights to have a relationship with his father.~~

25  ~~169.   DEFENDANTS DOES 1 through 50, and each of them deprived~~

26  ~~DECEDENT of his rights there under by engaging in conduct, as set forth in the~~

27  ~~prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF~~

28  ~~DAVID ORDAZ MORENO of his rights to have a relationship with his son.~~

170.   DEFENDANTS DOES 1 through 50, and each of them deprived DECEDENT of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in DECEDENT'S death and deprive PLAINTIFF EDELMIRA RAMIREZ of her rights to have a relationship with her son.

171.   While engaged in the aforementioned conduct, DEFENDANTS and/or DOES 1-50, and each of them, were acting under the color of law of a statute, ordinance, regulation, custom, or practice that regulates or governs DEFENDANTS and their employees who were engaging in acts of violence because of DECEDENT'S race and national origin.

172.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS and engaging in violent acts because of DECEDENT'S race and national origin.

173.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS and engaging in violent acts because of DECEDENT'S race and national origin.

174.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S conduct and behavior as so to prevent their employees from harming public citizens while acting under the color of law or in the course and scope of his duties for DEFENDANTS and engaging in violent acts because of DECEDENT'S race and national origin.

175.   As employers and supervisors, DEFENDANTS owed DECEDENT a duty to

manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S
conduct and behavior as so to prevent their employees from harming public
citizens while acting under the color of law or in the course and scope of his duties
for DEFENDANTS and engaging in violent acts because of DECEDENT'S race
and national origin.

176.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty
of care owed to DECEDENT by failing to manage, supervise, review, investigate
and monitor DEFENDANT PINEDA'S field conduct, behavior, activities, and
psychological profile. DEFENDANTS failings were in direct violation of
DECEDENTS' substantive rights under the California Constitution.

177.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty
of care owed to DECEDENT by failing to manage, supervise, review, investigate
and monitor DEFENDANT NAVARRETE'S field conduct, behavior, activities,
and psychological profile. DEFENDANTS failings were in direct violation of
DECEDENTS' substantive rights under the California Constitution.

178.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty
of care owed to DECEDENT by failing to manage, supervise, review, investigate
and monitor DEFENDANT ROMERO'S field conduct, behavior, activities, and
psychological profile. DEFENDANTS failings were in direct violation of
DECEDENTS' substantive rights under the California Constitution.

179.   DEFENDANTS and/or DOES 1-50, and each of them, breached their duty
of care owed to DECEDENT by failing to manage, supervise, review, investigate
and monitor DEFENDANT TRUJILLO'S field conduct, behavior, activities, and
psychological profile. DEFENDANTS failings were in direct violation of
DECEDENTS' substantive rights under the California Constitution.

180.   DEFENDANTS' breach resulted in a direct violation of
DECEDENTS' constitutional rights to be free from fear of bodily harm, assault,
and mental and emotional distress, and free from violent acts because of his race

and national origin.

181. DEFENDANTS failings amounted to a deliberate indifference to DECEDENTS' Constitutional rights because DEFENDANTS had actual or constructive notice that its failures were substantially certain to result in a violation of DECEDENTS' constitutional rights, but it consciously and deliberately chooses to disregard the substantial risk of harm.

182. PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT PINEDA'S violations of DECEDENTS' constitutional rights under California Civil Code Section 51.7 "The Ralph Act" and the California Constitution. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT PINEDA'S field conduct, behavior, activities, and psychological profile with public citizens.

183. PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT NAVARRETE'S violations of DECEDENTS' constitutional rights under California Civil Code Section 51.7 "The Ralph Act" and the California Constitution. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT NAVARRETE'S field conduct, behavior, activities, and psychological profile with public citizens.

184.    PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT ROMERO'S violations of DECEDENTS' constitutional rights under California Civil Code Section 51.7 "The Ralph Act" and the California Constitution. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT ROMERO'S field conduct, behavior, activities, and psychological profile with public citizens.

