**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (Bar No. 144074)
Renee V. Masongsong (Bar No. 281819)
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Fax: (818) 347-4118

**CARRILLO LAW FIRM LLP**
Luis A. Carrillo (Bar No. 70398)
Michael S. Carrillo (Bar No. 258878)
Dominique L. Boubion (Bar No. 336915)
1499 Huntington Drive Suite 402
South Pasadena, CA 91030
Telephone: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EMILY ORDAZ; D.O. III, a minor, by and through his Guardian *Ad Litem*, Monica Moreno; E.A.O., a minor, by and through her Guardian *Ad Litem*, Monica Moreno; DAVID ORDAZ, SR.; EDELMIRA RAMIREZ; LEONEL ORDAZ; ROBERT ORDAZ; HILDA PEDROZA; GABRIELA HERNANDEZ; JUAN PEDROZA, JR.; and JAZMINE LUCILLE MORENO,

Plaintiffs,

v.

COUNTY OF LOS ANGELES, a public entity, REMIN PINEDA, an individual; EDWIN NAVARRETE, an individual; JAIME ROMERO, an individual; NATHANIEL TRUJILLO; an individual; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:21-cv-06062-FMO-E

*Assigned for All Purposes to: Hon. Judge Fernando M. Olguin*

**UNOPPOSED *EX PARTE* PETITION FOR ORDER APPROVING MINORS' COMPROMISE AND DISBURSEMENT OF SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL S. CARRILLO AND EXHIBITS; DECLARATION OF MONICA MORENO IN SUPPORT THEREOF; DECLARATION OF JAZMINE LUCILLE MORENO IN SUPPORT THEREOF; AND [PROPOSED] ORDER**

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT:**

Petitioner Monica Moreno, Guardian *Ad Litem* for the minor Plaintiffs D.O. III and E.A.O., by and through Plaintiffs' counsel, the Carrillo Law Firm, LLP and the Law Offices of Dale Galipo, will and hereby does petition this Court, *Ex Parte*, for an Order Approving the settlement of the claims of the minor Plaintiffs and the distribution of the settlement funds.

Petitioner makes this application under Federal Rule of Civil Procedure 17(c)(2), Local Rule 83-5.1, Local Rule 83-5.3, and California Code of Civil Procedure 372. The grounds for this application are set forth in the attached Memorandum of Points and Authorities and the Declarations of Michael S. Carrillo, Monica Moreno, and Jazmine Lucille Moreno.

Prior to filing this *Ex Parte* petition, Plaintiffs' counsel contacted defense counsel in compliance with Local Rule 7-19 through 7-19.1. Defense counsel is:

Jill Williams, Esq.
Scott Carpenter, Esq.
CARPENTER ROTHANS AND DUMONT LLP
500 South Grand Avenue 19th Floor
Los Angeles, CA 90071
Tel: 213-228-0400 / Fax: 213-228-0401
Emails: jwilliams@crdlaw.com, scarpenter@crdlaw.com
Attorneys for Defendants COUNTY OF LOS ANGELES, JAIME ROMERO, EDWIN NAVARRETE, AND NATHANIEL TRUJILLO

Laura E. Inlow, Esq.
COLLINSON, DAEHNKE, INLOW & GRECO
21515 Hawthorne Blvd., Suite 800
Torrance, CA 90503
Tel: (424) 212-7777 / Fax: (424) 212-7757
Email: laura.inlow@cdiglaw.com
Attorneys for Defendant REMIN PINEDA

On September 30, 2026, Plaintiffs' counsel contacted defense counsel to inquire if they would oppose the filing of this petition and Jill Williams, Esq., and Laura E. Inlow, Esq., stated that they do not oppose the filing of this petition and take no position on the settlement monies between Plaintiffs and their counsel. See, Declaration of Michael S. Carrillo in Support of Unopposed *Ex Parte* Application for Approval of Minors' Compromise ("Carrillo Decl.") at ¶ 3.

