**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (Bar No. 144074)
Renee V. Masongsong (Bar No. 281819)
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Fax: (818) 347-4118

**CARRILLO LAW FIRM LLP**
Luis A. Carrillo (Bar No. 70398)
Michael S. Carrillo (Bar No. 258878)
Dominique L. Boubion (Bar No. 336915)
1499 Huntington Drive Suite 402
South Pasadena, CA 91030
Telephone: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EMILY ORDAZ; D.O. III, a minor, by and through his Guardian Ad Litem, Monica Moreno; E.A.O., a minor, by and through her Guardian Ad Litem, Monica Moreno; DAVID ORDAZ, SR.; EDELMIRA RAMIREZ; LEONEL ORDAZ; ROBERT ORDAZ; HILDA PEDROZA; GABRIELA HERNANDEZ; JUAN PEDROZA, JR.

Plaintiffs,

v.

COUNTY OF LOS ANGELES, a public entity, REMIN PINEDA, an individual; EDWIN NAVARRETE, an individual; JAIME ROMERO, an individual; NATHANIEL TRUJILLO; an individual; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:21-cv-06062-FMO-E

*Assigned for All Purposes to:*
*Hon. Judge Fernando M. Olguin*

**DECLARATION OF MONICA MORENO IN SUPPORT OF PETITION TO APPROVE MINOR'S COMPROMISE AND DISBURSEMENT OF SETTLEMENT FUNDS**



Doc ID: 03ba3036903d5da8fdd72cae3bd9609e628a1858

## DECLARATION OF MONICA MORENO

I, MONICA MORENO, have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of the above application on behalf of minor Plaintiffs D.O. III and E.A.O.

1. On August 14, 2023, I, Monica Moreno, maternal grandmother of the minor Plaintiffs D.O. III and E.A.O., signed an agreement to retain the Carrillo Law Firm, LLP to represent her grandchildren, D.O. III and E.A.O., in this case. On October 18, 2023, this Court ordered that I, Monica Moreno, be appointed as Guardian *Ad Litem* for the minor Plaintiffs D.O. III and E.A.O.

2. Prior to signing the written retainer agreement, the Carrillo Law Firm attorneys thoroughly reviewed its contents, including the 40% contingency fee and its advancement of costs that would later be deducted from the amounts recovered. I was also provided a copy of the signed retainer agreement, which stated in bold, typeface print that if there is no recovery of money damages, there are no attorney's fees and costs owed to attorneys.

3. Throughout the course of the litigation, I was provided case updates by the Carrillo Law Firm. After vigorous litigation, the Carrillo Law Firm and the Law Offices of Dale K. Galipo were able to obtain a fair and favorable result.

4. I have helped make a careful and diligent inquiry as to the facts relating to the incident giving rise to minor Plaintiffs D.O. III and E.A.O.'s claims, the parties responsible for the incident, and the nature, extent and seriousness of D.O. III and E.A.O.'s injuries.

5. I approved the settlement on behalf of the minors, D.O. III and E.A.O. I also approved the advanced litigation costs and forty-percent attorney's fees sought in this matter. I believe this settlement is in the best interests of the minors D.O. III and E.A.O.

6. I understand that the gross amount of the settlement that the


Doc ID: 03ba3036903d5da8fdd72cae3bd9609e628a1858

Defendants agreed to pay is $12,500,000. Of the $12,500,000 gross settlement amount, the distribution shall be as follows:

- EMILY ORDAZ and her attorneys: $2,543,520
- D.O. III and his attorneys: $2,543,520
- E.A.O. and her attorneys: $2,543,520
- DAVID ORDAZ, SR. and his attorneys: $1,043,520
- EDELMIRA RAMIREZ and her attorneys: $1,043,520
- HILDA PEDROZA and her attorneys: $543,520
- GABRIELA HERNANDEZ and her attorneys: $543,520
- LEONEL ORDAZ and his attorneys: $543,520
- ROBERT ORDAZ and his attorneys: $543,520
- JUAN PEDROZA and his attorneys: $543,520
- JAZMINE MORENO and her attorneys: $64,800