185.    PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS failure to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S field conduct, behavior, activities, and psychological profiles were not limited to DEFENDANT TRUJILLO'S violations of DECEDENTS' constitutional rights under California Civil Code Section 51.7 "The Ralph Act" and the California Constitution. Rather, PLAINTIFFS are informed and believe, and on such information and belief allege that DEFENDANTS and/or DOES 1-50, and each of them, had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor DEFENDANT TRUJILLO'S field conduct, behavior, activities, and psychological profile with public citizens.

186.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, DECEDENT sustained severe physical injuries, which resulted in his death.

187.    As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a

relationship with her domestic partner.

188.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a relationship with her father.

189.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO suffered a violation of her civil rights in having a relationship with her father.

190.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO suffered a violation of his civil rights in having a relationship with his father.

191.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF DAVID ORDAZ MORENO suffered a violation of his civil rights in having a relationship with his son.

192.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF EDELMIRA RAMIREZ suffered a violation of her civil rights in having a relationship with her son.

193.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF LEONEL ORDAZ suffered a violation of his civil rights in having a relationship with his brother.

194.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF ROBERT ORDAZ suffered a violation of his civil rights in having a relationship with his brother.

195.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF HILDA PEDROZA suffered a violation of her civil rights in having a relationship with her brother.

196.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF GABRIELA HERNANDEZ suffered a violation of her civil rights in having a relationship with her brother.

197.   As a direct and proximate result of DEFENDANTS' conduct set forth herein, including but not limited to prior paragraphs, PLAINTIFF JUAN PEDROZA JR., suffered a violation of his civil rights in having a relationship with his uncle.

198.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JAZMINE LUCILLE MORENO lost the life of her domestic partner and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

199.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EMILY ALYSSA ORDAZ,  a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO lost the life of her father and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

200.   As a legal, direct, and proximate result of the aforementioned conduct of the

DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF ERIAL
ANDREA ORDAZ,  a minor by and through her Guardian Ad Litem JAZMINE
LUCILLE MORENO lost the life of her father and sustained damages in an
amount that will be stated according to proof, pursuant to California Code of Civil
Procedure section 425.10.

201.   As a legal, direct, and proximate result of the aforementioned conduct of the
DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID
ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE
MORENO lost the life of his father and sustained damages in an amount that will
be stated according to proof, pursuant to California Code of Civil Procedure
section 425.10.

202.   As a legal, direct, and proximate result of the aforementioned conduct of the
DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF DAVID
ORDAZ MORENO lost the life of his son and sustained damages in an amount
that will be stated according to proof, pursuant to California Code of Civil
Procedure section 425.10.

203.   As a legal, direct, and proximate result of the aforementioned conduct of the
DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF EDELMIRA
RAMIREZ lost the life of her son and sustained damages in an amount that will be
stated according to proof, pursuant to California Code of Civil Procedure section
425.10.

204.   As a legal, direct, and proximate result of the aforementioned conduct of the
DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF LEONEL
ORDAZ lost the life of his brother and sustained damages in an amount that will
be stated according to proof, pursuant to California Code of Civil Procedure
section 425.10.

205.   As a legal, direct, and proximate result of the aforementioned conduct of the
DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF ROBERT

ORDAZ lost the life of his brother and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

206.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF HILDA PEDROZA lost the life of her brother and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

207.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF GABRIELA HERNANDEZ lost the life of her brother and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

208.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF JUAN PEDROZA JR., lost the life of his uncle and sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

209.   As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS and/or DOES 1-50, and each of them, PLAINTIFF has sustained and is entitled to recover damages pursuant to California Civil Code Section 51.7, and based upon all other applicable statutes and case law, including but not limited to pecuniary losses, losses of support, services, parental and filial training, education, love, assistance, protection, care, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

210.   PLAINTIFFS have been deprived of, among many others, (1) the value of lost financial and other support that DECEDENT would have contributed

to his family and estate during his lifetime, (2) the value of the gifts and benefits that he would have bestowed upon her and that they reasonably expected to receive from him, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that DECEDENT would have provided.