The reason for seeking approval of the minor's compromise on an *Ex Parte* basis is due to the annuity purchase date currently set for December 28, 2026, which has been selected for the minor Plaintiffs by their Guardian *Ad Litem*.

Respectfully submitted,

**DATED:** October 14, 2026

**CARRILLO LAW FIRM, LLP**

By: ________________________
Luis A. Carrillo
Michael S. Carrillo
Dominique L. Boubion
*Attorneys for Plaintiffs*

**DATED:** October 14, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: ________________________
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs*

# PETITION FOR APPROVAL OF MINOR'S COMPROMISE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Petitioner Monica Moreno, Guardian *Ad Litem* for the minor Plaintiffs D.O. III and E.A.O., hereby submits a proposed order for approval of the minor's compromise in this matter, and requests that the Court approve the proposed distribution of settlement funds for the benefit of the minor Plaintiffs D.O. III and E.A.O.

The instant claims of the Plaintiffs arise out of the fatal shooting of David Ordaz, Jr., the minors' father, and other uses of force against him on March 14, 2021, by deputy sheriffs working for the County of Los Angeles ("Defendant"), all of which occurred in front of the Plaintiffs' family residence. Plaintiffs alleged that David Ordaz Jr.'s death occurred as a result of Defendant's excessive, unreasonable, unnecessary and unjustified shooting and other uses of force. Defendant's employees failed to act in an adequate and reasonable manner; used lethal force against David Ordaz, Jr., when there was no immediate threat of death or serious bodily injury; failed to apprehend him without using unjustifiable and unreasonable lethal force; carelessly and negligently managed the apprehension of David Ordaz Jr. so as to legally, directly, and proximately cause the fatal shooting; escalated the situation where they knew or should have known that he was experiencing a mental crisis; engaged in pre-shooting negligent tactics.

The Minor Plaintiffs specifically alleged the following claims: (1) Negligence (wrongful death and survival); (2) Battery (wrongful death and survival); (3) Excessive Force (42 U.S.C. §1983 and the Fourth Amendment); (4) Substantive Due Process, Interference with Familial Relationship (42 U.S.C. § 1983 and the Fourteenth Amendment); (5) Unconstitutional Custom (42 U.S.C. § 1983 and Monell); and (6) Violation of California Civil Code §52.1 (Bane Act).

The Plaintiffs in this action are Decedent's children, EMILY ORDAZ, D.O.

III and E.A.O., the latter two minors appearing by and through their Guardian *Ad Litem*, Monica Moreno; his parents, DAVID ORDAZ, SR. and EDELMIRA RAMIREZ; his siblings, LEONEL ORDAZ, ROBERT ORDAZ, HILDA PEDROZA, and GABRIELA HERNANDEZ; his nephew, JUAN PEDROZA, JR.; and his partner, JAZMINE LUCILLE MORENO.

The parties reached a settlement following mediation with the Honorable Joseph Biderman (Ret.), pursuant to which Defendants agreed to pay a total of Twelve Million Five Hundred Thousand Dollars ($12,500,000) to resolve Plaintiffs' claims. Plaintiffs, including the Guardian *Ad Litem* for the minor Plaintiffs, submitted the matter to Richard Copeland, Esq., for an independent allocation of the gross settlement proceeds. After reviewing the facts and damages associated with each Plaintiff's claims, Mr. Copeland recommended that the gross settlement proceeds be allocated as follows:

- EMILY ORDAZ and her attorneys: $2,543,520
- D.O. III and his attorneys: $2,543,520
- E.A.O. and her attorneys: $2,543,520
- DAVID ORDAZ, SR. and his attorneys: $1,043,520
- EDELMIRA RAMIREZ and her attorneys: $1,043,520
- HILDA PEDROZA and her attorneys: $543,520
- GABRIELA HERNANDEZ and her attorneys: $543,520
- LEONEL ORDAZ and his attorneys: $543,520
- ROBERT ORDAZ and his attorneys: $543,520
- JUAN PEDROZA and his attorneys: $543,520
- JAZMINE MORENO and her attorneys: $64,800

Local Rule 83-5.1 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or

incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384." These provisions require court approval and incorporate additional rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952."