7. I approved the allocated settlement amount that is to be paid to minors D.O. III and E.A.O.

8. I further understand that Plaintiffs D.O. III and E.A.O.'s counsel, the Carrillo Law Firm, LLP and the Law Offices of Dale Galipo, are requesting, for each minor, the attorney fees of 40 percent of the $2,543,520 in gross settlement proceeds that will be distributed to the minors, totaling $2,034,816. The contingency retainer agreement executed by me as Guardian Ad Litem for D.O. III and E.A.O. and the Carrillo Law Firm, LLP and the Law Offices of Dale K. Galipo provides for a 40 percent contingency fee.

9. I also understand that the Carrillo Law Firm, LLP and the Law Offices of Dale K. Galipo seek approval of the litigation costs allocated to Plaintiffs D.O. III and E.A.O., totaling $100,806.26 for both minors. That amount consists of $58,638.30 in costs advanced by the Carrillo Law Firm, LLP and the Law Offices of Dale K. Galipo and $42,167.96 attributable to costs claimed by the minors' prior counsel, Adamson Ahdoot LLP. I am aware that the total amount of litigation costs


Doc ID: 03ba3036903d5da8fdd72cae3bd9609e628a1858

for this case was $247,703.63 and of that total, Plaintiff EMILY ORDAZ will be paying $50,403.13, Plaintiffs DAVID ORDAZ, SR. and EDELMIRA RAMIREZ will be paying $20,678.70 each, Plaintiffs LEONEL ORDAZ, ROBERT ORDAZ, HILDA PEDROZA, GABRIELA HERNANDEZ and JUAN PEDROZA, JR. will be paying $10,770.55 each, and Jazmine Lucille Moreno will be paying $1,284.09, which represents the percentage share of costs relative to the percentage of settlement received.

10. I understand and endorse the Carrillo Law Firm, LLP and the Law Offices of Dale Galipo's requested fee of 40 percent for minor Plaintiffs D.O. III and E.A.O. in the total amount of $2,034,816 and costs in the total amount of $58,638.30, to be paid from the total settlement amount, as said contingency fee and advanced litigation costs would be due under the existing retainer agreement that I signed on behalf of D.O. III and E.A.O. all of which were thoroughly explained to me at the time I signed the retainer and at the time of settlement. I understand that current counsel disputes that all of the amounts claimed by prior counsel are recoverable litigation costs. I understand and agree that each minor's $21,083.98 share of the amount claimed by prior counsel will be held in the Ordaz-Moreno QSF and will not be paid to prior counsel except pursuant to a written agreement among prior counsel, current counsel, and me, as Guardian Ad Litem; that any portion not paid to prior counsel will be deposited into a blocked account for the benefit of that minor, with no withdrawals without further order of the Court until the minor reaches the age of eighteen; and that any fee owed to prior counsel will be paid from the attorney's fees approved by the Court and will not reduce the minors' net recoveries.

11. After deducting the agreed-upon contingency attorney fees and litigation costs, I understand that the total net settlement due to each minor Plaintiff, D.O. III and E.A.O., is $1,475,708.87. On behalf of Plaintiffs D.O. III and E.A.O., I propose that the entire net amount for each minor be used to fund a guaranteed


Doc ID: 03ba3036903d5da8fdd72cae3bd9609e628a1858

structured settlement annuity. Defendant County of Los Angeles and/or its insurer will pay $1,475,708.87 on behalf of each minor Plaintiff directly to Athene Qualified Assignment Corporation to purchase a structured settlement annuity issued by Athene Annuity and Life Company, which is rated A+ (Superior) by A.M. Best. Pursuant to the Terms and Conditions of the Annuities, the following periodic payments will be made:

**Annuity for E.A.O. (purchase price $1,475,708.87):**

Payee: Monica Moreno, for the benefit of E.A.O.

- $1,500.00 payable monthly, guaranteed for 1 year and 4 months, beginning March 1, 2027 (age 16)

Payee: E.A.O.