211.   PLAINTIFFS are entitled to an award of attorney's fees, costs, and expenses under California Civil Code Section. § 51.7, et seq., due to DEFENDANT officers and employees named as DOES violations of DECEDENT and PLAINTIFFS' civil rights.

212.   **PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT PINEDA who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT PINEDA was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.**

213.   **PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT NAVARRETE who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and**

-64-

welfare of DECEDENT. Said conduct of DEFENDANT NAVARRETE was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

214.   PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT ROMERO who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT ROMERO was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

215.   PLAINTIFFS are informed and believe, and thereon allege, DEFENDANTS and/or DOES 1-50, and each of them, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of DECEDENT. PLAINTIFFS are further informed and believes, and thereon alleges that DEFENDANT TRUJILLO who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS and/or DOES 1-50, acted with malice in that he engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of DECEDENT. Said conduct of DEFENDANT TRUJILLO was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECEDENT, and as such, warrants imposition of punitive damages against DEFENDANTS.

216.   As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF JAZMINE LUCILLE MORENO may recover:

a.   Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b.   Loss of the life of her domestic partner, DAVID ORDAZ JR., including the value of his life to himself; and

c.   Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

217.   As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF EMILY ALYSSA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:

a.   Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b.   Loss of the life of her father, DAVID ORDAZ JR., including the value of his life to himself; and

c.   Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

218.   As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF ERIAL ANDREA ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:

a.  Violation of DECEDENT'S constitutional rights the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b.  Loss of the life of her father, DAVID ORDAZ JR., including the value of his life to himself; and

c.  Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

219.  As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF DAVID ORDAZ III, a minor by and through his Guardian Ad Litem JAZMINE LUCILLE MORENO may recover:

a.  Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b.  Loss of the life of his father, DAVID ORDAZ JR., including the value of his life to himself; and

c.  Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

220.  As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF DAVID ORDAZ MORENO may recover:

a.  Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b.  Loss of the life of his son, DAVID ORDAZ JR., including the value of his life to himself; and

c.  Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

221.  As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF EDELMIRA RAMIREZ may recover:

a.  Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b.  Loss of the life of her son, DAVID ORDAZ JR., including the value of his life to himself; and

c.  Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

222.  As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF LEONEL ORDAZ may recover:

a.  Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b.  Loss of the life of his brother, DAVID ORDAZ JR., including the value of his life to himself; and

c.  Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

223.  As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF ROBERT ORDAZ may recover:

a.  Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and

-68-

death of his person, and the deprivation of life and liberty;

b.  Loss of the life of his brother, DAVID ORDAZ JR., including the value of his life to himself; and

c.  Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

224.  As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF HILDA PEDROZA may recover:

a.  Violation of DECEDENT'S constitutional rights under the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b.  Loss of the life of her brother, DAVID ORDAZ JR., including the value of his life to himself; and

c.  Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

225.  As a direct and proximate result of the conduct of DEFENDANTS and/or DOES 1-50, and each of them, DECEDENT suffered the following injuries and damages for which PLAINTIFF GABRIELA HERNANDEZ may recover:

a.  Violation of DECEDENT'S constitutional rights the California Civil Code Section 51.7 to be free from violent acts and death of his person, and the deprivation of life and liberty;

b.  Loss of the life of her brother, DAVID ORDAZ JR., including the value of his life to himself; and

c.  Conscious physical pain, suffering and emotional trauma from the time of the incident to the time of his death.