Petitioner hereby provides and discloses the required information in this memorandum and the attached Declaration of Michael S. Carrillo.

## II. DISCUSSION

### A. Procedural Framework

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c) to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian *ad litem* - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." FED R. CIV. P. 17(c). In general, all transactions involving the claims of minors and their proceeds are subject to court approval.

The Local Rules provide the applicable procedural framework. Local Rule 17-1.2 provides that no claim involving a minor "shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle compromise or dismiss a claim in action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384." These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952." Finally, Local Rule 17-1.5 provides that in all cases involving the claims of minors, "the Court shall fix the

amount of attorney's fees."

The minor Plaintiffs and their Guardian *Ad Litem*, propose to use the minors' portion of the award to purchase an annuity which will distribute the money over time with interest, with guaranteed payments.

Accordingly, pursuant to the above Local Rule, Petitioner and Plaintiffs' counsel make the following disclosure and request that the Court approve the following transactions:

**B. Disclosures pursuant to California Rule of Court 7.950**

(1) Petitioner Monica Moreno is the maternal grandmother and court-appointed Guardian *Ad Litem* for minor Plaintiffs D.O. III and E.A.O.

(2) The minor claimants are Plaintiffs D.O. III and E.A.O.

(3) D.O. III is a male and is 14 years old (DOB 03/08/2012). E.A.O. is a female and is 16 years old (DOB: 06/03/2010).

(4) The nature of the Plaintiffs' claims is set forth in the operative Second Amended Complaint filed in this action (Dkt #148).

(5) The minor Plaintiffs' claims and damages arise from the loss of their father's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, support, and guidance. The minor Plaintiffs also claim survival damages on behalf of Decedent, including damages for his loss of life, loss of enjoyment of life, and pre-death pain and suffering. Carrillo Decl. ¶ 10.

(6) The claimants do not have any outstanding medical billing related to any medical treatment they received in connection with this case and therefore, medical costs are not an issue. *Id*. at ¶ 11.

(7) Defendants agreed to pay a total of $12,500,000 to settle Plaintiffs' claims. The gross settlement proceeds are allocated among Plaintiffs as follows:

- EMILY ORDAZ and her attorneys: $2,543,520
- D.O. III and his attorneys: $2,543,520

- E.A.O. and her attorneys: $2,543,520
- DAVID ORDAZ, SR. and his attorneys: $1,043,520
- EDELMIRA RAMIREZ and her attorneys: $1,043,520
- HILDA PEDROZA and her attorneys: $543,520
- GABRIELA HERNANDEZ and her attorneys: $543,520
- LEONEL ORDAZ and his attorneys: $543,520
- ROBERT ORDAZ and his attorneys: $543,520
- JUAN PEDROZA and his attorneys: $543,520
- JAZMINE MORENO and her attorneys: $64,800

(8) Plaintiffs' counsel request approval of attorney's fees equal to 40 percent of each minor Plaintiff's $2,543,520 gross settlement allocation, or $1,017,408 per minor Plaintiff, for total attorney's fees of $2,034,816. Carrillo Decl. ¶ 14; Monica Moreno Decl. ¶¶ 5, 8, 10. The contingency fee agreement executed by Plaintiffs' Guardian *Ad Litem* provides for a 40 percent attorney's fee. Carrillo Decl. ¶¶ 26-27; Monica Moreno Decl. ¶¶ 2, 8. The minor Plaintiffs were previously represented by Adamson Ahdoot LLP and are currently represented by the Carrillo Law Firm, LLP and the Law Offices of Dale K. Galipo as co-counsel. The division of the approved attorney's fees between prior counsel and current counsel has not yet been determined. Carrillo Decl. at ¶ 14. Any such division will be made from the attorney's fees approved by the Court and will not increase the fees deducted from the minor Plaintiffs' settlement proceeds. *Id*.