- $50,000.00 payable annually, guaranteed for 5 years, beginning at age 18
- $3,000.00 payable monthly, guaranteed for 2 years, beginning at age 23
- $5,000.00 payable monthly, guaranteed for 5 years, beginning at age 25
- $7,000.00 payable monthly, guaranteed for 10 years, beginning at age 30
- $50,000.00 guaranteed lump sum, payable at age 22
- $300,000.00 guaranteed lump sum, payable at age 25
- $500,000.00 guaranteed lump sum, payable at age 30
- $500,000.00 guaranteed lump sum, payable at age 35
- $637,258.65 guaranteed lump sum, payable at age 40

**Annuity for D.O. III (purchase price $1,475,708.87):**

Payee: Monica Moreno, for the benefit of D.O. III

- $1,500.00 payable monthly, guaranteed for 3 years and 1 month, beginning March 1, 2027 (age 14)

<u>Payee: D.O. III</u>

- $50,000.00 payable annually, guaranteed for 5 years, beginning at age 18
- $3,000.00 payable monthly, guaranteed for 2 years, beginning at age 23
- $5,000.00 payable monthly, guaranteed for 5 years, beginning at age 25
- $7,000.00 payable monthly, guaranteed for 10 years, beginning at age 30
- $50,000.00 guaranteed lump sum, payable at age 22
- $500,000.00 guaranteed lump sum, payable at age 25
- $500,000.00 guaranteed lump sum, payable at age 30
- $500,000.00 guaranteed lump sum, payable at age 35
- $706,413.56 guaranteed lump sum, payable at age 40

(*See* Exhibit C (E.A.O.) and Exhibit D (D.O. III) attached to the Carrillo Declaration, Terms and Conditions of the Annuities for the minor Plaintiffs, which are incorporated herein in their entirety by reference.)

12. The monthly payments of $1,500.00 will be paid to me, as Guardian *Ad Litem*, for the benefit of each minor, beginning March 1, 2027, and continuing until each minor reaches the age of majority. D.O. III and E.A.O. currently reside with their mother, Jazmine Lucille Moreno, in Los Angeles County, California. These monthly payments are necessary to meet the minors' ongoing needs during their minority, including their share of housing, food, clothing, and other household expenses; educational expenses, such as school supplies, uniforms, tutoring, and extracurricular activities; and mental health counseling and therapy to help them cope with the loss of their father. I will use these payments solely for the care, support, education, and well-being of D.O. III and E.A.O., including by paying their expenses directly or contributing toward their share of household expenses in their

mother's home, and not for my own or anyone else's personal expenses.

13. I believe that this is in the best interests of the Plaintiffs D.O. III and E.A.O.

14. I request that the Court approve the purchase of the annuities for the benefit of minors D.O. III and E.A.O. through Athene Qualified Assignment Corporation, with the annuities to be issued by Athene Annuity and Life Company, at a cost of $1,475,708.87 for each minor.

15. I understand, acknowledge, and agree that, other than the monthly payments of $1,500.00 to be made to me for the benefit of each minor until they reach the age of majority, D.O. III and E.A.O. may not obtain funds from the annuities before they reach the age of majority, 18 years old.

16. I understand that I am not entitled to any portion of the minors' settlement funds, that such funds belong completely to the minors D.O. III and E.A.O., and that any monthly payments I receive on their behalf must be used exclusively for their benefit.

17. I have read the Unopposed Application for Approval of Compromise of the claims of D.O. III and E.A.O. and agree that the transactions and proposed distribution to D.O. III and E.A.O. are fair, reasonable, and in their best interests. I further request that the Court approve my Petition and make such other and further orders as may be just and reasonable.

18. I have no known or foreseeable interests adverse to the interests of D.O. III and E.A.O. I have no claims against the minor Plaintiffs in connection with the subject incident.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: 10 / 12 / 2026

[signature]

MONICA MORENO



Doc ID: 03ba3036903d5da8fdd72cae3bd9609e628a1858