226.  As a direct and proximate result of the conduct of DEFENDANTS

1  and/or DOES 1-50, and each of them, DECEDENT suffered the following

2  injuries and damages for which PLAINTIFF JUAN PEDROZA, JR., may

3  recover:

4  a.  Violation of DECEDENT'S constitutional rights under the

5  California Civil Code Section 51.7 to be free from violent acts and

6  death of his person, and the deprivation of life and liberty;

7  b.  Loss of the life of his uncle, DAVID ORDAZ JR., including the

8  value of his life to himself; and

9  c.  Conscious physical pain, suffering and emotional trauma from the

10  time of the incident to the time of his death.

11  227.  As a direct and proximate result of the actions of DEFENDANTS

12  and/or DOES 1-50, and each of them, PLAINTIFF JAZMINE LUCILLE

13  MORENO suffered the following injuries, including but not limited to:

14  a.  Actual damages sufficient to reasonably compensate PLAINTIFF

15  JAZMINE LUCILLE MORENO.

16  b.  A civil penalty of $25,000.

17  c.  Punitive damages.

18  228.  As a direct and proximate result of the actions of DEFENDANTS

19  and/or DOES 1-50, and each of them, PLAINTIFF EMILY ALYSSA

20  ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE

21  LUCILLE MORENO suffered the following injuries, including but not

22  limited to:

23  a.  Actual damages sufficient to reasonably compensate PLAINTIFF

24  EMILY ALYSSA ORDAZ, a minor by and through her Guardian

25  Ad Litem JAZMINE LUCILLE MORENO

26  b.  A civil penalty of $25,000.

27  c.  Punitive damages.

28  229.  As a direct and proximate result of the actions of DEFENDANTS

-70-

1  and/or DOES 1-50, and each of them, PLAINTIFF EMILY ALYSSA

2  ORDAZ, a minor by and through her Guardian Ad Litem JAZMINE

3  LUCILLE MORENO suffered the following injuries, including but not

4  limited to:

5  a. Actual damages sufficient to reasonably compensate PLAINTIFF

6  ERIAL ANDREA ORDAZ, a minor by and through her

7  Guardian Ad Litem JAZMINE LUCILLE MORENO

8  b. A civil penalty of $25,000

9  c. Punitive damages.

10  230. As a direct and proximate result of the actions of DEFENDANTS

11  and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ III, a

12  minor by and through his Guardian Ad Litem JAZMINE LUCILLE

13  MORENO suffered the following injuries, including but not limited to:

14  a. Actual damages sufficient to reasonably compensate PLAINTIFF

15  DAVID ORDAZ III, a minor by and through his Guardian Ad

16  Litem JAZMINE LUCILLE MORENO

17  b. A civil penalty of $25,000.

18  c. Punitive damages.

19  231. As a direct and proximate result of the actions of DEFENDANTS

20  and/or DOES 1-50, and each of them, PLAINTIFF DAVID ORDAZ

21  MORENO suffered the following injuries, including but not limited to:

22  a. Actual damages sufficient to reasonably compensate PLAINTIFF

23  DAVID ORDAZ MORENO.

24  b. A civil penalty of $25,000.

25  c. Punitive damages.

26  232. As a direct and proximate result of the actions of DEFENDANTS

27  and/or DOES 1-50, and each of them, PLAINTIFF EDELMIRA RAMIREZ

28  suffered the following injuries, including but not limited to:

a.  Actual damages sufficient to reasonably compensate PLAINTIFF
EDELMIRA RAMIREZ.

b.  A civil penalty of $25,000.

c.  Punitive damages.

233.  The conduct of DEFENDANT'S officers and employees, names as
DOES 1 through 50, was reckless and they acted with callous indifference to
the federally protected rights of DECEDENT and PLAINTIFFS'.
DEFENDANTS, its officers, and employees, and DOES 1 through 50, and
each of them, engaged in despicable conduct by deliberate indifference and
were malicious in their reckless and conscious disregard for the civil rights
and individual safety of DECEDENT and PLAINTIFFS.

234.  PLAINTIFFS are entitled to punitive damages in accord with
statutorily permitted limits to punish and make an example of the individual
DEFENDANT officers and employees.