(9) Current counsel, the Carrillo Law Firm, LLP and the Law Offices of Dale K. Galipo, have advanced $144,087.47 in litigation costs in connection with this action. Carrillo Decl. ¶ 16, Ex. A. Plaintiffs' prior counsel, Adamson Ahdoot LLP, has provided an account ledger reflecting $103,616.16 in charges that it characterizes as costs advanced during its representation of Plaintiffs. *Id.* ¶ 17, Ex.

B. Of that amount, $56,862.42 reflects conventional litigation expenses, including expert retainers, mediation fees, court reporter and transcript charges, filing and service fees, and records costs. *Id.* Current counsel disputes that the remaining $46,753.74 constitutes recoverable litigation costs. That amount includes $16,482.50 in fees for legal services rendered by another law firm; $16,288.31 in interest on bank financing obtained by prior counsel; $11,840.53 in advances with undetermined relation to this action; and $2,142.40 in publicity, client-intake, and miscellaneous charges. *Id.* Prior counsel's claim has not been resolved, and Plaintiffs do not ask the Court to determine the nature, reasonableness, or recoverability of any amount claimed by prior counsel. Solely to ensure that the minor Plaintiffs' net recoveries are not overstated, Plaintiffs have included the full amount claimed by prior counsel in calculating those recoveries. Total litigation costs of $247,703.63 are allocated among Plaintiffs on a pro rata basis according to each Plaintiff's gross settlement allocation. *Id.* ¶ 15. Accordingly, $50,403.13 in litigation costs is allocated to each minor Plaintiff's $2,543,520.00 gross settlement recovery. That amount consists of $29,319.15 in costs advanced by current counsel and $21,083.98 attributable to the amount claimed by prior counsel. Carrillo Decl. ¶¶ 15-17; Monica Moreno Decl. ¶¶ 5, 9-10. Each minor Plaintiff's $21,083.98 share of the amount claimed by prior counsel will be held in the Ordaz-Moreno QSF, the qualified settlement fund administered by Flatirons Bank. It will not be disbursed to prior counsel except pursuant to a written agreement among prior counsel, current counsel, and the Guardian *Ad Litem*. Any portion not paid to prior counsel will be deposited into a blocked account for the benefit of that minor Plaintiff, with no withdrawals without further order of the Court until the minor reaches the age of eighteen. Any fee owed to prior counsel for the reasonable value of its services, including legal services performed by other attorneys at its request, will be paid from the attorneys' fees approved herein and will not reduce the minor Plaintiffs' net recoveries. The contingency fee and the

$144,087.47 in costs advanced by current counsel are the amounts that the Carrillo Law Firm, LLP and the Law Offices of Dale K. Galipo are due under the existing retainer agreements. Carrillo Decl. ¶¶ 26-27.

(10) This case involved substantial risk and was vigorously litigated by Plaintiffs' counsel. *Id.* ¶ 34-39. The Carrillo Law Firm, LLP and the Law Offices of Dale Galipo undertook the representation of Plaintiffs on a contingency basis, assuming the risk that they would receive no compensation for their time and efforts if the litigation was unsuccessful. *Id.* ¶ 36. A fully compensatory contingency fee is necessary to enable counsel to undertake complex, high-risk litigation of this nature and to ensure that plaintiffs such as D.O. III and E.A.O. are able to obtain competent counsel capable of prosecuting their claims through resolution. *Id.* ¶ 36. In the professional opinion of Plaintiffs' counsel, the $12.5 million settlement, including gross allocations of $2,543,520 to each minor Plaintiff, represents an extremely favorable and fair outcome under the facts and circumstances of this case. *Id.*