235.  PLAINTIFFS are entitled to an award of attorneys' fees, costs,
and expense under California Civil Code Section 51.7, and 52 et seq., due to
DEFENDANTS' officer's and employee's, named as DOES 1 through 50,
violations of DECEDENT'S and PLAINTIFFS' Civil Rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and
against Defendants as follows:

A.   For compensatory damages, including both survival damages
and wrongful death damages under federal and state law, in the
amount to be proven at trial;

B.   For funeral and burial expenses, and loss of financial support;

C.   For punitive damages against the individual defendants in an
amount to be proven at trial;

D.   For interest;

-72-

E.      For reasonable attorneys' fees, including litigation expenses;

F.      For costs of suit;

G.      For such further other relief as the Court may deem just, proper, and appropriate.**PRAYER FOR DAMAGES**

DATED: December 21, 2023~~December 21, 2023November 22, 2023~~

LAW OFFICES OF DALE K. GALIPO

/s/ Dale K. Galipo
Dale K. Galipo
*Attorneys for Plaintiffs*

DATED: December 21, 2023~~December 21, 2023November 22, 2023~~

CARRILLO LAW FIRM LLP

/s/ Luis Carrillo
Luis Carrillo
Michael Carrillo
*Attorneys for Plaintiffs*

~~WHEREFORE, PLAINTIFFS as the successor in interest of DECEDENT, hereby prays for judgment against DEFENDANTS and/or DOES 1-50, and each of them, as follows:~~

~~1.      General damages for PLAINTIFFS, for conscious physical pain, suffering and emotional trauma during the incident of March 14, 2021, through DECEDENT'S death in an amount according to proof;~~

~~2.      The loss of the value of DECEDENT'S life to himself, recoverable by PLAINTIFFS;~~

~~3.      For PLAINTIFFS, Loss of love, aid, comfort, and society due to the death of DECEDENT, according to proof;~~

4. For PLAINTIFFS, Loss of economic support from DECEDENT in an amount according to proof at the time of trial;

5. For PLAINTIFFS, Funeral, and burial expenses according to proof;

6. For PLAINTIFFS, DECEDENT'S medical bills incurred attempting to save his life;

7. Punitive damages to punish and make an example of the DOE officers and employees, in an amount according to proof at the time of trial;

8. For other general damages in an amount according to proof at trial;

9. For other special damages in an amount according to proof at trial;

10. For pre-judgment and post-judgment interest;

11. For legal/attorneys, expenses, and costs under 42 U.S.C. section 1988;

12. For injunctive relief;

13. For actual damages;

14. A civil penalty of $25,000 to all PLAINTIFFS under California Civil Code Section          51.7 and 52, et seq.;

15. For Punitive damages, and

16. For such other and further relief as the Court may deem just proper.

Dated: March 14, 2022

ADAMSON AHDOOT LLP


By: /s/ FEDERICO C. SAYRE
FEDERICO C. SAYRE, Esq.
Attorneys for Plaintiffs

## DEMAND FOR TRIAL BY JURY

~~PLAINTIFFS~~ Plaintiffs hereby demand a trial by jury as to all causes of action.


DATED: December 21, 2023~~December 21, 2023~~~~November 22, 2023~~          LAW OFFICES OF DALE K. GALIPO

/s/ Dale K. Galipo
Dale K. Galipo
*Attorneys for Plaintiffs*


DATED: December 21, 2023~~December 21, 2023~~~~November 22, 2023~~          CARRILLO LAW FIRM LLP

/s/ Luis Carrillo
Luis Carrillo
Michael Carrillo
*Attorneys for Plaintiffs*


~~Dated: March 14, 2022                         ADAMSON AHDOOT LLP~~

~~By: /s/ FEDERICO C. SAYRE~~
~~FEDERICO C. SAYRE, Esq.~~
~~Attorneys for Plaintiffs~~