(11) In summary, each minor Plaintiff has been allocated $2,543,520 in gross settlement proceeds. After deduction of the requested contingency attorney's fees and each minor Plaintiff's pro rata share of litigation costs, D.O. III and E.A.O. will each receive net settlement proceeds of $1,475,708.87. The total payout that D.O. III will receive through the annuity is $3,773,913.56. The total payout that E.A.O. will receive through the annuity is $3,473,258.65. Carrillo Decl. ¶ 18; Monica Moreno Decl. ¶ 11. The entirety of each minor Plaintiff's net recovery will be used to fund a guaranteed structured settlement annuity providing monthly payments to Monica Moreno for the benefit of each minor until the age of majority, and scheduled payments directly to the minor thereafter. Carrillo Decl. ¶¶ 18-20; Monica Moreno Decl. ¶¶ 11-15; Jazmine Lucille Moreno Decl. ¶¶ 4, 9-12

The proposed structured settlement annuities for D.O. III and E.A.O. are

described in **Exhibit C (Plaintiff E.A.O.)** and **Exhibit D (Plaintiff D.O. III)** to the Carrillo Declaration. Pursuant to the terms of the respective annuities, the minor Plaintiffs will receive the following payments:

| | **D.O. III** | **E.A.O.** |
|---|---|---|
| To Monica Moreno FBO minor ($1,500/mo) | $55,500.00 | $24,000.00 |
| Annual payments ($50,000 × 5) | $250,000.00 | $250,000.00 |
| Monthly payments ($3,000, $5,000, $7,000 tiers) | $1,212,000.00 | $1,212,000.00 |
| Lump sums | $2,256,413.56 | $1,987,258.65 |
| **Total guaranteed payout** | **$3,773,913.56** | **$3,473,258.65** |
| Present cost | $1,475,708.87 | $1,475,708.87 |

The Guardian *Ad Litem*, Monica Moreno, and minor Plaintiffs' mother, Jazmine Lucille Moreno, believe that this is in the best interests of the minor Plaintiffs. Monica Moreno Decl. ¶¶ 5; Jazmine Lucille Moreno Decl. ¶¶ 4.11,14.

The Petitioner, as Guardian *Ad Litem*, has no claim against the minor Plaintiffs in connection with the subject incident. Monica Moreno Decl. at ¶ 18.

(12) California Welfare and Institutions Code Section 14124.73 does not apply.

**C. Disclosures pursuant to California Rule of Court 7.951**

(1) This petition was prepared by attorney Michael S. Carrillo (California Bar Number 258878), of the Carrillo Law Firm, LLP, located at 1499 Huntington Drive, Suite 402, South Pasadena, California 91030, representing the minor Plaintiffs D.O. III and E.A.O. Carrillo Decl. at ¶ 1.

(2) Neither Michael S. Carrillo, the Carrillo Law Firm, LLP, nor the Law Offices of Dale Galipo was retained or became involved in this matter at the request

or referral of any party against whom the minor Plaintiffs' claims are asserted. *Id.* at ¶ 21.

(3) Michael S. Carrillo and the Carrillo Law Firm, LLP, and the Law Offices of Dale Galipo represent the minor Plaintiffs D.O. III and E.A.O. in this matter but are not employed by any other party or any insurance carrier involved in the matter. *Id*. at ¶ 22.

(4) Michael S. Carrillo and the Carrillo Law Firm, LLP, and the Law Offices of Dale Galipo have not received any compensation for their services in connection herewith from any person. *Id*. at ¶ 23.

(5) The Carrillo Law Firm, LLP and the Law Offices of Dale Galipo do not expect to receive any additional compensation for its services in connection with this case other than the contingency fees set forth herein and agreed to pay for Plaintiffs D.O. III and E.A.O. as well as the 40 percent contingency fees to be paid for representing the other Plaintiffs. *Id*. at ¶ 24.

(6) Michael S. Carrillo and the Carrillo Law Firm, LLP, and the Law Offices of Dale Galipo accepted this engagement for a contingency fee, plus reimbursement for any litigation costs advanced. *Id*. at ¶ 26-27. The retainer agreements provide for a 40 percent attorney fee. *Id.* The retainer agreement between the minor Plaintiffs and Plaintiffs' prior counsel also provides for reimbursement for any litigation costs advanced, and 40 percent attorney fee. Prior counsel's claim for costs is addressed in paragraph (9) above. *Id.*

**D. Movant's Endorsement**

Petitioner has participated in a careful and diligent inquiry and investigation into the facts and circumstances giving rise to the minor Plaintiffs' claims, the parties responsible, and the nature and extent of the minors' injuries. Petitioner understands the transactions proposed in this Petition and requests that the Court approve them. Carrillo Decl. ¶ 28; Monica Moreno Decl. ¶ 4.

Petitioner believes that the proposed settlement and distribution of proceeds

are fair, reasonable, and in the best interests of the minor Plaintiffs. Monica Moreno Decl. ¶¶ 5, 17; see also Jazmine Lucille Moreno Decl. ¶¶ 4, 14. Accordingly, Petitioner recommends approval of the proposed transactions and requests that the Court approve this Petition and enter such other and further orders as the Court deems just and proper. Monica Moreno Decl. ¶ 16.

Petitioner further requests that the Court approve the proposed structured settlement annuities described in Exhibits C and D to the Carrillo Declaration. Monica Moreno Decl. ¶¶ 11-15; see also Jazmine Lucille Moreno Decl. ¶¶ 9-12. On behalf of each minor Plaintiff, Defendant County of Los Angeles will pay $1,475,708.87 directly to Athene Qualified Assignment Corporation to purchase a structured settlement annuity issued by Athene Annuity and Life Company, which is rated A+ (Superior) by A.M. Best. Beginning March 1, 2027, and continuing until each minor reaches the age of majority, monthly payments of $1,500.00 will be made to Monica Moreno for the benefit of each minor. Thereafter, beginning at age 18, periodic payments and guaranteed lump sums will be made directly to each minor Plaintiff in the amounts and on the schedules set forth in Exhibit C (Plaintiff E.A.O.) and Exhibit D (Plaintiff D.O.III).

These monthly payments are necessary to provide for the minor Plaintiffs' ongoing needs during their minority, including their share of housing, food, clothing, and other household expenses; educational expenses; and mental health counseling and therapy to help them cope with the loss of their father. Monica Moreno Decl. ¶ 12; Jazmine Lucille Moreno Decl. ¶ 10. The minor Plaintiffs reside with their mother, Jazmine Lucille Moreno, who supports the proposed monthly payments. Jazmine Lucille Moreno Decl. ¶ 10. Ms. Monica Moreno has attested that she will use the payments solely for the minors' benefit, including by paying their expenses directly or contributing toward their share of household expenses in their mother's home; that she will maintain records of all expenditures; and that she will provide an accounting to the Court upon request. Monica Moreno Decl. ¶ 12.

Other than these monthly payments, the minor Plaintiffs may not obtain funds from the annuities before they reach the age of majority. Monica Moreno Decl. ¶ 15; Jazmine Lucille Moreno Decl. ¶ 12.

Also submitted for the Court's review are a specimen Structured Settlement Annuity Contract issued by Athene Annuity and Life Company, the A.M. Best credit report reflecting Athene Annuity and Life Company's A+ (Superior) financial strength rating, and the Structured Settlement Guarantee, attached to the Carrillo Declaration as Exhibits E, F, and G, respectively.

**E. Attorney's Fees and Minor Plaintiffs**

Local Rule 17-1.5 provides that, in all cases involving the claims of minors, "the Court shall fix the amount of attorney's fees." See also Local Rule 83-5.3 (identical rule effective June 1, 2012, superseded by current rule).

Plaintiffs' counsel request approval of attorney's fees equal to 40 percent of each minor Plaintiff's gross settlement allocation, consistent with the applicable contingency fee agreement. Carrillo Decl. ¶¶ 14, 26-27; Monica Moreno Decl. ¶¶ 2, 5, 8, 10. The requested fee represents the total attorney's fee to be deducted from the minor Plaintiffs' settlement proceeds. The minor Plaintiffs were previously represented by Adamson Ahdoot LLP and are currently represented by the Carrillo Law Firm, LLP and the Law Offices of Dale K. Galipo as co-counsel. The division of the approved attorney's fees between prior counsel and current co-counsel has not yet been determined. Any such division will be made from the attorney's fees approved by the Court and will not increase the fees deducted from, or otherwise affect the net recoveries of, the minor Plaintiffs. No determination regarding the allocation of attorney's fees among counsel is sought by this Petition.

In *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011), the district court rejected a proposed settlement under conditions where 56 percent of the total settlement value was allocated to attorneys' fees. The Ninth Circuit reversed on the grounds that "the district court's special duty to protect minor plaintiffs requires

only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." The Ninth Circuit remanded for consideration of whether the minors' recoveries were fair and reasonable, without regard to the amount of attorneys' fees. This holding suggests that 56 percent of the total recovery being allocated to attorneys' fees is not per se disallowed. Here, by contrast, Plaintiffs' counsel seek 40 percent of each minor Plaintiff's gross settlement allocation, leaving each minor Plaintiff a net recovery of $1,475,708.87. Additionally, the court must consider the outcome of similar cases to determine whether the sum is reasonable. *Id* at 1181.

Here, both the substantial net recoveries secured for D.O. III and E.A.O. and the circumstances of the litigation support approval of the reasonable attorneys' fees sought in this case. *See also Nephew v. Santa Rosa Mem'l Hosp.,* No. 15-CV-01684-JSC, 2015 WL 5935337, at *3 (N.D. Cal. Oct. 13, 2015) ("requested 33% attorneys' fee award is reasonable in light of the signed contingency agreement"); *Caldwell v. Boeing Co.,* No. 14CV2636-BEN KSC, 2015 WL 4199986, at *2 (S.D. Cal. July 9, 2015) ("Under Robidoux, the Court is not required to conduct an inquiry into the reasonableness of attorneys' fees"); *Gill v. Macy's Corp. Servs.,* No. 1:12-CV-01985-AWI, 2013 WL 4478898, at *2 (E.D. Cal. Aug. 19, 2013) (approving a similar transaction that involved paying one portion of the total recovery to finance an annuity for the minor plaintiff, the remainder to plaintiff's attorneys); *Reyes v. City of Pinole*, No. C 12-2636 LB, 2013 WL 3157902, at *2 (N.D. Cal. June 20, 2013) (approving a settlement, "half of which is allocated for attorneys' fees"); *McCue v. S. Fork Union Sch. Dist.*, No. 1:10-CV-00233-LJO, 2012 WL 2995666, at *7 (E.D. Cal. July 23, 2012) (a contingency fee of 40 percent might be justified); *Arriaga v. Target Corp.*, No. CIV. S-10-1167 LKK, 2012 WL 1720503, at *1 (E.D. Cal. May 15, 2012) (settlement of $275,000, with distribution of $109,519.97 to minor and $165,480.03 to attorneys).

The minor Plaintiffs are currently represented by the Carrillo Law Firm, LLP and the Law Offices of Dale K. Galipo as co-counsel. Michael Carrillo, Luis Carrillo, and Dale K. Galipo collectively have more than 90 years of litigation experience, including extensive experience litigating and trying cases involving law enforcement use of force, civil rights violations, catastrophic injury, and wrongful death. Mr. Galipo alone has prevailed in more than 100 jury trials. Plaintiffs' counsel's experience in these cases and work product resulted in an extremely favorable result for all Plaintiffs, including D.O. III and E.A.O. Carrillo Decl. ¶ 34. The minor Plaintiffs' claims involved substantial risk and complex issues of law and fact, and were vigorously litigated. Carrillo Decl. ¶ 35. Defendants denied liability throughout the litigation and retained experts to support their defenses. *Id.* The case presented significant legal and factual challenges, including claims arising under the Fourth and Fourteenth Amendments, as well as substantial defenses to liability and damages. *Id.* The Carrillo Law Firm, LLP and the Law Offices of Dale K. Galipo brought extensive experience in civil rights, wrongful death, and law enforcement use of force litigation to the prosecution of this action. *Id.* Despite the risks and complexity of the case, current counsel successfully prosecuted the matter through settlement, resulting in a $12.5 million resolution and gross allocations of $2,543,520 to each minor Plaintiff. *Id.* In the professional judgment of current counsel, the settlement represents an extremely favorable result for D.O. III and E.A.O. given the facts, risks, and circumstances of the case.

Plaintiffs' current counsel, including Luis A. Carrillo, Michael S. Carrillo, and Dominique L. Boubion of the Carrillo Law Firm, LLP, and Dale K. Galipo and Renee V. Masongsong of the Law Offices of Dale K. Galipo, devoted substantial time, effort, and attention to the strategy, prosecution and resolution of this action. Plaintiffs' current counsel prepared for and appeared at least six depositions and worked with four retained experts.

In connection with discovery, Plaintiffs' current counsel reviewed and

analyzed more than 1,000 pages of written discovery, more than 60 hours of video footage, and over 1,000 photographs. *Id.* ¶ 38.

Plaintiffs retained four experts to address issues anticipated for trial, including a police-practices expert, a forensic pathologist, a biomechanical engineer, and a Certified Forensic Video Technician. *Id.* ¶ 39. Plaintiffs' current counsel devoted substantial time to working with each expert, including reviewing evidence, addressing expert issues, and preparing the case for trial. *Id.*

Plaintiffs' current counsel also devoted substantial time and professional attention to preparing for and participating in two separate mediation sessions with the Honorable Joseph Biderman (Ret.). Each mediation required counsel to thoroughly evaluate the case, including the pleadings, discovery, damages, liability issues, expert evidence, and other pertinent materials. Counsel also participated extensively in the mediation sessions themselves, including engaging in settlement negotiations, evaluating Defendants' positions, communicating with the mediator, addressing issues arising during negotiations, and advising Plaintiffs regarding settlement considerations and potential resolution.

The contingent nature of this litigation further supports approval of the contractual fee. Plaintiffs' current counsel undertook substantial risk by devoting significant attorney time, expertise, and resources to a matter in which compensation depended upon achieving a successful result. Carrillo Decl. ¶ 26, 36. Complex civil rights litigation of this nature is costly, time-intensive, and inherently uncertain. If courts routinely reduced negotiated contingency fees after counsel successfully obtained substantial recoveries, experienced attorneys would face a significant disincentive to undertake similarly difficult and high-risk cases on behalf of minor civil rights plaintiffs. The availability of a fully compensatory contingency fee is therefore important to ensuring that minors whose constitutional rights have been violated can obtain experienced counsel capable of litigating such claims against well-resourced defendants. *Id.*

Accordingly, Plaintiffs' counsel respectfully request approval of the full amount of their attorney's fee and costs, without reduction. The requested fee is supported by the substantial risks of the litigation, the complexity of the claims and defenses, the experience of current counsel, the amount and nature of the work performed, the contingent nature of the representation, and, most importantly, the exceptionally favorable recovery obtained for the minor Plaintiffs. The requested fee is also consistent with fees previously approved in comparable matters identified in the Declaration of Michael S. Carrillo. *Id.* ¶¶ 40-42. Petitioner therefore requests that the Court approve the contractual attorney's fee as reasonable under the circumstances of this case.

## III. CONCLUSION

For the reasons above, the Court should approve the proposed settlement of the minors' claim and enter the proposed disbursement orders submitted concurrently herewith.

Respectfully submitted,

**DATED:** October 14, 2026

**CARRILLO LAW FIRM, LLP**

By: ______________________
Luis A. Carrillo
Michael S. Carrillo
Dominique L. Boubion
*Attorneys for Plaintiffs*

**DATED:** October 14, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs*